LIONEL SAWYER & COLLINS
SAMUEL S. LIONEL, Bar #1766
TODD KENNEDY, Bar #6014
300 So. 4th Street #1700
Las Vegas, Nevada 89101
Telephone: (702) 383-8884: Fax: 383-8845
slionel@lionelsawyer.com
tkennedy@lionelsawyer.com

MILLER KORZENIK SOMMERS LLP
DAVID S. KORZENIK
488 Madison Avenue #1120
New York, New York 10022-5702
Telephone: (212) 752-9200

LEOPOLD, PETRICH & SMITH, P.C.
DANIEL M. MAYEDA
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
dmayeda@lpsla.com

Attorneys for Defendants
FRANKIE VALLI, ROBERT J. GAUDIO, MARSHALL
BRICKMAN, ERIC S. ELICE, DES McANUFF, DSHT, INC.
and DODGER THEATRICALS, LTD.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA CORBELLO, an individual<br><br>Plaintiff,<br><br>v.<br><br>THOMAS GAETANO DEVITO, an individual; FRANKIE VALLI, an individual; ROBERT J. GUADIO, an individual; MARSHALL BRICKMAN, an individual; ERIC S. ELICE a/k/a/ RICK ELICE, an individual; DES McANUFF, an individual; DSHT, INC. (formerly, DODGER STAGE HOLDING THEATRICALS, INC.), a Delaware corporation; and DODGER THEATRICALS, LTD., a New York corporation,<br><br>Defendants. | CASE NO.: 2:08-cv-00867-RCJ-PAL<br><br>ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS FRANKIE VALLI, ROBERT J. GAUDIO, MARSHALL BRICKMAN, ERIC S. ELICE, DES McANUFF, DSHT, INC. and DODGER THEATRICALS, LTD. |

1

Defendants FRANKIE VALLI, ROBERT J. GAUDIO, MARSHALL BRICKMAN, ERIC S. ELICE, DES McANUFF, DSHT, INC. and DODGER THEATRICALS, LTD. (collectively "Answering Defendants"), for themselves and for no other defendant, in response to the First Amended Complaint ("Complaint") of Plaintiff Donna Corbello ("Plaintiff"), admits, alleges and denies as indicated specifically below.

### Preliminary Statement Concerning the Complaint

Preliminarily, answering Defendants aver that the 181-paragraph 66-page Complaint is neither "simple, concise [nor] direct" as Fed. R. Civ. P. 8 requires. It is replete with complex, compound, discursive and run-on sentences, many of which a) assume other facts and legal conclusions, b) imply facts in a vague, indirect and unclear manner, c) incorporate and assume other allegations, d) offer opinions and evaluations about alleged facts, and e) state legal conclusions, interweave legal conclusions with statements of fact and opine on the legal significance of various documents -- often in an argumentative rather that factual way. The Complaint consists of a substantial number of irrelevant contentions that go well beyond a concise statement of the requisite elements of its claims. As a result, it is virtually impossible for Answering Defendants to provide a straight-forward answer to the Complaint. Nevertheless, Answering Defendants have made a good faith attempt to respond to Plaintiff's factual allegations to the extent they are clear and reasonably susceptible to admission or denial. But plaintiff's discursive, multiple compound, vague, implied and argumentative contentions place an unfair burden on Defendants and their ability to precisely and cleanly admit or deny or otherwise answer the expansive allegations of the Complaint. There is simply too much ambiguity, confusion, uncertainty and vagueness as to what the allegations in the complaint specifically mean. This objection applies to the Complaint generally and to each of its lengthy paragraphs. It is incorporated into each of Defendants' responses below.

## BASIS FOR FEDERAL JURISDICTION

1. Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 1 of the Complaint.

## THE PARTIES

2. Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 2 of the Complaint.

3. Deny that the musical production JERSEY BOYS used and/or adapted Plaintiff's alleged unpublished, biographical work regarding Tommy DeVito ("DeVito") and the pop group, The Four Seasons (the "Work"). Deny for lack of sufficient knowledge information each remaining allegation contained in Paragraph 3 of the Complaint.

4. Admit the first sentence of Paragraph 4 of the Complaint. Admit the allegations in the third sentence of Paragraph 4 of the Complaint, but note that the partnership operates from an office in Santa Monica and not Beverly Hills. Except as expressly admitted, deny each remaining allegation contained in Paragraph 4 of the Complaint.

5. Admit the first sentence of Paragraph 5 of the Complaint. Admit the allegations in the third sentence of Paragraph 5 of the Complaint, but note that the partnership operates from an office in Santa Monica and not Beverly Hills. With regard to the fourth sentence of Paragraph 5 of the Complaint, admit that the Complaint sometimes refers to Valli and Gaudio collectively as "The Four Seasons Partnership." Except as expressly admitted, deny each remaining allegation contained in Paragraph 5 of the Complaint.

6. Admit that Defendant Marshall Brickman ("Brickman") is domiciled in New York, is a musician, writer and screenwriter, and co-authored the *libretto* for JERSEY BOYS with Defendant Eric S. Elice ("Elice"). Except as expressly admitted, deny each remaining allegation contained in Paragraph 6 of the Complaint.

7. Admit that Elice is domiciled in New York, New York, is a writer,

producer, performer and creative consultant who co-authored the *libretto* for JERSEY BOYS with Brickman. Except as expressly admitted, deny each remaining allegation contained in Paragraph 7 of the Complaint.

8. Admit that Defendant Des McAnuff ("McAnuff") is domiciled in New York, New York is a founding member of Defendant Dodger Theatricals, Ltd. ("Dodge Theatricals"), has won awards directing Broadway musical productions and directed JERSEY BOYS. Except as expressly admitted, deny each remaining allegation contained in Paragraph 8 of the Complaint.

9. Admit that Defendant DSHT, Inc. ("DSHT") is a Delaware corporation with an office in New York. Defendants aver that the Agreement referred to in Paragraph 9 of the Complaint speaks for itself and note that DSHT is not a signatory to said Agreement. Except as expressly admitted, deny each remaining allegation contained in Paragraph 9 of the Complaint and deny all inferences and conclusions and descriptions of said agreement that are contained in paragraph 9.

10. Admit that Dodger Theatricals is a New York corporation and is a producer of Broadway and off-Broadway musicals, including JERSEY BOYS. Further admit that Dodger Theatricals is responsible for producing JERSEY BOYS. Defendants aver that the Agreement referred to in Paragraph 10 speaks for itself. Except as expressly admitted, deny each remaining allegation and characterization contained in Paragraph 10 of the Complaint and deny all inferences and conclusions and descriptions of said agreement that are contained in paragraph 10. Admits that Dodger Theatricals and other parties are responsible for productions and performances of *Jersey Boys* including a production in the District.

## NATURE OF THE ACTION

11. Deny that DeVito's license to Valli and Gaudio that, among other things, transferred rights in the Work, was void *ab initio*. Further deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 11 of the Complaint, except admit that the Complaint purports to state a claim for declaratory

4

relief.

12. Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 12 of the Complaint, except admit that the Complaint purports to state claims against DeVito for an accounting, unjust enrichment, breach of implied covenant of good faith and fair dealing, constructive fraud, fraudulent concealment, fraudulent conversion of profits and/or royalties and conversion of Plaintiff's purported 50% ownership interest in the Work.

13. Deny that the license from DeVito to Valli and Gaudio that, among other things, transfers, rights in the Work, was void *ab initio*; deny that various licenses or transfers of rights by Valli and Gaudio were void and invalid under 17 U.S.C. § 201(d)(2); deny that Valli, Gaudio, DSHT and Dodger Theatricals need any license from Plaintiff or that JERSEY BOYS uses or has adapted the Work. Deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 13 of the Complaint, except admit that the Complaint purports to state a claim for declaratory relief against Valli, Gaudio, DSHT and Dodger Theatricals.

14. Deny each allegation contained in Paragraph 14 of the Complaint to the extent that they allege facts, and deny for lack of knowledge or information sufficient to the extent that they attempt to characterize the nature of the Complaint which must speak for itself and stand on its own.

15. Deny each allegation contained in Paragraph 15 of the Complaint to the extent that they allege facts, and deny for lack of knowledge or information sufficient to the extent that they attempt to characterize the nature of the Complaint which must speak for itself and stand on its own.

**PERSONAL JURISDICTION AND VENUE**

16. Deny for lack of sufficient knowledge or information each allegation contained in the first sentence of Paragraph 16 of the Complaint. Deny each remaining allegation contained in Paragraph 16 of the Complaint.

17. Deny for lack of sufficient knowledge or information each allegation

5

contained in the first sentence of Paragraph 17 of the Complaint. Deny each remaining allegation contained in Paragraph 17 of the Complaint, except admit that the Complaint purports to state a basis for venue over these Answering Defendants.

## STATEMENT OF FACTS

18-36 Deny for lack of sufficient knowledge or information each allegation contained in Paragraphs 18 -36 of the Complaint.

37.     Admit that by the end of 2006, JERSEY BOYS had become a popular and critical success and won Tony Awards. Deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 37 of the Complaint. As to who "recouped [their] initial investment" this allegation invades confidential and proprietary business information which Defendants will not provide without an appropriate confidentiality agreement and order and on that basis, denies this allegation.

38-42 Deny for lack of sufficient knowledge or information each allegation contained in Paragraphs 38-42 of the Complaint.

43.     Admit that the writers of the libretto (aka the "book") (i.e., Elice and Brickman) of JERSEY BOYS have seen a version of a biography of DeVito; that DeVito was financially connected to JERSEY BOYS and that DeVito received royalties from the exploitation of JERSEY BOYS. Except as expressly admitted, deny each remaining allegation contained in Paragraph 43 of the Complaint.

44.     Deny generally each allegation contained in Paragraph 44 of the Complaint. But, admit that Brickman and Elice relied on interviews with Bob Gaudio and Frankie Valli and others. Admit that Brickman and Elice relied on interviews with others for Nick Massi's side of the story. Admit that Answering Defendants (except for Valli and Gaudio and DSHT and Dodger Theatricals) saw a copy of a biography of Tommy DeVito, but all deny that they used any protected or copyrightable materials from it. Deny for lack of sufficient knowledge or information whether or when the quotation attributed to *Wikipedia* was published or reported in a *Wikipedia* article

referred to in this Paragraph. Deny for lack of sufficient knowledge or information what Christian Hoff or Devon May said, but deny that either Christian Hoff or Devon May had anything to do with writing *Jersey Boys* and aver that if the Work had been seen by Mr. Hoff "as background research" or by Mr. May "as an educational tool, to get to know who Tommy was" there would be nothing at all improper about that and it would not constitute an infringement of anyone's copyright in the Work. Deny for lack of sufficient knowledge or information whether the persons quoted by various publications and websites referred to in this Paragraph 44 actually said what they are quoted to have said or whether the publications or websites referred to actually published the statements attributed to these individuals. Admit that Defendant DeVito received payments from the producers of Jersey Boys.

45-4   Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 45 of the Complaint.

48.   Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 48 of the Complaint. Deny for lack of sufficient knowledge or information what transpired with "negotiations with DeVito's counsel" or what "facts emerged" for whom and regarding *Jersey Boys* or what the Chicago Tribune reported regarding *Jersey Boys*. Whether or not Paragraph 48 of the Complaint correctly reports what the Chicago Tribune published, "the idea of using all three of them [Valli, DeVito, Gaudio] as narrators, each telling their version of the group's history at different points in the show" is not an original or novel or copyrightable or protectible idea that can be a proper subject of this copyright claim or any copyright claim. It is an "idea" and not an expressive feature of an historical or biographical work. Whether or not "DeVito was already writing a memoir . . . especially on how the Seasons tap-danced around the Outfit [mob] members who controlled many of the venues in which they played, and whose loans underwrote DeVito's lifestyle" this information is a matter of historical fact which *anyone* may write about without anyone else's permission – because copyright does not protect fact or ideas. Admit that Exhibit 27 is

a correct copy of certain excerpts from the *Jersey Boys Book*, but plaintiff takes the quoted statements out of context and draws conclusions of law and fact from them that are not justified or warranted; and draws conclusions about timing and activities that are not true and which Answering Defendants deny. As to the quotation attributed to Des McAnuff, the decision or idea of rejecting a "traditional musical structure" – whatever that may be – is not an original or protectable idea and cannot be the basis for a copyright infringement claim. Answering Defendants further deny all the implications and conclusions, implied or otherwise, that Plaintiff wishes to draw from the allegations contained in Paragraph 48 and from all of the quotations cited therein: Among other things, "the concept of a biographically inspired production" is not the exclusive or proprietary idea of anyone including DeVito or Plaintiff; no one can own such a "concept" and it cannot form the basis of a copyright claim in this or in any action. Answering Defendants aver that Plaintiff uses the quotations incorrectly and out of context in order to draw conclusions and implications from them that are unjustified and unwarranted and to distort the account of how the Jersey Boys was in fact developed. The allegation that "a couple of sequences on their treatment were clearly inspired by this autobiography" cannot support any copyright claim, since factual, historical, biographical events cannot be owned by anyone, are not protectable by copyright and cannot form the basis for a copyright claim in this or in any action. Whether or not McAnuff was correct about what he is alleged to have said, it is not improper in any way to examine biographies and other factual records and accounts and to be "inspired" by them. Even, assuming that plaintiff's account of the development of the Jersey Boys were correct, which it is not, there is nothing improper about research and it is not an infringement of anyone's copyright to draw upon facts and biographical information from books, encyclopedia's, histories, biographies or other available factual materials. Answering Defendants deny Plaintiff's alleged and implied account of how Jersey Boys was developed. In all events, the use of "mob-oriented" subject matter cannot be the basis for a copyright

claim – it involves factual and historical information that is not copyrightable and which cannot be the subject of a copyright claim in this or in any action.

49. Answering Defendants deny the allegations contained in Paragraph 49 of the Complaint and deny the account of the development of the Jersey Boys that plaintiff alleges and implies in said Paragraph. Plaintiff's allegations in Paragraph 49 are nothing more than a recitation of a progression of historical and biographical facts which progress chronologically and which cannot be owned or copyrighted by anyone. They cannot form the basis for a copyright infringement claim. Answering Defendants deny that they infringed any copyright interests of Plaintiff. The parallels and allegations that Plaintiff relies on, even if true, which they are not, are unprotected facts and events that everyone is free to research and write about.

50. Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 50 of the Complaint.

51. Answering Defendants aver that the August 13, 1999 agreement between DeVito and Valli and Gaudio speaks for itself. Except as averred, deny each allegation contained in paragraph 51 and deny all inferences and conclusions and descriptions of said Agreement that are contained in paragraph 51.

52. Answering Defendants aver that the August 13, 1999 agreement between DeVito and Valli and Gaudio speaks for itself. Except as averred, deny each allegation contained in paragraph 52 and deny all inferences and conclusions and descriptions of said Agreement that are contained in paragraph 52. Answering Defendants deny Plaintiffs legal and factual allegations contained in the second, third and fourth sentences of Paragraph 52 of the Complaint. DeVito gave continuing permissions directly to the Answering Defendants and received continuing payments from the producersof Jersey Boys for said permissions.

53. Answering Defendants aver that the alleged May 1, 2004 agreement between and among Valli, Gaudio, Brickman, Elice, DSHT (DSHT was not a party to said agreement) and Dodger Theatricals speaks for itself. Except as averred, deny

LEOPOLD, PETRICH & SMITH
A Professional Corporation

9

08-10-31 Answer FINAL.doc

each allegation contained in Paragraph 53 of the Complaint and deny all inferences and conclusions and descriptions of said agreement that are contained in paragraph 53.

54.  Answering Defendants aver that the May 1, 2004 agreement speaks for itself. Except as averred, deny each allegation contained in Paragraph 54 of the Complaint and deny all inferences and conclusions and descriptions of said agreement that are contained in paragraph 54. Admit that Dodger Theatricals is responsible for the production of Jersey Boys. There have been no customizations and /or translations of the *libretto* for local and foreign venues.

55-59  Deny each allegation contained in Paragraphs 55-59 of the Complaint.

60.  Deny each of the allegations contained in Paragraph 60 of the Complaint but admit that the producers have received substantial revenues from the productions of *Jersey Boys*, from the Cast Recording, and from the *Jersey Boys* book and admit that other plans for other tours are contemplated. Answering Defendants will provide information about such revenues if and when appropriate and proper discovery demands are made, provided that the specific materials sought are otherwise properly discoverable and not subject to any privilege and provided that plaintiff complies with applicable protective orders or confidentiality stipulations. Answering Defendants deny for lack of knowledge or information all allegations in Paragraph 60 that pertain to DeVito. Answering Defendants also and further deny all claims against them contained in the last sentence of Paragraph 60 of the Complaint.

61.  Deny each allegation contained in Paragraph 61of the Complaint.

## COUNT I

62.  In response to the allegations contained in Paragraph 62 of the Complaint, Answering Defendants reallege and incorporate herein by reference each admission, allegation and denial hereinabove set forth in Response to Paragraphs 1 through 61 of the Complaint.

63-73  Deny for lack of sufficient knowledge or information each allegation contained in Paragraphs 63-73 of the Complaint.

LEOPOLD, PETRICH & SMITH
A Professional Corporation

08-10-31 Answer FINAL.doc

74. Deny that the first sentence of Paragraph 74 is a correct statement of the law. Deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 74 of the Complaint.

75. Deny that the first sentence of Paragraph 75 is a correct statement of the law. Deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 75 of the Complaint.

76. Deny each allegation contained in Paragraph 76 of the Complaint.

77. Deny for lack of sufficient knowledge or information of each allegation contained in Paragraph 77 of the Complaint.

78. Deny that the agreement between DeVito and Valli and Gaudio, in or around August 1999, transferring various rights, was void *ab initio*. Deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 78 of the Complaint, except admit that the Complaint purports to state a claim for declaratory judgment against DeVito.

## COUNT II

79. In response to the allegations contained in Paragraph 79 of the Complaint, Answering Defendants reallege and incorporate herein by reference each admission, allegation and denial hereinabove set forth in response to Paragraphs 1 through 78 of the Complaint.

80. Admit the allegations in Paragraph 80 of the Complaint.

81-86. Deny for lack of sufficient knowledge or information each of the allegations in Paragraphs 81-86 of the Complaint.

87. Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 87 of the Complaint, except admit that the Complaint seeks an order that DeVito render an accounting to Plaintiff.

## COUNT III

88. In response to the allegations contained in Paragraph 88 of the Complaint, Answering Defendants reallege and incorporate herein by reference each admission,

LEOPOLD, PETRICH & SMITH
A Professional Corporation
08-10-31 Answer FINAL.doc

1  allegation and denial hereinabove set forth in response to Paragraphs 1 through 87 of
2  the Complaint.
3      89-98.  Deny for lack of sufficient knowledge or information each
4  allegation contained in Paragraphs 89-98 of the Complaint.

## COUNT IV

6      99.  In response to the allegations contained in Paragraph 99 of the
7  Complaint, Answering Defendants reallege and incorporate herein by reference each
8  admission, allegation and denial hereinabove set forth in response to Paragraphs 1
9  through 98 of the Complaint; Answering Defendants further reallege and incorporate
10  herein by reference each admission, allegation and denial hereinbelow set forth in
11  response to Paragraphs 105 through 110 of the Complaint.
12      100-102.  Deny for lack of sufficient knowledge or information each
13  allegation contained in Paragraphs 100 through 102 of the Complaint.

## COUNT V

15      103.  In response to the allegations contained in Paragraph 103 of the
16  Complaint, Answering Defendants reallege and incorporate herein by reference each
17  admission, allegation and denial hereinabove set forth in response to Paragraphs 1
18  though 102 of the Complaint.
19      104-109.  Deny for lack of sufficient knowledge or information each
20  allegation contained in Paragraphs 104 through 109 of the Complaint.

## COUNT VI

22      110.  In response to the allegations contained in Paragraph 110 of the
23  Complaint, Answering Defendants reallege and incorporate herein by reference each
24  admission, allegation and denial hereinabove set forth in response to Paragraphs 1
25  through 109 of the Complaint.
26      111.  Deny for lack of sufficient knowledge or information each allegation
27  contained in Paragraph 111 of the Complaint.
28      112.  Deny that JERSEY BOYS was adapted from the Work or that the Work

had been referenced and used extensively in connection with JERSEY BOYS. Deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 112 of the Complaint.

113-114. Deny for lack of sufficient knowledge or information each allegation contained in Paragraphs 113-114 in the Complaint.

## COUNT VII

115. In response to the allegations contained in Paragraph 115 of the Complaint, Answering Defendants reallege and incorporate herein by reference each admission, allegation and denial hereinabove set forth in response to Paragraphs 1 through 114 of the Complaint.

116-118. Deny for lack of sufficient knowledge or information each allegation contained in Paragraphs 116-118 of the Complaint.

119. Deny that JERSEY BOYS was derivative of the Work. Deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 119 of the Complaint.

120-122. Deny for lack of sufficient knowledge or information each allegation contained in Paragraphs 120-122 of the Complaint.

123. Deny that JERSEY BOYS was adapted from the Work or that the Work had been referenced and used extensively in connection with JERSEY BOYS. Deny for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 123 of the Complaint.

124-126. Deny for lack of sufficient knowledge or information each allegation contained in Paragraphs 124-126 of the Complaint.

## COUNT VIII

127. In response to the allegations contained in Paragraph 127 of the Complaint, Answering Defendants reallege and incorporate herein by reference each admission, allegation and denial hereinabove set forth in response to Paragraphs 1 through 126 of the Complaint.

LEOPOLD, PETRICH & SMITH
A Professional Corporation
08-10-31 Answer FINAL.doc

128-130.   Deny for lack of sufficient knowledge or information each allegation contained in Paragraphs 128-130 of the Complaint.

## COUNT IX

131. In response to the allegations contained in Paragraph 131 of the Complaint, Answering Defendants reallege and incorporate herein by reference each admission, allegation and denial hereinabove set forth in response to Paragraphs 1 through 130 of the Complaint.

132-136.   Deny each allegation contained in Paragraphs 132-136 of the Complaint.

137.   Deny each allegation contained in Paragraph 137 of the Complaint, except admit that the Complaint purports to seek a declaratory judgment against Valli, Gaudio, DSHT and Dodger Theatricals.

138.   Deny each allegation contained in Paragraph 138 of the Complaint, except admit that the Complaint purports to seek a declaratory judgment against Valli, Gaudio, DSHT and Dodger Theatricals.

## COUNT X

139.   In response to the allegations contained in Paragraph 139 of the Complaint, Answering Defendants reallege and incorporate herein by reference each admission, allegation and denial hereinabove set forth in response to Paragraphs 1 through 139 of the Complaint.

140.   Admit the allegations contained in Paragraph 140 of the Complaint.

141-145.   Deny each allegation contained in Paragraphs 141-145 of the Complaint.

146.   Deny each allegation contained in Paragraph 146 of the Complaint, except admit that the Complaint purports to state a claim for an accounting against Valli and Gaudio.

## COUNT XI

147.   In response to the allegations contained in Paragraph 147 of the

LEOPOLD, PETRICH & SMITH
A Professional Corporation
08-10-31 Answer FINAL.doc

Complaint, Answering Defendants reallege and incorporate herein by reference each admission, allegation and denial hereinabove set forth in response to Paragraphs 1 through 147 of the Complaint.

148-150.  Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 148-150 of the Complaint.

151.  Deny each allegation contained in Paragraph 151 of the Complaint.

152.  Admit that Answering Defendants – except for Valli and Gaudio and DSHT and Dodger Theatricals -- saw a version of a biography of DeVito. Except as expressly admitted, all Answering Defendants deny each remaining allegation contained in Paragraph 152 of the Complaint.

153.  Deny for lack of sufficient knowledge or information each allegation contained in Paragraph 153 of the Complaint.

154-161.  Deny each allegation contained in Paragraphs 154-161 of the Complaint.

162.  Deny each allegation contained in Paragraph 162 of the Complaint and further aver that Plaintiff has suffered no harm as a result of any conduct by Answering Defendants, or any of them, or at all.

163.  Deny each allegation contained in Paragraph 163 of the Complaint and further aver that Plaintiff has sustained no injury, loss or damage as a result of any conduct by Answering Defendants, or any of them, or at all.

164.  Deny each allegation contained in Paragraph 164 of the Complaint and further aver that Plaintiff has not been damaged by Answering Defendants, or any of them, or at all.

165-166.  Deny each allegation contained in Paragraph 165-166 of the Complaint.

167.  Deny each allegation contained in Paragraph 167 of the Complaint and further aver that Plaintiff has sustained no damages as a result of any conduct by Answering Defendants, or any of them, or at all.

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

08-10-31 Answer FINAL.doc

## COUNT XII

168. In response to Paragraph 168 of the Complaint, Defendant realleges and incorporates herein by reference each admission, allegation and denial hereinabove set forth in response to Paragraphs 1 through 167 of the Complaint.

169. Deny each allegation contained in Paragraph 169 of the Complaint.

170. Deny each allegation contained in Paragraph 170 of the Complaint, and further aver that Plaintiff has sustained no damages as a result of any conduct by Answering Defendants, or any of them, or at all.

171. Deny each allegation contained in Paragraph 171 of the Complaint.

172. Deny each allegation contained in Paragraph 172 of the Complaint, and further aver that Plaintiff has sustained no damages as a result of any conduct by Answering Defendants, or any of them, or at all.

## COUNT XIII

173. In response to Paragraph 173 of the Complaint, Defendant realleges and incorporates herein by reference each admission, allegation and denial hereinabove set forth in response to Paragraphs 1 through 172 of the Complaint.

174-176. Deny each allegation contained in Paragraph 174-176 of the Complaint.

177. Deny each allegation contained in Paragraph 177 of the Complaint, and further aver that Plaintiff has suffered no harm from Answering Defendants, or any of them, or at all.

178. Deny each allegation contained in Paragraph 178 of the Complaint, and further aver that Plaintiff has suffered no harm from Answering Defendants, or any of them, or at all.

179. Deny each allegation contained in Paragraph 179 of the Complaint, and further aver that Plaintiff has suffered no harm from Answering Defendants, or any of them, or at all.

180. Deny each allegation contained in Paragraph 180 of the Complaint.

LEOPOLD, PETRICH & SMITH
A Professional Corporation

08-10-31 Answer FINAL.doc

181.  Deny each allegation contained in Paragraph 181 of the Complaint, and further aver that Plaintiff has suffered no harm from Answering Defendants, or any of them, or at all.

## AFFIRMATIVE DEFENSES

Answering Defendants allege the following affirmative defenses without admitting that the affirmative defenses impose upon Answering Defendants the affirmative duty to present evidence or bear the burden of proof.

### FIRST AFFIRMATIVE DEFENSE
### [Failure to State a Claim]

182.  The Complaint and each purported claim therein against Answering Defendants fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### [Licensed Use]

183.  Any copying of Plaintiff's Work (which Answering Defendants deny and assume only for the sake of asserting this defense) was pursuant to a license and permission granted, expressly or impliedly, by Thomas DeVito.

### THIRD AFFIRMATIVE DEFENSE
### [Consent]

184.  Any copying of Plaintiff's Work (which Answering Defendants deny but here assume only for the sake of asserting this defense) was consented to by the owner of the appropriate rights in the Work.

### FOURTH AFFIRMATIVE DEFENSE
### [Waiver]

185.  Plaintiff's purported claims and any prayer for relief are barred by waiver.

### FIFTH AFFIRMATIVE DEFENSE
### [Estoppel]

186.  Plaintiff's purported claims and any prayer for relief are barred by the

principle of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### [17 U.S.C. § 411(a)]

187. Plaintiff's purported claims and any prayer for relief are barred and/or limited by the provisions of 17 U.S.C. § 411(a).

## SEVENTH AFFIRMATIVE DEFENSE
### [17 U.S.C. § 412]

188. Plaintiff's purported claims and any prayer for relief are barred and/or limited by the provisions of 17 U.S.C. § 412.

## EIGHTH AFFIRMATIVE DEFENSE
### [Fair Use]

189. Any copying of Plaintiff's Work (which Answering Defendants deny but here assume only for the sake of asserting this defense) constitutes "fair use."

## NINTH AFFIRMATIVE DEFENSE
### [De Minimis Use]

190. Plaintiff's purported claim for relief is barred in whole or in part by the doctrine of de minimis use, to the extent any such use occurred, which Answering Defendants deny but here assume only for the sake of asserting this defense.

## TENTH AFFIRMATIVE DEFENSE
### [No Use of Copyrightable Subject Matter]

191. Any copying of Plaintiff's Work (which Answering Defendants deny but here assume only for the sake of asserting this defense) constitutes a use of facts, ideas, concepts, ordinary expressions or dialogue, *scenes a faire* and/or other elements that are not protected by copyright.

## ELEVENTH AFFIRMATIVE DEFENSE
### [First Amendment]

192. Plaintiff's purported claim for relief is barred in whole or in part because the purported use of Plaintiff's purportedly copyrightable materials constituted a use

LEOPOLD, PETRICH & SMITH
A Professional Corporation
08-10-31 Answer FINAL.doc

protected by the First Amendment to the United States Constitution, to the extent any such use occurred, which Answering Defendants deny but here assume only for the sake of asserting this defense.

## TWELFTH AFFIRMATIVE DEFENSE
### [Proof of Copying of Protectible Expression]

193. The First Amendment to the United States Constitution requires that Plaintiff must prove by clear and convincing evidence that Answering Defendants have copied protectible expression from Plaintiff's Work.

## THIRTEENTH AFFIRMATIVE DEFENSE
### [17 U.S.C. § 507]

194. Plaintiff's purported claim and any prayer for relief are barred and/or limited in whole or in part by the provisions of 17 U.S.C. § 507.

## FOURTEENTH AFFIRMATIVE DEFENSE
### [Laches]

195. Plaintiff's purported claims and any prayer for relief are barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE
### [Proof of Allocating Defendant's Profits]

196. The First Amendment to the United States Constitution requires that Plaintiff, not Answering Defendants, should have the burden of proving by clear and convincing evidence what portion, if any, of Answering Defendants profits that are allocable to the alleged infringement by answering Defendants, or any of them.

WHEREFORE, Answering Defendants pray for relief as follows:

1. That the Complaint and each claim therein be dismissed without prejudice;

2. That Answering Defendants recover their costs and reasonable attorneys' fees; and

LEOPOLD, PETRICH & SMITH
A Professional Corporation

08-10-31 Answer FINAL.doc

3. For such other and further relief as the Court deems proper.

        LIONEL SAWYER & COLLINS and
        MILLER, KORZENIK SOMMERS LLP and
        LEOPOLD, PETRICH & SMITH

By: _____
        Samuel S. Lionel, Bar #1766
        Todd E. Kennedy, Bar #6014
        300 So. Fourth St. #1700
        Las Vegas, Nevada 89101

Attorneys for Defendants FRANKIE VALLI, ROBERT J. GAUDIO, MARSHALL BRICKMAN, ERIC S. ELICE, DES McANUFF, DSHT, INC. and DODGER THEATRICALS, LTD.

LEOPOLD, PETRICH & SMITH
A Professional Corporation

08-10-31 Answer FINAL.doc