**NEW DEFENDANTS' EXHIBIT D**
**Declaration of David S. Korzenik**

SAMUEL S. LIONEL [Nevada Bar #1766]
TODD KENNEDY [Nevada Bar #6014]
LIONEL, SAWYER & COLLINS
300 So. 4th Street #1700
Las Vegas, Nevada 89101
Telephone: (702) 383-8884

DAVID S. KORZENIK (Admitted Pro Hac Vice)
MILLER KORZENIK SOMMERS LLP
488 Madison Avenue
Suite 1120
New York, New York 10022-5702
Telephone: (212) 752-9200

DANIEL M. MAYEDA (Admitted Pro Hac Vice)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel:  (310) 277-3333 • Fax: (310) 277-7444
Email:  dmayeda@lpsla.com

Attorneys for Defendants
FRANKIE VALLI, ROBERT J. GAUDIO, MARSHALL
BRICKMAN, ERIC S. ELICE, DES McANUFF, DSHT, INC.,
DODGER THEATRICALS, LTD. and JB VIVA VEGAS, L.P.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DONNA CORBELLO, an individual<br><br>Plaintiff,<br><br>v.<br><br>THOMAS GAETANO DEVITO, an individual, et al.<br><br>Defendants. | CASE NO.: 2:08-cv-00867-RCJ-PAL<br><br>**DECLARATION OF DAVID S. KORZENIK IN SUPPORT OF NEW DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

**DAVID S. KORZENIK** declares pursuant to 28 USC §1746 as follows:

1. I am a member of the law firm Miller Korzenik Sommers LLP. I represent the New Defendants in this action. I am fully familiar with the facts and circumstances herein and make this declaration, pursuant to 28 U.S.C. 1746, based on personal knowledge in support of the *New Defendants' Motion for a Protective Order* regarding certain discovery sought by Plaintiff.

2. New Defendants' Motion addresses Plaintiff's demand that they produce "native" electronic files of prior drafts of the script (in Screenwriter format). See Letter of Plaintiff's counsel, George Paul, dated March 10, 2010, attached to the Motion as Exhibit C. I do not have or use Screenwriter software. We produced over 270 drafts of scripts (or components of scripts) from the New Defendants in searchable PDF format – the format we use for documents in this litigation.

3. I had advised Plaintiff's counsel that we did not consider prior drafts of the script to be relevant or germane to the case. The case law is consistent and clear on this, and we have been consistent and clear with Plaintiffs on our position on that subject. To avoid discovery disputes and to remove false "mystery" that Plaintiff's counsel feeds on, we produced the prior drafts of scripts. We also produced the final production scripts. The final production scripts are the only relevant versions.

4. Plaintiff's counsel seriously mischaracterizes our exchanges on the subject of native files as well as on other discovery issues. First, he contends that I refused to address the discovery issues with them; but then also says that I had agreed to give them the native files and that I "had" them buy the Screenwriter software. Neither of those statements is true by any stretch. While I said that I was always open to discuss the subject, we did not consider prior drafts relevant, and we did not ever agree to

provide "native" files. We had a number of telephone discussions on this subject, but it has become clear that we are not able to resolve the matter ourselves. When Plaintiff's lead counsel, Greg Guillot, announced that he had gone ahead and purchased for a few hundred dollars the Screenwriter software, I was surprised. I suspected that Mr. Guillot was setting things up so that it would look as if it was a *fait accompli* or that he was trying to push me into going along with this request. But I made no such agreement.

5. Plaintiff's March 10, 2010, letter accuses me of refusing to speak with opposing counsel or to address issues in the case. Nothing could be farther from the truth. I have always been available for extended and cooperative discussions with both Mr. Guillot and his local counsel, Mr. Paul, about issues that needed to be resolved – and we have successfully resolved many of them. Many of these discussions have been productive, constructive and cordial.

6. But the Letter is especially wrong and unfair in suggesting that I have ignored them or failed to respond to them. In spite of the fact that Mr. Guillot has on many occasions been more than difficult to deal with, I have, nonetheless, always worked and responded cooperatively, constructively and courteously to him. I have never once hung up on any adversary, but that is what I have been treated to by him. I have never once screamed or delivered insults to Mr. Guillot, but that is what I have been treated to on a number of occasions by him. At no time, even in the face of that, have I been anything less than courteous, calm and responsive with him – trying to address the real issues at hand and accommodating his request wherever possible. I will continue to work cordially and cooperatively with him.

7. It is unfortunately Plaintiff's counsel's regular take on things that anyone who disagrees with him is acting dishonestly and in bad faith. Anything that he imagines should be disclosed or found in discovery that does not appear is the occasion for accusation and the fantasy that someone is hiding something or speaking falsely. This is becoming a growing obstacle in this case.

8. Mr. Paul works in a manner consistent with my own and is steadily professional and courteous.

9. New Defendants have thus far produced over 26,000 pages of documents to Plaintiff in searchable PDF format, the same format we are using in this litigation. This makes all materials readily and reasonably accessible and available to them. Among the materials turned over, we have produced every draft and final script that we have been able to locate – including every single draft from the computer hard-drives of the two writers, the only people who generated scripts.

10. Plaintiff attempts in the Letter to create false mystery around emails: The Declarations of Marshall Brickman and Eric Elice should put Plaintiff's unsupportable suspicions to rest. They lived nearby each other, and they collaborated on the Play in person. Director Des McAnuff did not write the Play. He offered general comments and observations in memos that have been produced. He did not himself send emails during the period that the Play was being written and he did not have a Blackberry until sometime in the latter half of 2007.

11. We will in all events continue to work constructively with Plaintiff's counsel to resolve all open issues.

I declare under penalty of perjury under the laws of the United States of America and the States of New York and Nevada that the foregoing is true and correct.

Executed in New York, NY on March 18, 2010.

David S. Korzenik