**NEW DEFENDANTS' EXHIBIT E**
**Excerpts of 02/05/2010 Hearing**

```
 1                    UNITED STATES DISTRICT COURT
                           DISTRICT OF NEVADA
 2          BEFORE THE HONORABLE ROBERT C. JONES, DISTRICT JUDGE
                                ---oOo---
 3

 4    DONNA CORBELLO,                  :
                                       :
 5              Plaintiff,             :  No. 2:08-CV-867-RCJ-PAL
                                       :
 6         -vs-                        :  February 5, 2010
                                       :
 7    THOMAS DEVITO, et al.,           :  Reno, Nevada
                                       :
 8              Defendants.            :
                                       :
 9   ─────────────────────────────────

10

11                     TRANSCRIPT OF MOTION HEARING

12

13   APPEARANCES:

14   FOR THE PLAINTIFF:       GREGORY GUILLO, GEORGE PAUL,
                              ROBERT McKIRGAN and JOHN KRIEGER
15                            Attorneys at Law

16

17   FOR THE DEFENDANTS:      BOOKER EVANS, JR., LAWRENCE HANCOCK,
                              DANIEL MAYEDA, DAVID KORZENIK and
18                            SAMUEL LIONEL
                              Attorneys at Law
19

20

21   Reported by:             Margaret E. Griener, CCR #3, RDR
                              Official Reporter
22                            400 South Virginia Street
                              Reno, Nevada 89501
23                            (775)329-9980

24

25               COMPUTER-ASSISTED TRANSCRIPTION
```

MARGARET E. GRIENER, RDR, CCR NO. 3, OFFICIAL REPORTER
(775) 329-9980

```
 1        RENO, NEVADA, FRIDAY, FEBRUARY 5, 2010, 2:00 P.M.
 2                            ---o0o---
 3
 4             THE COURT:  Good afternoon.  Please be seated.
 5             Thank you so much for waiting.  The Court's early
 6   morning arguments went a little longer than we thought, and
 7   therefore I found it necessary to ask you to come a little bit
 8   later.
 9             I also want to express gratitude for your
10   willingness to come up here and argue the case.  I do remind
11   you in that regard that it was for the convenience of the
12   Court that you did that.
13             This is a Las Vegas docket case, but I also remind
14   you that arguments and/or ultimate trial would occur, of
15   course, in Las Vegas unless, again, per convenience of the
16   Court and, more importantly, convenience of counsel and
17   witnesses, this matter were scheduled here in Reno.
18             Also, I remind you that there are only informal
19   divisions in the District of Nevada.  They are only informal,
20   they are not formal divisions, and this was properly filed in
21   the informal venue of Las Vegas.  But, again, judges from both
22   ends of the state take cases at both ends, we are only
23   informal divisions, and therefore, simply, I'll conclude with
24   an expression of gratitude for your willingness to come here
25   to argue this particular set of motions.
```

1   other or both?

2             MR. KORZENIK:  Yes, your Honor.

3             THE COURT:  I think it's probably important, and
4   I would like a copy as well of the transcript of the
5   arguments.

6             My intent right now, as I sit here, and having
7   listened extensively to the arguments, is to deny the motions
8   for summary judgment.  I just think I have factual questions.

9             I do want to give you a week, please, to file that
10  chart, a contradictory chart.  I'm not asking for a brief.
11  You have only the right to file the matrix that you showed me.

12            I'm not asking for a brief, I'm not asking for a
13  table of authorities, I just want a chart, if it's
14  contradictory, showing my alternatives for downstream
15  agreements based upon whether these are interpreted to be
16  exclusive '99 agreement, exclusive, nonexclusive, assignment
17  or simply license alternatives to the effects that it has on
18  downstream agreements.

19            I just think that I have too many factual issues
20  that remain, and I don't think that I can grant the summary
21  judgment motions.  I don't even think I can grant them as to
22  this critical question in my mind that I'm asking, and I'm
23  still exploring, as a nonexclusive grant, do I therefore have
24  to dismiss as to the new defendants.

25            My inclination as I sit here right now is that I

1   cannot do that at this stage.  Especially, I don't think I can
2   grant the summary judgment relative to a requested
3   interpretation at this time as to whether the material assumed
4   for the purpose of this motion is derived from the work or
5   used from the work, that it is, in fact, noncopyrightable,
6   nonprotectible material.  I just can't decide that at this
7   point based upon this, and if it's -- and the items that the
8   parties have focused me on.
9           So, as I sit here, that's probably where I'm going.
10  I will give you as extensive a writing as I can.
11          What I would like to do, of course, it sounds like
12  we're anticipating further motions to dismiss and/or summary
13  judgment.  In each of these motions, and in this one as well,
14  I would like to narrow the lawsuit as much as I can so that
15  either we'll get rid of it at some juncture, or, if we go to
16  the jury, it is as narrow a lawsuit as we can make it so that
17  it's understandable both to myself and/or to the jury.
18          I do think, however, that I'm probably in a position
19  to eliminate what would -- sounds to me like would extensively
20  extend the trial or my own consideration of the legal issues,
21  and that is the question of this attorney-client relationship.
22  I do not think that that is a bar to the lawsuit or the
23  enforceability of the agreement between Woodard and DeVito.
24          That's where I'm going presently.  I will give
25  you -- I do think that we all ought to take a second look at

1   the transcript of these arguments because you have really
2   focused on some very important parts.  I have a much greater
3   understanding now even than after reading the briefs.  Perhaps
4   I need to reread the briefs, but I do intend to reread the
5   transcript in the bright sunshine of morning of these various
6   arguments because they have been very helpful.
7         That's my present inclination, and, of course, I
8   will reread the transcript before I reach those final
9   conclusions, and I will give you an extensive -- as extensive
10  as I can, I won't make it a book, but a writing as to the
11  analysis.  Hopefully it will help trim our lawsuit a little
12  bit.
13        MR. KORZENIK:  Your Honor?
14        THE COURT:  Okay.  Please, what else?
15        MR. KORZENIK:  Yes, one question that we would
16  like to raise, and that is, in terms of our scheduling order,
17  we hope very much that your order, decision will focus -- give
18  some focus to the issues in this case, they're rather
19  expansive and, I would say, unruly at this point.
20        THE COURT:  Right, I agree.
21        MR. KORZENIK:  And very expensive to litigate
22  because there's no definition --
23        THE COURT:  Where are we statuswise?  What is
24  the status relative to discovery and --
25        MR. KORZENIK:  Well, the discovery cutoff is

1   March 31 and --

2              THE COURT:  And that's general discovery.

3              MR. KORZENIK:  That's general discovery.

4              THE COURT:  And then dispositive motions follow.

5              MR. KORZENIK:  That would be -- where is that?

6   Dispositive motions --

7              THE COURT:  And I don't want to discourage you,

8   I encourage you to file those because, whether I grant them or

9   not, it will be occasion to trim the lawsuit down, too.

10             MR. KORZENIK:  For pretrial order, trial date, a

11  hundred days from the deadline -- 120 days from the deadline

12  for filing dispositive motions, the trial date is August 31.

13             THE COURT:  Okay.

14             MR. KORZENIK:  So I guess you count back.  It's

15  unclear.  I think it's a little bit -- it's not well crafted.

16             THE COURT:  Further, whether I grant motions or

17  not, it will give me occasion to agree or disagree with the

18  various principles that both sides present.  It will form a

19  basis hopefully for instruction if we go that far so I think

20  this is a productive process.

21             MR. KORZENIK:  So should we submit to you some

22  proposed new dates for a scheduling order which you'll be able

23  to consider following --

24             THE COURT:  If you want me to revise that, yes,

25  please, and either stipulation or -- I don't like to entertain

```
 1   make that final decision.
 2              MR. HANCOCK:  And I misspoke, there is a final
 3   third point.  Counsel, Mr. Guillot, indicated there was a
 4   motion for summary judgment on the authorship determination.
 5   There is no such motion before the Court, your Honor.
 6              THE COURT:  Okay.  Thank you, counsel.
 7              MR. GUILLOT:  Thank you very much, your Honor.
 8                              -o0o-
 9
10         I certify that the foregoing is a correct
           transcript from the record of proceedings
11         in the above-entitled matter.
12         _____    _____
           Margaret E. Griener, CCR #3, RDR   Date
13         Official Reporter
```