**EXHIBIT 3**

**[PLAINTIFF'S JANUARY 8, 2009 DISCOVERY REQUESTS
TO DEFENDANTS BRICKMAN AND ELICE]**

Gregory H. Guillot
Ggmark@radix.net
*Admitted Pro Hac Vice*
GREGORY H. GUILLOT, P.C.
13455 Noel Road, Suite 1000
Dallas, TX 75240
Phone: (972) 774-4560
Fax: (214) 515-0411

George L. Paul
*Admitted Pro Hac Vice*
GPaul@LRLaw.com
John L. Krieger, State Bar No. 6023
JKrieger@LRLaw.com
Robert H. McKirgan
*Admitted Pro Hac Vice*
RMckirgan@LRLaw.com

LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Phone: (702) 949-8200
Fax: (702) 949-8389

40 North Central Avenue, Suite 1900
Phoenix, AZ 85004
Phone: (602) 262-5326
Fax: (602) 734-3857

Attorneys for Plaintiff,
DONNA CORBELLO

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONNA CORBELLO, an individual,<br><br>                       Plaintiff,<br><br>   vs.<br><br>THOMAS GAETANO DEVITO, an individual, *et al.*,<br><br>                    Defendants. | Case No. 2:08-cv-00867-RCJ-PAL<br><br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MARSHALL BRICKMAN** |

Plaintiff, Donna Corbello, by her attorneys, and pursuant to Fed. R. Civ. P. 33, herewith propounds the following interrogatories to Defendant Marshall Brickman, to be answered

-1-

separately, in writing, and under oath, in accordance with the instructions and definitions hereinafter set forth, within thirty (30) days from the date of service hereof.

## INSTRUCTIONS

1.      These interrogatories seek answers as of the date hereof, but are continuing in nature, so that any additional information relating hereto which Defendant hereafter acquires, or which hereafter becomes known to Defendant, up to and including the time of trial, shall be furnished to Plaintiff immediately after such information is acquired or becomes known, in accordance with Fed. R. Civ. P. 26(e)(1).

2.      In each instance in which an interrogatory is answered upon information and belief, Defendant shall set forth the basis for such information and belief.

3.      In each instance in which Defendant denies knowledge or information sufficient to answer an interrogatory, Defendant shall first set forth the name and address of each person, if any, known or believed to have such knowledge or information.

4.      In the event that a privilege is alleged as to any information requested hereby, or if an interrogatory for any reason otherwise is not answered in full, Defendant shall state the specific grounds for not answering said interrogatory fully, and shall answer said interrogatory to the complete extent to which it is not objectionable.  Fed. R. Civ. P. 33(b)(3)-(4).  Such answer shall describe the nature of the information for which a privilege is claimed, with sufficient particularity to enable Plaintiff to assess the applicability of the privilege.

5.      In response to those interrogatories requiring the identification of any document or tangible thing, such document or thing may be produced for inspection and copying with the answers to these interrogatories in lieu of identification, provided such document or thing constitutes a "business record" under Fed. R. Civ. P. 33(d).

6.      In the event that any document or tangible thing responsive to any of the following interrogatories has been lost or destroyed, Defendant shall identify, to the extent possible, any such document or thing; the date(s) on which the loss or destruction first was discovered; the person(s) who first discovered the loss or destruction, and the person(s) most knowledgeable about the content or composition of such lost or destroyed document or thing.

-2-

7.    In the event that any document or tangible thing responsive to any of the following interrogatories is not now within Defendant's possession, custody, or control, Defendant shall state the name, address, and telephone number of each person known to or believed by Defendant to have such possession, custody, or control, and shall identify which document or thing is in such person's possession, custody, or control.

## DEFINITIONS

For purposes of these interrogatories, the following terms shall have the meanings hereinafter given:

1.    "Defendant," "you," and "your," as used herein, shall refer to the nominal defendant, Marshall Brickman, his attorneys, agents, and representatives, and all partnerships, joint ventures, corporations, and related business entities in which he is a member, officer, director or shareholder.

2.    "Defendant DeVito," as used herein, shall refer to the nominal defendant, Thomas Gaetano DeVito, and his attorneys, agents, and representatives.

3.    "Person," as used herein, shall refer to both natural persons and corporate or other business entities, whether or not in the employ of Defendant, and the acts and knowledge of a "person" are defined to include the acts and knowledge of that person's officers, directors, members, partners, employees, representatives, agents, and attorneys.

4.    "The Work," as defined herein, shall refer to each and all of the following: (a) the biographical work concerning Defendant DeVito and the Four Seasons which forms the subject matter of U.S. Copyright Registration No. Txu 454 118; (b) the biographical work concerning Defendant DeVito which was identified in Defendant's Initial Disclosures, as served on or about December 17, 2008; and, (c) any version of the foregoing biographical work produced by Plaintiff in connection with Plaintiff's Initial Disclosures herein.

5.    "Copyright," or copyrights," as used herein, shall refer to any and all of the exclusive rights which together comprise a copyright, under 17 U.S.C. § 106.

6.    "Jersey Boys," as used herein, shall refer to the Tony® Award-winning musical work of the performing arts bearing that title, which debuted in La Jolla, California in 2004,

2002936.1
Corbello Exhibit 3
Page 0004

debuted on Broadway, in New York, New York in 2005, began national and international tours thereafter, and is performed at "permanent" locations, such as Palazzo Hotel, Resort & Casino in Las Vegas, Nevada, regardless of whether particular tours, companies, locations or divisions of the show are owned, organized, or incorporated separately.

7.    "The Jersey Boys Production," as issued herein, shall refer to *Jersey Boys*; all persons involved in creating the play, including the writers and director thereof; and, all persons who have controlling ownership interests therein, control over the content thereof, or control over the locations at which it is performed, to the extent known by Defendant.

8.    "Jersey Boys Collateral Items," as used herein, shall refer to all official or licensed goods made available for sale, or distributed to the public at any time, which are or were authorized by the *Jersey Boys Production*, and which reference, are associated wit, or are tied to, *Jersey Boys*.

9.    "The Four Seasons Partnership," shall refer to Defendants Robert J. Gaudio and Frankie Valli, as members of an informal partnership or joint venture, together with their attorney, Peter C. Bennett, and any corporations, proprietorships, partnerships, limited liability companies, or other business organizations in which said Defendants share ownership or control.

10.    "Document," or "documents," as used herein, is to be construed in the customary broad sense described in Fed. R. Civ. P. 34(a), and shall include, but shall not be limited to, letters, notes, correspondence, and electronic mail, whether handwritten, typed, or electronically produced; electronically stored information of any type;  memoranda; communications; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; books; manuscripts; notebooks; records (whether printed, written, or electronically, magnetically, or optically recorded); minutes; bills and invoices; purchase orders; receipts; contracts; agreements; drawings; sketches; advertising and promotional matter recorded in any medium (whether or not published); literature; press releases; pamphlets; circulars; trade letters; newspaper clippings; operating manuals; instruction bulletins; cables; telegrams; electronic mail; tape or other recordings, whether analogue or digital, including cassettes, acetates, record albums or singles, 8-track tapes, compact disks, reel-to-reel tapes, videocassettes, CD-R's, and

2002936.1
Corbello Exhibit 3
Page 0005

DVD's; test data; reports (including copyright research reports and opinions of counsel); forecasts; working papers; charts; drafts; indices; diskettes; memory cards and sticks; hard drives; data sheets; data processing cards; marginal comments appearing on any paper; periodicals; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and, all other physical objects, including, without limitation, toys; souvenirs; and, photographs or recordings on or in which any information is embodied.

11.    "Identify," shall mean, when used with respect to a person, to state the person's name, principal business address, telephone number, if known, and in the case of a natural person, his or her home address, telephone number, place of employment, title, and job duties.  To "identify" a document, shall mean to provide a brief description of the document sufficient to support a request for production, including the general nature of the subject matter, the date, the identity of the author or recipient, if any, and, if the document embodies an agreement, the parties to such agreement.  To "identify" a thing, shall mean to provide a brief description of the thing sufficient to support a request for production, including any numbers, markings, dates, or other identifying characteristics.  To "identify" a statement, shall mean, when used in reference to an oral statement, to state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable; otherwise a general description of the person(s) to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or by other recording, the date and present location of such writing or other recording.

12.    "Relate to," "relating to," "relating thereto," "regarding," "in regard to," and "in connection with," shall mean constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is an any way pertinent to the specified subject.

13.    "Or," shall mean "and/or."

14.    "By," shall mean, "by or on behalf of."

15.    "Any," and "all," shall mean "any and all."

2002936.1
Corbello Exhibit 3
Page 0006

16.     To "locate" a document or thing, means to state the exact present whereabouts of the document or thing, and to identify the person or persons having possession, custody, or control thereof.

### INTERROGATORIES

-               -

3.     Describe all efforts you have undertaken to preserve evidence in this case (including evidence which may be found within electronically stored information), specifying the date(s) of such efforts; the steps taken to preserve such evidence, and all evidence preserved as a result of such efforts.

2002936.1
Corbello Exhibit 3
Page 0007

6.      Identify all variations of every formative document, including, but not limited to, treatments, outlines, or scripts which you created, in whole or part, in connection with the play that became *Jersey Boys,* and specify the  date(s) of authorship for each.

7.      Identify all variations of every formative document, including treatments, outlines, or scripts created by others, in whole or part, in connection with the play that became *Jersey Boys*; specify the date(s) of authorship for each such formative document or variation, and identify the author(s)  thereof.

-7-

24.    Identify all documents, including correspondence, and electronic mail messages, relating to communications you have had with any of the other parties concerning the subject matter of this litigation.

2002936.1
Corbello Exhibit 3
Page 0009

1    Gregory H. Guillot
     Ggmark@radix.net
2    *Admitted Pro Hac Vice*
     GREGORY H. GUILLOT, P.C.
3    13455 Noel Road, Suite 1000
     Dallas, TX  75240
4    Phone: (972) 774-4560
     Fax: (214) 515-0411
5
     George L. Paul
6    *Admitted Pro Hac Vice*
     GPaul@LRLaw.com
7    John L. Krieger, State Bar No. 6023
     JKrieger@LRLaw.com
8    Robert H. McKirgan
     *Admitted Pro Hac Vice*
9    RMckirgan@LRLaw.com

10   LEWIS AND ROCA LLP
     3993 Howard Hughes Parkway, Suite 600
11   Las Vegas, NV  89169
     Phone: (702) 949-8200
12   Fax: (702) 949-8389

13   40 North Central Avenue, Suite 1900
     Phoenix, AZ  85004
14   Phone: (602) 262-5326
     Fax: (602) 734-3857
15
     Attorneys for Plaintiff,
16   DONNA CORBELLO

17

18                    UNITED STATES DISTRICT COURT

19                         DISTRICT OF NEVADA

20   DONNA CORBELLO, an individual,

                                              Case No. 2:08-cv-00867-RCJ-PAL
21                                  Plaintiff,

22        vs.                                 **PLAINTIFF'S FIRST SET OF
                                              INTERROGATORIES TO
23   THOMAS GAETANO DEVITO, an                DEFENDANT ERIC S. ELICE**
     individual, *et al.*,
24
                                  Defendants.
25

26        Plaintiff, Donna Corbello, by her attorneys, and pursuant to Fed. R. Civ. P. 33, herewith

27   propounds the following interrogatories to Defendant Eric ("Rick") S. Elice, to be answered

28

                                        -1-

separately, in writing, and under oath, in accordance with the instructions and definitions hereinafter set forth, within thirty (30) days from the date of service hereof.

## INSTRUCTIONS

1.      These interrogatories seek answers as of the date hereof, but are continuing in nature, so that any additional information relating hereto which Defendant hereafter acquires, or which hereafter becomes known to Defendant, up to and including the time of trial, shall be furnished to Plaintiff immediately after such information is acquired or becomes known, in accordance with Fed. R. Civ. P. 26(e)(1).

2.      In each instance in which an interrogatory is answered upon information and belief, Defendant shall set forth the basis for such information and belief.

3.      In each instance in which Defendant denies knowledge or information sufficient to answer an interrogatory, Defendant shall first set forth the name and address of each person, if any, known or believed to have such knowledge or information.

4.      In the event that a privilege is alleged as to any information requested hereby, or if an interrogatory for any reason otherwise is not answered in full, Defendant shall state the specific grounds for not answering said interrogatory fully, and shall answer said interrogatory to the complete extent to which it is not objectionable.  Fed. R. Civ. P. 33(b)(3)-(4).  Such answer shall describe the nature of the information for which a privilege is claimed, with sufficient particularity to enable Plaintiff to assess the applicability of the privilege.

5.      In response to those interrogatories requiring the identification of any document or tangible thing, such document or thing may be produced for inspection and copying with the answers to these interrogatories in lieu of identification, provided such document or thing constitutes a "business record" under Fed. R. Civ. P. 33(d).

6.      In the event that any document or tangible thing responsive to any of the following interrogatories has been lost or destroyed, Defendant shall identify, to the extent possible, any such document or thing; the date(s) on which the loss or destruction first was discovered; the person(s) who first discovered the loss or destruction, and the person(s) most knowledgeable about the content or composition of such lost or destroyed document or thing.

-2-

7.   In the event that any document or tangible thing responsive to any of the following interrogatories is not now within Defendant's possession, custody, or control, Defendant shall state the name, address, and telephone number of each person known to or believed by Defendant to have such possession, custody, or control, and shall identify which document or thing is in such person's possession, custody, or control.

## DEFINITIONS

For purposes of these interrogatories, the following terms shall have the meanings hereinafter given:

1.   "Defendant," "you," and "your," as used herein, shall refer to the nominal defendant, Eric S. Elice, his attorneys, agents, and representatives, and all partnerships, joint ventures, corporations, and related business entities in which he is a member, officer, director or shareholder.

2.   "Defendant DeVito," as used herein, shall refer to the nominal defendant, Thomas Gaetano DeVito, and his attorneys, agents, and representatives.

3.   "Person," as used herein, shall refer to both natural persons and corporate or other business entities, whether or not in the employ of Defendant, and the acts and knowledge of a "person" are defined to include the acts and knowledge of that person's officers, directors, members, partners, employees, representatives, agents, and attorneys.

4.   "The Work," as defined herein, shall refer to each and all of the following:  (a) the biographical work concerning Defendant DeVito and the Four Seasons which forms the subject matter of U.S. Copyright Registration No. Txu 454 118; (b) the biographical work concerning Defendant DeVito which was identified in Defendant's Initial Disclosures, as served on or about December 17, 2008; and, (c) any version of the foregoing biographical work produced by Plaintiff in connection with Plaintiff's Initial Disclosures herein.

5.   "Copyright," or copyrights," as used herein, shall refer to any and all of the exclusive rights which together comprise a copyright, under 17 U.S.C. § 106.

6.   "Jersey Boys," as used herein, shall refer to the Tony® Award-winning musical work of the performing arts bearing that title, which debuted in La Jolla, California in 2004,

-3-

debuted on Broadway, in New York, New York in 2005, began national and international tours thereafter, and is performed at "permanent" locations, such as Palazzo Hotel, Resort & Casino in Las Vegas, Nevada, regardless of whether particular tours, companies, locations or divisions of the show are owned, organized, or incorporated separately.

7.       "The Jersey Boys Production," as issued herein, shall refer to *Jersey Boys*; all persons involved in creating the play, including the writers and director thereof; and, all persons who have controlling ownership interests therein, control over the content thereof, or control over the locations at which it is performed, to the extent known by Defendant.

8.       "Jersey Boys Collateral Items," as used herein, shall refer to all official or licensed goods made available for sale, or distributed to the public at any time, which are or were authorized by the *Jersey Boys Production*, and which reference, are associated wit, or are tied to, *Jersey Boys*.

9.       "The Four Seasons Partnership," shall refer to Defendants Robert J. Gaudio and Frankie Valli, as members of an informal partnership or joint venture, together with their attorney, Peter C. Bennett, and any corporations, proprietorships, partnerships, limited liability companies, or other business organizations in which said Defendants share ownership or control.

10.       "Document," or "documents," as used herein, is to be construed in the customary broad sense described in Fed. R. Civ. P. 34(a), and shall include, but shall not be limited to, letters, notes, correspondence, and electronic mail, whether handwritten, typed, or electronically produced; electronically stored information of any type;  memoranda; communications; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; books; manuscripts; notebooks; records (whether printed, written, or electronically, magnetically, or optically recorded); minutes; bills and invoices; purchase orders; receipts; contracts; agreements; drawings; sketches; advertising and promotional matter recorded in any medium (whether or not published); literature; press releases; pamphlets; circulars; trade letters; newspaper clippings; operating manuals; instruction bulletins; cables; telegrams; electronic mail; tape or other recordings, whether analogue or digital, including cassettes, acetates, record albums or singles, 8-track tapes, compact disks, reel-to-reel tapes, videocassettes, CD-R's, and

-4-

3002936.1
Corbello Exhibit 3
Page 0013

DVD's; test data; reports (including copyright research reports and opinions of counsel); forecasts; working papers; charts; drafts; indices; diskettes; memory cards and sticks; hard drives; data sheets; data processing cards; marginal comments appearing on any paper; periodicals; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and, all other physical objects, including, without limitation, toys; souvenirs; and, photographs or recordings on or in which any information is embodied.

11.    "Identify," shall mean, when used with respect to a person, to state the person's name, principal business address, telephone number, if known, and in the case of a natural person, his or her home address, telephone number, place of employment, title, and job duties.   To "identify" a document, shall mean to provide a brief description of the document sufficient to support a request for production, including the general nature of the subject matter, the date, the identity of the author or recipient, if any, and, if the document embodies an agreement, the parties to such agreement.   To "identify" a thing, shall mean to provide a brief description of the thing sufficient to support a request for production, including any numbers, markings, dates, or other identifying characteristics.   To "identify" a statement, shall mean, when used in reference to an oral statement, to state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable; otherwise a general description of the person(s) to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or by other recording, the date and present location of such writing or other recording.

12.    "Relate to," "relating to," "relating thereto," "regarding," "in regard to," and "in connection with," shall mean constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is an any way pertinent to the specified subject.

13.    "Or," shall mean "and/or."

14.    "By," shall mean, "by or on behalf of."

15.    "Any," and "all," shall mean "any and all."

2002936.1
Corbello Exhibit 3
Page 0014

16.     To "locate" a document or thing, means to state the exact present whereabouts of the document or thing, and to identify the person or persons having possession, custody, or control thereof.

## INTERROGATORIES

3.     Describe all efforts you have undertaken to preserve evidence in this case (including evidence which may be found within electronically stored information), specifying the date(s) of such efforts; the steps taken to preserve such evidence, and all evidence preserved as a result of such efforts.

6.     Identify all variations of every formative document, including, but not limited to, treatments, outlines, or scripts which you created, in whole or part, in connection with the play that became *Jersey Boys,* and specify the  date(s) of authorship for each.

-6-

7.     Identify all variations of every formative document, including treatments, outlines, or scripts created by others, in whole or part, in connection with the play that became *Jersey Boys*; specify the date(s) of authorship for each such formative document or variation, and identify the author(s) thereof.

2002926.1
Corbello Exhibit 3
Page 0016

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

24.    Identify all documents, including correspondence, and electronic mail messages, relating to communications you have had with any of the other parties concerning the subject matter of this litigation.

-9-

1   Gregory H. Guillot
    ggmark@radix.net
2   *Admitted Pro Hac Vice*
    GREGORY H. GUILLOT, P.C.
3   13455 Noel Road, Suite 1000
    Dallas, TX  75240
4   Phone: (972) 774-4560
    Fax: (214) 515-0411
5
    George L. Paul
6   *Admitted Pro Hac Vice*
    GPaul@LRLaw.com
7   John L. Krieger, State Bar No. 6023
    JKrieger@LRLaw.com
8   Robert H. McKirgan
    *Admitted Pro Hac Vice*
9   RMckirgan@LRLaw.com

10  LEWIS AND ROCA LLP
    3993 Howard Hughes Parkway, Suite 600
11  Las Vegas, NV  89169
    Phone: (702) 949-8200
12  Fax: (702) 949-8389

13  40 North Central Avenue, Suite 1900
    Phoenix, AZ  85004
14  Phone: (602) 262-5326
    Fax: (602) 734-3857
15
    Attorneys for Plaintiff,
16  DONNA CORBELLO

17
                    UNITED STATES DISTRICT COURT
18
                        DISTRICT OF NEVADA
19

20  DONNA CORBELLO, an individual,
                                        Case No. 2:08-cv-00867-RCJ-PAL
21                          Plaintiff,

22      vs.                             **PLAINTIFF'S FIRST REQUEST FOR
                                        PRODUCTION OF DOCUMENTS,**
23  THOMAS GAETANO DEVITO, an           **ELECTRONICALLY STORED**
    individual, *et al.*,               **INFORMATION AND THINGS TO**
24                          Defendants. **DEFENDANT MARSHALL**
                                        **BRICKMAN**
25

26

27
        Plaintiff, Donna Corbello, by her attorneys, and pursuant to Fed. R. Civ. P. 34, herewith
28
    requests that Defendant, Marshall Brickman, produce the documents and things described below

-1-

for inspection and copying, in accordance with the instructions and definitions hereinafter set forth, within thirty (30) days from the date of service hereof.

### INSTRUCTIONS FOR PRODUCTION

1.      Each request for production set forth herein shall be deemed continuing in nature, and Defendant shall update, revise, and otherwise keep current, any information provided in response to each request, as facts or circumstances become known or change, in accordance with Fed. R. Civ. P. 26(e)(1).

2.      In the event that any document requested is not readily available in a form suitable for copying and inspection (e.g., word-processor or computer-stored information), Defendant shall, in advance of the date specified for production, inform requesting counsel thereof, and arrange a suitable method of copying or providing same to requesting counsel for review.

3.      All documents in the possession, custody, or control of Defendant, or any of Defendant's representatives, which are responsive to, or relate to, the descriptions set forth herein, shall be produced.  Control, means that Defendant, or any of Defendant's representatives, either has the documents, has access to the documents, or has the right to obtain the documents from the person(s) or entity(ies) currently having possession thereof.

4.      In the event that any document responsive or related to any request herein is known to Defendant, or any of Defendant's representatives, to have existed, but no longer exists, or is known to have been in the possession or control of Defendant, or any of Defendant's representatives, but no longer is in their possession or control, Defendant shall identify such document(s), and:

        a.   State the last known date for the document(s)' existence, or Defendant's or any representative's possession or control;

        b.   Identify the person or entity having possession or custody of the document(s) on the last-known date of existence, or the last-known date of possession, custody or control by Defendant, or any representative thereof;

        c.   State the length of each such document;

        d.   State the reason(s) why each such document was destroyed, no longer exists, or no longer is in the possession, custody, or control of Defendant or Defendant's agent or attorney;

-2-

e.  Describe the contents of each such document;

f.  If the document still exists, identify the person(s) or entity(ies) which today have possession, custody, or control thereof.

5.      If any document responsive or related to the requests set forth hereinbelow, which would have been produced on the date set for production, had it existed or been in Defendant's (or Defendant's representatives') possession, custody, or control, later comes into existence, or into the possession, custody, or control of Defendant, or Defendant's representatives, Defendant shall notify requesting counsel immediately, and such document shall be produced to said counsel at the earlier possible time.

6.      With respect to any document specified for which a claim of privilege or work product immunity is made, Defendant shall indicate the nature of the document; identify by name, address, occupation, title and business affiliation, the writer, the addressee and all recipients thereof, the general subject matter to which the document relates, and the date thereof.  Where possible, the document shall be produced in redacted form, with the privileged or work-product protected matter blocked out.  In all cases, the specific grounds for the claim of privilege or work-product immunity must be specified, with sufficient particularity to permit Plaintiff to assess the applicability of the privilege or any claimed work product immunity.

7.      For each document produced, the request to which it is deemed responsive must be specified.

8.      Defendant's response to this request is required in writing, pursuant to Fed. R. Civ. P. 34.

## DEFINITIONS

1.      In reading and interpreting each request for production set forth hereinbelow, words generally are to accorded their normal and customary meanings, and it is to be assumed that the normal and customary breadth of interpretation and definition apply, rather than narrow, technical definitions.  In addition, for purposes of these requests, the following terms shall have the meaning given herein:

A.      "Document," or "documents," refers to the original, any copies of the

-3-

original, and any nonidentical copies thereof and/or amendments thereto, of any written, preprinted, typed, electronically-stored, or visually- or aurally-recorded material of any kind, including, but not limited to, letters, notes, and correspondence, whether handwritten, typed, or electronically produced; electronically stored information, memoranda; communications; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; books; notebooks; records (whether printed, written, or electronically, magnetically, or optically recorded); minutes; bills and invoices; purchase orders; check stubs; receipts; contracts; agreements; drawings; sketches; advertising and promotional matter recorded in any medium (whether or not published); literature; press releases; pamphlets; circulars; trade letters; newspaper clippings; operating manuals; instruction bulletins; cables; telegrams; electronic mail; tape or other recordings; test data; reports (including copyright research reports and opinions of counsel); studies; forecasts; working papers; charts; drafts; indices; diskettes; data sheets; data processing cards; marginal comments appearing on any paper; periodicals; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and, any other physical objects, including, without limitation, photographs or recordings on or in which any information is embodied.

      B.    "Electronically stored information," shall have the meaning accorded thereto under FED. R. CIV. P. 34(a).

      C.    "Persons," shall mean natural persons, corporations, partnerships, associations, and other legal entities, governments or governmental bodies, commissions, boards, agencies, or other entities.

      D.    "Defendant," refers to the nominal defendant, Marshall Brickman, his representatives, and any affiliated business entity in which Defendant holds an ownership interest.

      E.    "Representative," or "Representatives," includes, but is not limited to, Defendant's legal counsel, consultants, accountants, employees, and agents.

      F.    "Defendant DeVito," as used herein, shall refer to the nominal defendant, Thomas Gaetano DeVito, and his attorneys, agents, and representatives.

2002057.1
Corbello Exhibit 3
Page 0021

G.     "The Work," as defined herein, shall refer to each and all of the following: (a) the biographical work concerning Defendant DeVito and the Four Seasons which forms the subject matter of U.S. Copyright Registration No. Txu 454 118; (b) the biographical work concerning Defendant DeVito which was identified in Defendant's Initial Disclosures, as served on or about December 17, 2008; and, (c) any version of the foregoing biographical work produced by Plaintiff in connection with Plaintiff's Initial Disclosures herein.

H.     "Copyright," or copyrights," as used herein, shall refer to any and all of the exclusive rights which together comprise a copyright, under 17 U.S.C. § 106.

I.     "Jersey Boys," shall refer to the Dodger Theatricals Ltd. musical production and work of the performing arts bearing that title, which debuted in La Jolla, California in 2004, debuted on Broadway, in New York, New York in 2005, began national and international tours thereafter, and is performed at "permanent" locations, such as Palazzo Hotel, Resort & Casino in Las Vegas, Nevada, regardless of whether particular tours, companies, locations or divisions of the show are organized or incorporated separately, for business reasons.

J.     "The Jersey Boys Production," shall refer to *Jersey Boys*; all persons involved in creating the play, including the writers and director thereof; and, all persons who have controlling ownership interests therein, veto power with respect to the content thereof, or control over the locations at which it is performed.

K.     "Jersey Boys Collateral Items," shall refer to all official or licensed goods made available for sale, or distributed to the public at any time, which are or were authorized by the *Jersey Boys Production*, and which reference, are bared on, are associated with, or are tied to, *Jersey Boys*.

L.     "The Four Seasons Partnership," shall refer to Defendants Robert J. Gaudio and Frankie Valli, as members of a formal or informal partnership, together with their attorney, Peter C. Bennett, and any corporations, proprietorships, partnerships, limited liability companies, or other business organizations in which they share ownership or control.

M.     "Relate to," "relating to," "relating thereto," "regarding," "in regard to," and "in connection with," shall mean constitutes, contains, embodies, reflects, evidences, identifies,

-5-

1   states, refers to, deals with, or is an any way pertinent to the specified request.

2           N.    "Or," shall mean "and/or."

3   <u>**DOCUMENTS AND THINGS TO BE PRODUCED**</u>

4          1.    All documents, electronically stored information or things identified in Defendant's

5   Initial Disclosures in this action.

6          2.    All documents, electronically stored information or things identified in response to

7   Interrogatories No. 1 through 31 of *Plaintiff's First Set of Interrogatories to Defendant, Marshall*

8   *Brickman*, served contemporaneously herewith.

9          3.    All documents, electronically stored information or things not identified in

10  response to Interrogatories No. 1 through 31 of *Plaintiff's First Set of Interrogatories to*

11  *Defendant, Marshall Brickman*, which nonetheless were relied upon in answering said

12  interrogatories, or which support Defendant's responses thereto.

13         4.    All drafts, treatments, notes, revisions, summaries, dictation, other documents, or

14  electronically stored information or things relating to any play, film, television show or production

15  of any kind concerning the Four Seasons or their music.

16

17

18

19

20

21

22

23

24

25

26

27         9.    All documents, electronically stored information or things relating to any

28  communications, including electronically stored correspondence, between any of the parties in this

-6-

1  action, between December 1999 and the present, which mention or concern *Jersey Boys*; Rex

2  Woodard; the Work; this litigation; biographies of the Four Seasons or its members; books about

3  the Four Seasons or its members; or, screenplays, scripts, librettos, plays, movies, musicals,

4  teleplays, or television programs in which the members of the Four Seasons are mentioned or in

5  which their names appear.

20020957.1
Corbello Exhibit 3
Page 0024

16.   All correspondence of any type, including electronically-stored correspondence, with Peter C. Bennett, Jay Julien, Peter Conti, Nick Macioci, Joseph Labracio, Nick DeVito, Joe Pesci; Richard Hammer, Tom DeCillis, Ed Strong, Joseph Grano, Michael David, David Case, Charles Alexander, Holly Cote, Broadway Books; the Palazzo Hotel and Casino, Randy Valli, any of the actors who have portrayed any of the members of the Four Seasons in *Jersey Boys*, and all other persons not a party to this action, from 1999 to the present, which contains any reference to *Jersey Boys*; Rex Woodard; the Work; this litigation; the life story of any member of the Four Seasons; biographies of the Four Seasons; books about the Four Seasons; or screenplays, scripts, librettos, plays, movies, musicals, teleplays, or television programs in which members of the Four Seasons are mentioned or in which their names appear.

17.   All documents, electronically stored information or things evidencing any modifications made to the Jersey Boys script since it debuted in La Jolla in 2004.

-8-

1   Gregory H. Guillot
     ggmark@radix.net
2    *Admitted Pro Hac Vice*
     GREGORY H. GUILLOT, P.C.
3    13455 Noel Road, Suite 1000
     Dallas, TX  75240
4    Phone: (972) 774-4560
     Fax: (214) 515-0411
5
     George L. Paul
6    *Admitted Pro Hac Vice*
     GPaul@LRLaw.com
7    John L. Krieger, State Bar No. 6023
     JKrieger@LRLaw.com
8    Robert H. McKirgan
     *Admitted Pro Hac Vice*
9    RMckirgan@LRLaw.com

10   LEWIS AND ROCA LLP
     3993 Howard Hughes Parkway, Suite 600
11   Las Vegas, NV  89169
     Phone: (702) 949-8200
12   Fax: (702) 949-8389

13   40 North Central Avenue, Suite 1900
     Phoenix, AZ  85004
14   Phone: (602) 262-5326
     Fax: (602) 734-3857
15
     Attorneys for Plaintiff,
16   DONNA CORBELLO

17

18                     UNITED STATES DISTRICT COURT

19                          DISTRICT OF NEVADA

20   DONNA CORBELLO, an individual,

21                          Plaintiff,          Case No. 2:08-cv-00867-RCJ-PAL

22       vs.                                    **PLAINTIFF'S FIRST REQUEST FOR
                                                PRODUCTION OF DOCUMENTS,**
23   THOMAS GAETANO DEVITO, an                  **ELECTRONICALLY STORED
     individual, *et al.*,                      INFORMATION AND THINGS TO
24                                              DEFENDANT ERIC S. ELICE**
                            Defendants.
25

26

27          Plaintiff, Donna Corbello, by her attorneys, and pursuant to Fed. R. Civ. P. 34, herewith

28   requests that Defendant, Erice S. Elice, produce the documents and things described below for

                                              -1-

1   inspection and copying, in accordance with the instructions and definitions hereinafter set forth,

2   within thirty (30) days from the date of service hereof.

3   **INSTRUCTIONS FOR PRODUCTION**

4       1.     Each request for production set forth herein shall be deemed continuing in nature,

5   and Defendant shall update, revise, and otherwise keep current, any information provided in

6   response to each request, as facts or circumstances become known or change, in accordance with

7   Fed. R. Civ. P. 26(e)(1).

8       2.     In the event that any document requested is not readily available in a form suitable

9   for copying and inspection (e.g., word-processor or computer-stored information), Defendant

10   shall, in advance of the date specified for production, inform requesting counsel thereof, and

11   arrange a suitable method of copying or providing same to requesting counsel for review.

12       3.     All documents in the possession, custody, or control of Defendant, or any of

13   Defendant's representatives, which are responsive to, or relate to, the descriptions set forth herein,

14   shall be produced.  Control, means that Defendant, or any of Defendant's representatives, either

15   has the documents, has access to the documents, or has the right to obtain the documents from the

16   person(s) or entity(ies) currently having possession thereof.

17       4.     In the event that any document responsive or related to any request herein is known

18   to Defendant, or any of Defendant's representatives, to have existed, but no longer exists, or is

19   known to have been in the possession or control of Defendant, or any of Defendant's

20   representatives, but no longer is in their possession or control, Defendant shall identify such

21   document(s), and:

22         a.  State the last known date for the document(s)' existence, or Defendant's or any representative's possession or control;

24         b.  Identify the person or entity having possession or custody of the document(s) on the last-known date of existence, or the last-known date of possession, custody or control by Defendant, or any representative thereof;

26         c.  State the length of each such document;

27

28         d.  State the reason(s) why each such document was destroyed, no longer exists, or no longer is in the possession, custody, or control of Defendant or Defendant's agent or attorney;

-2-

e. Describe the contents of each such document;

f. If the document still exists, identify the person(s) or entity(ies) which today have possession, custody, or control thereof.

5. If any document responsive or related to the requests set forth hereinbelow, which would have been produced on the date set for production, had it existed or been in Defendant's (or Defendant's representatives') possession, custody, or control, later comes into existence, or into the possession, custody, or control of Defendant, or Defendant's representatives, Defendant shall notify requesting counsel immediately, and such document shall be produced to said counsel at the earlier possible time.

6. With respect to any document specified for which a claim of privilege or work product immunity is made, Defendant shall indicate the nature of the document; identify by name, address, occupation, title and business affiliation, the writer, the addressee and all recipients thereof, the general subject matter to which the document relates, and the date thereof. Where possible, the document shall be produced in redacted form, with the privileged or work-product protected matter blocked out. In all cases, the specific grounds for the claim of privilege or work-product immunity must be specified, with sufficient particularity to permit Plaintiff to assess the applicability of the privilege or any claimed work product immunity.

7. For each document produced, the request to which it is deemed responsive must be specified.

8. Defendant's response to this request is required in writing, pursuant to Fed. R. Civ. P. 34.

## DEFINITIONS

1. In reading and interpreting each request for production set forth hereinbelow, words generally are to accorded their normal and customary meanings, and it is to be assumed that the normal and customary breadth of interpretation and definition apply, rather than narrow, technical definitions. In addition, for purposes of these requests, the following terms shall have the meaning given herein:

A. "Document," or "documents," refers to the original, any copies of the

-3-

original, and any nonidentical copies thereof and/or amendments thereto, of any written, preprinted, typed, electronically-stored, or visually- or aurally-recorded material of any kind, including, but not limited to, letters, notes, and correspondence, whether handwritten, typed, or electronically produced; electronically stored information, memoranda; communications; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; books; notebooks; records (whether printed, written, or electronically, magnetically, or optically recorded); minutes; bills and invoices; purchase orders; check stubs; receipts; contracts; agreements; drawings; sketches; advertising and promotional matter recorded in any medium (whether or not published); literature; press releases; pamphlets; circulars; trade letters; newspaper clippings; operating manuals; instruction bulletins; cables; telegrams; electronic mail; tape or other recordings; test data; reports (including copyright research reports and opinions of counsel); studies; forecasts; working papers; charts; drafts; indices; diskettes; data sheets; data processing cards; marginal comments appearing on any paper; periodicals; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and, any other physical objects, including, without limitation, photographs or recordings on or in which any information is embodied.

B.   "Electronically stored information," shall have the meaning accorded thereto under FED. R. CIV. P. 34(a).

C.   "Persons," shall mean natural persons, corporations, partnerships, associations, and other legal entities, governments or governmental bodies, commissions, boards, agencies, or other entities.

D.   "Defendant," refers to the nominal defendant, Eric S. Elice, his representatives, and any affiliated business entity in which Defendant holds an ownership interest.

E.   "Representative," or "Representatives," includes, but is not limited to, Defendant's legal counsel, consultants, accountants, employees, and agents.

F.   "Defendant DeVito," as used herein, shall refer to the nominal defendant, Thomas Gaetano DeVito, and his attorneys, agents, and representatives.

-4-

Corbello Exhibit 3
Page 0029

G.     "The Work," as defined herein, shall refer to each and all of the following: (a) the biographical work concerning Defendant DeVito and the Four Seasons which forms the subject matter of U.S. Copyright Registration No. Txu 454 118; (b) the biographical work concerning Defendant DeVito which was identified in Defendant's Initial Disclosures, as served on or about December 17, 2008; and, (c) any version of the foregoing biographical work produced by Plaintiff in connection with Plaintiff's Initial Disclosures herein.

H.     "Copyright," or copyrights," as used herein, shall refer to any and all of the exclusive rights which together comprise a copyright, under 17 U.S.C. § 106.

I.     "Jersey Boys," shall refer to the Dodger Theatricals Ltd. musical production and work of the performing arts bearing that title, which debuted in La Jolla, California in 2004, debuted on Broadway, in New York, New York in 2005, began national and international tours thereafter, and is performed at "permanent" locations, such as Palazzo Hotel, Resort & Casino in Las Vegas, Nevada, regardless of whether particular tours, companies, locations or divisions of the show are organized or incorporated separately, for business reasons.

J.     "The Jersey Boys Production," shall refer to *Jersey Boys*; all persons involved in creating the play, including the writers and director thereof; and, all persons who have controlling ownership interests therein, veto power with respect to the content thereof, or control over the locations at which it is performed.

K.     "Jersey Boys Collateral Items," shall refer to all official or licensed goods made available for sale, or distributed to the public at any time, which are or were authorized by the *Jersey Boys Production*, and which reference, are bared on, are associated with, or are tied to, *Jersey Boys*.

L.     "The Four Seasons Partnership," shall refer to Defendants Robert J. Gaudio and Frankie Valli, as members of a formal or informal partnership, together with their attorney, Peter C. Bennett, and any corporations, proprietorships, partnerships, limited liability companies, or other business organizations in which they share ownership or control.

M.     "Relate to," "relating to," "relating thereto," "regarding," "in regard to," and "in connection with," shall mean constitutes, contains, embodies, reflects, evidences, identifies,

-5-

states, refers to, deals with, or is an any way pertinent to the specified request.

        N.    "Or," shall mean "and/or."

## <u>DOCUMENTS AND THINGS TO BE PRODUCED</u>

       1.    All documents, electronically stored information or things identified in Defendant's Initial Disclosures in this action.

       2.    All documents, electronically stored information or things identified in response to Interrogatories No. 1 through 31 of *Plaintiff's First Set of Interrogatories to Defendant, Eric S. Elice*, served contemporaneously herewith.

       3.    All documents, electronically stored information or things not identified in response to Interrogatories No. 1 through 31 of *Plaintiff's First Set of Interrogatories to Defendant, Eric S. Elice*, which nonetheless were relied upon in answering said interrogatories, or which support Defendant's responses thereto.

       4.    All drafts, treatments, notes, revisions, summaries, dictation, other documents, or electronically stored information or things relating to any play, film, television show or production of any kind concerning the Four Seasons or their music.

       9.    All documents, electronically stored information or things relating to any communications, including electronically stored correspondence, between any of the parties in this

-6-

action, between December 1999 and the present, which mention or concern *Jersey Boys*; Rex Woodard; the Work; this litigation; biographies of the Four Seasons or its members; books about the Four Seasons or its members; or, screenplays, scripts, librettos, plays, movies, musicals, teleplays, or television programs in which the members of the Four Seasons are mentioned or in which their names appear.

10.   All documents, electronically stored information or things which you provided to Broadway Books in connection with the *Jersey Boys* coffee table book authored by David Cote and published in or about October 2007, whether or not the material was included in the final text as published.

2002957.1
Corbello Exhibit 3
Page 0032

16.     All correspondence of any type, including electronically-stored correspondence, with Peter C. Bennett, Jay Julien, Peter Conti, Nick Macioci, Joseph Labracio, Nick DeVito, Joe Pesci; Richard Hammer, Tom DeCillis, Ed Strong, Joseph Grano, Michael David, David Case, Charles Alexander, Holly Cote, Broadway Books; the Palazzo Hotel and Casino, Randy Valli, any of the actors who have portrayed any of the members of the Four Seasons in *Jersey Boys*, and all other persons not a party to this action, from 1999 to the present, which contains any reference to *Jersey Boys*; Rex Woodard; the Work; this litigation; the life story of any member of the Four Seasons; biographies of the Four Seasons; books about the Four Seasons; or screenplays, scripts, librettos, plays, movies, musicals, teleplays, or television programs in which members of the Four Seasons are mentioned or in which their names appear.

17.     All documents, electronically stored information or things evidencing any modifications made to the Jersey Boys script since it debuted in La Jolla in 2004.

-8-