Gregory H. Guillot
ggmark@radix.net
*Admitted Pro Hac Vice*
GREGORY H. GUILLOT, P.C.
13455 Noel Road, Suite 1000
Dallas, TX 75240
Telephone: (972) 774-4560
Facsimile: (214) 515-0411

John L. Krieger, (Nevada Bar No. 6023)
JKrieger@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8389

George L. Paul
GPaul@LRLaw.com
*Admitted Pro Hac Vice*
Robert H. McKirgan,
RMckirgan@LRLaw.com
*Admitted Pro Hac Vice*
LEWIS AND ROCA LLP
40 North Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 262-5326
Facsimile: (602) 734-3857

Attorneys for Plaintiff,
DONNA CORBELLO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA CORBELLO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS GAETANO DEVITO, an individual, *et al.*,<br><br>Defendants. | Case No. 2:08-cv-00867-RCJ-PAL<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE CERTAIN EXHIBITS ATTACHED TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE NOVEMBER 12, 2010 ORDER (DOC. 345) UNDER SEAL** |

Plaintiff Donna Corbello, by her attorneys, and pursuant to the *Stipulated Protective Order* (Doc. 94) entered into by the parties, and the Court's *Protective Order Governing Confidentiality of Documents* entered on January 5, 2009 ("Order Regarding Sealing Requirements") (Doc. 95), herewith requests leave to file certain documents under seal as

exhibits to her motion seeking reconsideration of the Magistrate Judge's November 12, 2010 Order (Doc. 345).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to her obligations under the *Stipulated Protective Order* and *Order Regarding Sealing Requirements*, Plaintiff seeks an order permitting her to file the following documents under seal, which were produced by Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, DSHT, Inc., Dodger Theatricals, Inc., and/or JB Viva Vegas, LP (the "New Defendants"), and/or by third parties GK Films, Inc., Charles Alexander, and Kevin Kinsella (collectively, the "Third Parties"), and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" thereby, and which she intends to attach as exhibits to her motion seeking reconsideration of the Magistrate Judge's November 12, 2010 Order:

- JB-0041413, JB-0041673, JB-0041752, JB-0045869, consisting of excerpts from undated *Jersey Boys* scripts;
- JB-0038554, GKF 000002 through GKF 000006, GKF 000012-000013 & GKF 000038-000040, consisting of excerpts from documents regarding possible *Jersey Boys* films;
- JB-0027245, JB-0027257, JB-0027275, JB-0027280, JB-0023325, JB-0027448, JB-0027467 through JB-0027468, JB-0027474, JB-0027505, JB-0027576, JB-0027590 through JB-0027591, JB-0027629, JB-0033051-0033053, JB-0033055-0033057, JB-0033059-0033067, JB-0033069 through JB-0033071, JB-0033073, JB-0033080, JB-0033082 through JB-0033083, JB-0033085, JB-0033087, and JB-0033150 consisting of copies of selected email exchanges produced by Defendants Brickman and Elice between Defendant Des McAnuff and various other New Defendants dated from approximately 2004 through 2006;
- JB-0027244, JB-0027252, JB-0027265, JB-0027278 through JB-0027279, JB-0027284, JB-0027290 through JB-0027291, JB-0027293, JB-0027310, JB-0027314, JB-0027320 through JB-0027321, JB-0027326, JB-0027329, JB-0027336, JB-0027343, JB-0027358, JB-0027369, JB-0027373, JB-0027375, JB-

0027382, JB-0027385, JB-0027403, JB-0027431, JB-0027439, JB-0027453, JB-0027456, JB-0027459, JB-0027461, JB-0027469, JB-0027588, JB-0027622, JB-0027625, JB-0027627, JB-0027647, and JB-0027683, consisting of copies of selected email correspondence produced by Defendants Brickman and Elice where the email was produced, but the corresponding and referenced attachment was not produced;

- KINSELLA-007310, KINSELLA-007650, and KINSELLA-007654 consisting of excerpts from the Jersey Boys Broadway Limited Partnership Agreement and the JB Viva Vegas LP Agreement;
- JB-0027248, JB-0027250, JB-0027260 through JB-0027261, JB-0027264, JB-0027277, JB-0027287, JB-0027306, JB-0027323, JB-0027410, JB-0027540, JB-0027553, JB-0027266 through JB-0027268, and JB-0033185 consisting of copies of selected email correspondence produced by Defendants Brickman and Elice addressing the development of *Jersey Boys*;
- ALEX-000134 and JB-0054382 consisting of copies of selected email correspondence produced by Mr. Charles Alexander (in response to a subpoena duces tecum and subject to the *Order Regarding Sealing Requirements*) and Defendant Elice;
- JB-0027301, JB-0055526 through JB-0055528, and JB-0069866 consisting of copies of documents produced by Defendants Brickman and Elice regarding issues related to the *Jersey Boys* script;
- JB-0027286, JB-0027292, JB-0027322, JB-0027408, JB-0027434, JB-0027464, JB-0027556, JB-0027670, and JB-0027668 consisting of copies of email correspondence produced by Defendant Brickman referring to the use of MovieMagic® screenwriter software;
- JB-0027295, JB-0027334 through JB-0027335, and JB-0027602 consisting of copies of email correspondence produced by Defendant Brickman related to

    Defendants Brickman's and Elice's knowledge of the Work in question and co-authorship of the same;

- JB-0027395, JB-0027538, JB-0057092, JB-0059796, JB-0067603, and JB-0069802 consisting of selected documents produced by Defendants Brickman and Elice demonstrating that cut off of January 2007 would deprive Plaintiff of valuable information relevant to her claims; and
- ALEX-000012 through ALEX-000016 consisting of email correspondence produced by Mr. Alexander pursuant to subpoena and subject to the *Order Regarding Sealing Requirements* addressing his limited communication with Plaintiff's counsel, Mr. Greg Guillot.

## I. <u>ARGUMENT</u>

There is an exception to the normal presumption of access to judicial records, for "sealed discovery document[s] [attached] to a non-dispositive motion," such that "the usual presumption of the public's right of access is rebutted." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006) (citing *Phillips v. General Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002)). The public has less of a need for access to court records attached only to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Id*. (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)). Moreover, "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id*. (citing *Phillips*, 307 F.3d at 1213). Finally, when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id*. Accordingly, "good cause" exists for the filing of the foregoing documents under seal.

Pursuant to the *Stipulated Protective Order* herein, Plaintiff has an obligation to maintain the confidentiality of any document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by either an opposing party or a third party who has produced documents

subject to a subpoena duces tecum, and the documents identified above were so marked by the New Defendants and the Third Parties, who were served with the *Stipulated Protective Order*. Accordingly, Plaintiff may not file the documents with the Court without obtaining an Order and/or filing them under seal. Whereas, Plaintiff's motion for reconsideration is not a dispositive motion, the filing of these documents under seal falls within the exception to the general presumption of public access carved out by the courts of this Circuit for documents attached to non-dispositive motions. Accordingly, leave to file the subject documents under seal should be granted.

## II. CONCLUSION

IN VIEW OF THE ABOVE, Plaintiff respectfully requests that her *Motion for Leave to File Certain Exhibits to Plaintiff's Motion for Reconsideration of the November 12, 2010 Order (Doc. 345) Under Seal* be granted.

Dated: November 29, 2010

RESPECTFULLY SUBMITTED:

/s/John L. Krieger
Gregory H. Guillot
George L. Paul
John L. Krieger
Robert H. McKirgan
Attorneys for Plaintiff, Donna Corbello

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE
DATED: November 30, 2010

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I, Gregory H. Guillot, hereby certify that on November 29, 2010, I electronically filed the foregoing document and this *Certificate of Service* with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following:

L. Bradley Hancock
Christopher B. Payne
Greenberg Traurig, LLP
1000 Louisiana
Suite 1800
Houston, TX  77002

Booker T. Evans, Jr.
Greenburg Traurig, LLP
2375 East Camelback Road
Suite 700
Phoenix, AZ  85016

Alma Chao
Greenburg Traurig, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada  89169

*Attorneys for Thomas Gaetano DeVito*

Daniel M. Mayeda
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274

David S. Korzenik
MILLER KORZENIK SOMMERS LLP
488 Madison Avenue, Suite 1120
New York, New York 10022-5702

Samuel S. Lionel
Todd Kennedy
LIONEL, SAWYER & COLLINS
300 So. 4th Street #1700
Las Vegas, Nevada 89101

*Attorneys for Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, Des McAnuff, DSHT, Inc., and Dodger Theatricals, Ltd.*

 /s/Gregory H. Guillot