1  Gregory H. Guillot
   ggmark@radix.net
2  *Admitted Pro Hac Vice*
   GREGORY H. GUILLOT, P.C.
3  13455 Noel Road, Suite 1000
   Dallas, TX  75240
4  Telephone: (972) 774-4560
   Facsimile: (214) 515-0411
5
   John L. Krieger, (Nevada Bar No. 6023)
6  JKrieger@LRLaw.com
   LEWIS AND ROCA LLP
7  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV  89169
8  Telephone: (702) 949-8200
   Facsimile: (702) 949-8389
9
   George L. Paul
10 GPaul@LRLaw.com
   *Admitted Pro Hac Vice*
11 Robert H. McKirgan,
   RMckirgan@LRLaw.com
12 *Admitted Pro Hac Vice*
   LEWIS AND ROCA LLP
13 40 North Central Avenue, Suite 1900
   Phoenix, AZ  85004
14 Telephone: (602) 262-5326
   Facsimile: (602) 734-3857
15
   Attorneys for Plaintiff,
16 DONNA CORBELLO

17              **UNITED STATES DISTRICT COURT**

18                    **DISTRICT OF NEVADA**

19 DONNA CORBELLO, an individual,
                                            Case No. 2:08-cv-00867-RCJ-PAL
20          Plaintiff,
                                            **PLAINTIFF'S MOTION FOR LEAVE**
21     vs.                                  **TO FILE CERTAIN EXHIBITS TO**
                                            ***PLAINTIFF'S MOTION TO COMPEL***
22 THOMAS GAETANO DEVITO, an                ***ANSWERS TO INTERROGATORIES***
   individual, *et al.*,                    ***AND THE PRODUCTION OF***
23                                          ***DOCUMENTS BY DEFENDANT, DES***
            Defendants.                     ***MCANUFF* (DOC. 362) UNDER SEAL**
24

25        Plaintiff Donna Corbello, by her attorneys, and pursuant to the *Stipulated Protective*

26 *Order* (Doc. 94) entered into by the parties, and the Court's *Protective Order Governing*

27 *Confidentiality of Documents* entered on January 5, 2009 ("Order Regarding Sealing

28 Requirements") (Doc. 95), herewith requests leave to file certain documents under seal as

exhibits to *Plaintiff's Motion to Compel Answers to Interrogatories and the Production of Documents by Defendant, Des McAnuff* (Doc. 362) ("Motion to Compel").

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Pursuant to her obligations under the *Stipulated Protective Order* and *Order Regarding Sealing Requirements*, Plaintiff seeks an order permitting her to file the following documents under seal, which were produced by Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, DSHT, Inc., Dodger Theatricals, Inc., and/or JB Viva Vegas, LP (the "New Defendants"), and/or by third party Kevin Kinsella ("Kinsella"), and/or by third party Charles Alexander ("Alexander"), and marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" thereby, which she intends to attach as exhibits to her *Motion to Compel*, as to Defendant Des McAnuff ("McAnuff"):

- JB-0027245, JB-0027257, JB-0027275, JB-0027280, JB-0027325, JB-0027448, JB-0027467, JB-0027468, JB-0027474, JB-0027505, JB-0027576, JB-0027590, JB-0027591, JB-0027629, JB-0033051 to JB-0033053, JB-0033055 to JB-0033057, JB-0033059 to JB-0033067, JB-0033069 to JB-0033071, JB-0033073, JB-0033080, JB-0033082 to JB-0033083, JB-0033085, JB-0033087, and JB-0033150, consisting of e-mails to and from McAnuff regarding the creation of Jersey Boys.

- JB-002334 to JB-002335, JB-0027002, JB-0027295, JB-0054382, and JB-0062289, consisting of communications to and from New Defendants regarding the Work.

- Exhibit 4 are McAnuff's relevant, written discovery responses.

- JB-00274377 to JB-0027492, consisting of the August 2005 Director's Agreement.

- JB-0030446 to JB-0030452, consisting of correspondence regarding the McAnuff/Skunk director's agreements.

- KINSELLA-005585, consisting of a communication regarding McAnuff's investment interest, produced by a third party.

1  •  ALEX-00134, consisting of an e-mail regarding the authorship of The Work,

2      produced by a third party.

3  **I.**    **ARGUMENT**

4      There is an exception to the normal presumption of access to judicial records, for "sealed

5  discovery document[s [attached] to a non-dispositive motion," such that "the usual presumption

6  of the public's right of access is rebutted."  *Kamakana v. City & County of Honolulu*, 447 F.3d

7  1172, 1179-1180 (9th Cir. 2006) (citing *Phillips v. General Motors Corp*., 307 F.3d 1206, 1213

8  (9th Cir. 2002)).  The public has less of a need for access to court records attached only to non-

9  dispositive motions because those documents are often "'unrelated, or only tangentially related,

10  to the underlying cause of action.'"  *Id*. (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33,

11  104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)).  Moreover, "public policies that support the right of

12  access to dispositive motions, and related materials, do not apply with equal force to non-

13  dispositive materials."  *Id*. (citing *Phillips*, 307 F.3d at 1213).  Finally, when a district court

14  grants a protective order to seal documents during discovery, "it already has determined that

15  'good cause' exists to protect this information from being disclosed to the public by balancing

16  the needs for discovery against the need for confidentiality."  *Id*.  Accordingly, "good cause"

17  exists for the filing of the foregoing documents under seal.

18      Pursuant to the *Stipulated Protective Order* herein, Plaintiff has an obligation to maintain

19  the    confidentiality    of    any    document    marked    "CONFIDENTIAL"    or    "HIGHLY

20  CONFIDENTIAL" by an opposing party, and the documents identified above were so marked by

21  the New Defendants, Kinsella, and Alexander.  Accordingly, Plaintiff may not file the

22  documents with the Court without obtaining an Order and/or filing them under seal.  Whereas,

23  Plaintiff's *Motion to Compel* is not a dispositive motion, the filing of these documents under seal

24  falls within the exception to the general presumption of public access carved out by the courts of

25  this Circuit for documents attached to non-dispositive motions.  Accordingly, leave to file the

26  subject documents under seal should be granted.

27  ///

28  ///

II.      **CONCLUSION**

IN VIEW OF THE ABOVE, Plaintiff respectfully requests that her present motion be granted.

Dated: December 21, 2010

RESPECTFULLY SUBMITTED:


/s/Gregory H. Guillot
Gregory H. Guillot
George L. Paul
John L. Krieger
Robert H. McKirgan
Attorneys for Plaintiff, Donna Corbello




IT IS SO ORDERED:


UNITED STATES MAGISTRATE JUDGE
DATED: December 22, 2010

4

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Fed. R. Civ. P. 5(b), I, Gregory H. Guillot, hereby certify that on December 21, 2010, I electronically filed the foregoing document and this *Certificate of Service* with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following:

L. Bradley Hancock
Christopher B. Payne
Greenberg Traurig, LLP
1000 Louisiana
Suite 1800
Houston, TX  77002

Booker T. Evans, Jr.
Greenburg Traurig, LLP
2375 East Camelback Road
Suite 700
Phoenix, AZ  85016

Alma Chao
Greenburg Traurig, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada  89169

*Attorneys for Thomas Gaetano DeVito*

Daniel M. Mayeda
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274

David S. Korzenik
MILLER KORZENIK SOMMERS LLP
488 Madison Avenue, Suite 1120
New York, New York 10022-5702

Samuel S. Lionel
Todd Kennedy
LIONEL, SAWYER & COLLINS
300 So. 4th Street #1700
Las Vegas, Nevada 89101

*Attorneys for Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, Des McAnuff, DSHT, Inc., and Dodger Theatricals, Ltd.*

/s/Gregory H. Guillot