GUILLOT ATTACHMENT 1

[OCTOBER 11, 2010 EMAIL TO DEFENSE COUNSEL]

# Gregory H. Guillot

| | |
|---|---|
| **From:** | Gregory H. Guillot [ggmark@radix.net] |
| **Sent:** | Monday, October 11, 2010 3:39 PM |
| **To:** | 'David Korzenik'; 'Daniel Mayeda' |
| **Cc:** | George L. Paul (GPaul@LRLaw.com); 'McKirgan, Robert'; 'Krieger, John'; 'Regalado, Edgar' |
| **Subject:** | Outstanding Discovery Issues |
| **Importance:** | High |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear David:

We would appreciate an update from you on the following issues that remain outstanding from our July 2010 conference and our subsequent follow-ups. We need to know firm dates by which you intend to produce the following material or amend responses, where indicated:

1. McAnuff's Bravo special that you were "checking into" – it just aired at the La Jolla Playhouse for a special event honoring Des. Are you going to produce a copy of this for us? You were checking into that in July.
2. Your decision on our proposals to have Des (and Valli/Gaudio, from my conference with Dan) circle things in the Jersey Boys script that are responsive to certain of our interrogatories, marking them with the interrogatory number to which they are responsive.
3. Your decision on the production of appropriately redacted tax returns from all of the New Defendants. We believe these are clearly relevant, regardless of whether or not they are redundant. There is no "redundant" objection under the discovery rules. And we are entitled to know what the Defendants have represented to the IRS (subject to the tax laws) as to their income.
4. The status on your production of the color copy of the Defendants' copy of the Work, showing the highlighting.
5. The status of your production of the Ed Strong email, and all responses thereto.
6. The status of your production of material from (and identifying information for) your clients' electronic clipping service, including the news articles and publicity releases it has disseminated and released.
7. The status of your provision of identifying information and representative documents that reveal all the locations where Jersey Boys has been (and will be) performed and the dates of those performances.
8. The status of your identification of the union organization that may have videotaped one or more Jersey Boys performances, so we can subpoena them for use in this case.
9. The status of your listings of copyright registrations held by the New Defendants.
10. The status of your production of those pages from Bob Gaudio's Pre-Season treatment that I tagged with yellow post-it notes in Dan's office.
11. The status of your production of copies of the checks that have been issued to various New Defendants in the case. You have provided us with most or all of the checks issued to DeVito, but checks to all of the people you represent and other, third parties, are have not been produced.
12. The status of your production of the various DSHT investment agreements and the DSHT/Dodger breakup agreements/documents, promised to be produced in DSHT's interrogatory responses, but not yet received.
13. The status of your "identification" (with current addresses and contact information) of various persons and companies named in your client's interrogatory responses, for which complete contact information has not been provided.
14. The dates by which you intend to provide written amended responses to interrogatories and production requests?

15. The dates by which we can expect the LP formation documents referenced in your email of October 6, in which you indicate that you will produce these documents and that these documents will identify Dodger's

compensation. In your conversation with Bob, you indicated that there were some sort of offering materials given to prospective investors in the LPs that would also shed light on Dodger's relationship with the LPs (such as compensation and licensing). You indicated that those would be produced as well. Please confirm that those documents will be produced and by what date. And we will agree to appropriate confidentiality designations as you requested in your October 6 email.

16. The dates by which you will produce the Dodger financials, which you say you will likely produce in your October 6 email. Again, we will agree to appropriate confidentiality designations.

17. We insist on production of the underlying QuickBooks data for the LPs and Dodger (and the Dodger data can exclude data unrelated to Jersey Boys). We are entitled to this information for a number of reasons. First, it may lead to the discovery of admissible evidence and therefore it is within the scope of Rule 26. The data will allow us to identify monies being paid to the defendants that may not be otherwise apparent from the documents produced to date. The data will allow us to drill down into costs and expenses that presumably you will use to offset the revenues and profits received by the defendants and to challenge those expenses. And, simply put, it is difficult to truly understand summary financial statements without the underlying accounting data and entries. Given the issues related to damages (ie, how the defendants have profited from the use and infringement of the Work), the underlying accounting data is indisputably discoverable. And, again, redundancy is not a proper objection. Regardless, the detailed data is not redundant of the summary financial statements.

Would very much appreciate an update on these matters, all of which have been outstanding since before the time of the last hearing in the case before Judge Leen.

We have become increasingly frustrated with the pace of the Defendants' document production and discovery responses. We can not take meaningful depositions and can not meet our expert deadlines given what we believe to be non compliance by the Defendants with their obligations under the rules. We must bring closure, one way or the other, to these many outstanding issues.

Best,
Greg Guillot

**Gregory H Guillot, Esq.**
President

Work: (972) 774-4560
Mobile: (214) 769-4699
Fax: (214) 515-0411

Email: ggmark@radix.net
http://www.linkedin.com/in/gregoryhguillot

**Gregory H. Guillot, PC**
13455 Noel Road
Suite 1000
Dallas, TX 75240 USA

See who we know in common                                          Want a signature like this?