**EXHIBIT 3**

**[PLAINTIFF'S RELEVANT DISCOVERY REQUESTS TO ERIC S. ELICE]**

1  Gregory H. Guillot
   Ggmark@radix.net
2  *Admitted Pro Hac Vice*
   GREGORY H. GUILLOT, P.C.
3  13455 Noel Road, Suite 1000
   Dallas, TX  75240
4  Phone: (972) 774-4560
   Fax: (214) 515-0411
5
   George L. Paul
6  *Admitted Pro Hac Vice*
   GPaul@LRLaw.com
7  John L. Krieger, State Bar No. 6023
   JKrieger@LRLaw.com
8  Robert H. McKirgan
   *Admitted Pro Hac Vice*
9  RMckirgan@LRLaw.com

10 LEWIS AND ROCA LLP
   3993 Howard Hughes Parkway, Suite 600
11 Las Vegas, NV  89169
   Phone: (702) 949-8200
12 Fax: (702) 949-8389

13 40 North Central Avenue, Suite 1900
   Phoenix, AZ  85004
14 Phone: (602) 262-5326
   Fax: (602) 734-3857
15
   Attorneys for Plaintiff,
16 DONNA CORBELLO

17
                    UNITED STATES DISTRICT COURT
18
                         DISTRICT OF NEVADA
19

20 DONNA CORBELLO, an individual,           Case No. 2:08-cv-00867-RCJ-PAL

21                            Plaintiff,

22         vs.                              **PLAINTIFF'S FIRST SET OF
                                            INTERROGATORIES TO
23 THOMAS GAETANO DEVITO, an                DEFENDANT ERIC S. ELICE**
   individual, *et al.*,
24
                            Defendants.
25

26         Plaintiff, Donna Corbello, by her attorneys, and pursuant to Fed. R. Civ. P. 33, herewith

27 propounds the following interrogatories to Defendant Eric ("Rick") S. Elice, to be answered

28

                                        -1-

separately, in writing, and under oath, in accordance with the instructions and definitions hereinafter set forth, within thirty (30) days from the date of service hereof.

**INSTRUCTIONS**

1. These interrogatories seek answers as of the date hereof, but are continuing in nature, so that any additional information relating hereto which Defendant hereafter acquires, or which hereafter becomes known to Defendant, up to and including the time of trial, shall be furnished to Plaintiff immediately after such information is acquired or becomes known, in accordance with Fed. R. Civ. P. 26(e)(1).

2. In each instance in which an interrogatory is answered upon information and belief, Defendant shall set forth the basis for such information and belief.

3. In each instance in which Defendant denies knowledge or information sufficient to answer an interrogatory, Defendant shall first set forth the name and address of each person, if any, known or believed to have such knowledge or information.

4. In the event that a privilege is alleged as to any information requested hereby, or if an interrogatory for any reason otherwise is not answered in full, Defendant shall state the specific grounds for not answering said interrogatory fully, and shall answer said interrogatory to the complete extent to which it is not objectionable. Fed. R. Civ. P. 33(b)(3)-(4). Such answer shall describe the nature of the information for which a privilege is claimed, with sufficient particularity to enable Plaintiff to assess the applicability of the privilege.

5. In response to those interrogatories requiring the identification of any document or tangible thing, such document or thing may be produced for inspection and copying with the answers to these interrogatories in lieu of identification, provided such document or thing constitutes a "business record" under Fed. R. Civ. P. 33(d).

6. In the event that any document or tangible thing responsive to any of the following interrogatories has been lost or destroyed, Defendant shall identify, to the extent possible, any such document or thing; the date(s) on which the loss or destruction first was discovered; the person(s) who first discovered the loss or destruction, and the person(s) most knowledgeable about the content or composition of such lost or destroyed document or thing.

-2-

7.      In the event that any document or tangible thing responsive to any of the following interrogatories is not now within Defendant's possession, custody, or control, Defendant shall state the name, address, and telephone number of each person known to or believed by Defendant to have such possession, custody, or control, and shall identify which document or thing is in such person's possession, custody, or control.

## DEFINITIONS

For purposes of these interrogatories, the following terms shall have the meanings hereinafter given:

1.      "Defendant," "you," and "your," as used herein, shall refer to the nominal defendant, Eric S. Elice, his attorneys, agents, and representatives, and all partnerships, joint ventures, corporations, and related business entities in which he is a member, officer, director or shareholder.

2.      "Defendant DeVito," as used herein, shall refer to the nominal defendant, Thomas Gaetano DeVito, and his attorneys, agents, and representatives.

3.      "Person," as used herein, shall refer to both natural persons and corporate or other business entities, whether or not in the employ of Defendant, and the acts and knowledge of a "person" are defined to include the acts and knowledge of that person's officers, directors, members, partners, employees, representatives, agents, and attorneys.

4.      "The Work," as defined herein, shall refer to each and all of the following: (a) the biographical work concerning Defendant DeVito and the Four Seasons which forms the subject matter of U.S. Copyright Registration No. Txu 454 118; (b) the biographical work concerning Defendant DeVito which was identified in Defendant's Initial Disclosures, as served on or about December 17, 2008; and, (c) any version of the foregoing biographical work produced by Plaintiff in connection with Plaintiff's Initial Disclosures herein.

5.      "Copyright," or copyrights," as used herein, shall refer to any and all of the exclusive rights which together comprise a copyright, under 17 U.S.C. § 106.

6.      "Jersey Boys," as used herein, shall refer to the Tony® Award-winning musical work of the performing arts bearing that title, which debuted in La Jolla, California in 2004,

-3-

debuted on Broadway, in New York, New York in 2005, began national and international tours thereafter, and is performed at "permanent" locations, such as Palazzo Hotel, Resort & Casino in Las Vegas, Nevada, regardless of whether particular tours, companies, locations or divisions of the show are owned, organized, or incorporated separately.

7.    "The Jersey Boys Production," as issued herein, shall refer to *Jersey Boys*; all persons involved in creating the play, including the writers and director thereof; and, all persons who have controlling ownership interests therein, control over the content thereof, or control over the locations at which it is performed, to the extent known by Defendant.

8.    "Jersey Boys Collateral Items," as used herein, shall refer to all official or licensed goods made available for sale, or distributed to the public at any time, which are or were authorized by the *Jersey Boys Production*, and which reference, are associated wit, or are tied to, *Jersey Boys*.

9.    "The Four Seasons Partnership," shall refer to Defendants Robert J. Gaudio and Frankie Valli, as members of an informal partnership or joint venture, together with their attorney, Peter C. Bennett, and any corporations, proprietorships, partnerships, limited liability companies, or other business organizations in which said Defendants share ownership or control.

10.    "Document," or "documents," as used herein, is to be construed in the customary broad sense described in Fed. R. Civ. P. 34(a), and shall include, but shall not be limited to, letters, notes, correspondence, and electronic mail, whether handwritten, typed, or electronically produced; electronically stored information of any type;  memoranda; communications; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; books; manuscripts; notebooks; records (whether printed, written, or electronically, magnetically, or optically recorded); minutes; bills and invoices; purchase orders; receipts; contracts; agreements; drawings; sketches; advertising and promotional matter recorded in any medium (whether or not published); literature; press releases; pamphlets; circulars; trade letters; newspaper clippings; operating manuals; instruction bulletins; cables; telegrams; electronic mail; tape or other recordings, whether analogue or digital, including cassettes, acetates, record albums or singles, 8-track tapes, compact disks, reel-to-reel tapes, videocassettes, CD-R's, and

3002936.1
Corbello Exhibit 3
Page 0005

DVD's; test data; reports (including copyright research reports and opinions of counsel); forecasts; working papers; charts; drafts; indices; diskettes; memory cards and sticks; hard drives; data sheets; data processing cards; marginal comments appearing on any paper; periodicals; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and, all other physical objects, including, without limitation, toys; souvenirs; and, photographs or recordings on or in which any information is embodied.

11.    "Identify," shall mean, when used with respect to a person, to state the person's name, principal business address, telephone number, if known, and in the case of a natural person, his or her home address, telephone number, place of employment, title, and job duties.  To "identify" a document, shall mean to provide a brief description of the document sufficient to support a request for production, including the general nature of the subject matter, the date, the identity of the author or recipient, if any, and, if the document embodies an agreement, the parties to such agreement.  To "identify" a thing, shall mean to provide a brief description of the thing sufficient to support a request for production, including any numbers, markings, dates, or other identifying characteristics.  To "identify" a statement, shall mean, when used in reference to an oral statement, to state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable; otherwise a general description of the person(s) to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or by other recording, the date and present location of such writing or other recording.

12.    "Relate to," "relating to," "relating thereto," "regarding," "in regard to," and "in connection with," shall mean constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is an any way pertinent to the specified subject.

13.    "Or," shall mean "and/or."

14.    "By," shall mean, "by or on behalf of."

15.    "Any," and "all," shall mean "any and all."

2002936.1
Corbello Exhibit 3
Page 0006

16.     To "locate" a document or thing, means to state the exact present whereabouts of the document or thing, and to identify the person or persons having possession, custody, or control thereof.

## **INTERROGATORIES**

1.     Identify and state the business of "Getting Home, Inc.," and identify all documents filed with the Nevada Secretary of State in connection therewith, including, but not limited to, Articles of Incorporation, Bylaws, and annual reports, if any, from the date of incorporation to the present.

2.     State your exact financial interest in/share in profits from *Jersey Boys*, including, without limitation, your share in profits from U.S. and international performances of the show, profits from the *Jersey Boys* book published by Broadway Books, and profits from the sale or licensing of *Jersey Boys Collateral Items*; explain how, and under what formula(s), your financial interest/share is calculated, and identify all documents relating thereto..

4.     State the date on which you first become aware of Rex Conrad Woodard, explain the context in which such first awareness arose, and identify all statements and documents relating thereto.

-6-

17.    Identify all statements you have made to any person concerning this action, Rex Woodard, or the Work, whether orally or in a document (including electronic mail messages and published or unpublished interviews), between 1999 and the present date.

18.    Identify and describe all documents, including, but not limited to, summaries, notes, outlines, dialogue excerpts, scripts, research materials, and other items that were presented to or used by actors who auditioned for the first *Jersey Boys* production in La Jolla, California, and for each such document, identify the person who provided them with same.

2002936.1
Corbello Exhibit 3
Page 0008

21.     Identify all statements made to you regarding the authorship of the Work, and identify all documents relating thereto.

22.     State the date on which you first learned of the filing of this lawsuit in either the United States District Court for the Eastern District of Texas or this Court, and describe the manner in which you first learned of this action.

27.     State how many copies of the Work you have made, if any, and identify every person whom you have provided with a copy of the Work, for any purpose.

-9-

29.    Describe all disagreements, whether formal or informal, between you and any other defendant herein, at any time, concerning the authorship of *Jersey Boys*, or any portion thereof, and identify all documents relating thereto.

30.    Identify all documents relating to copyright registrations sought from the United States Copyright Office in which you are named as a claimant.

RESPECTFULLY SUBMITTED:

By _____
Gregory H. Guillot
George L. Paul
John L. Krieger
Robert H. Mckirgan

Attorneys for Plaintiff,
DONNA CORBELLO

-10-

2002936.1
Corbello Exhibit 3
Page 0010

## CERTIFICATE OF SERVICE

I, George L. Paul, do hereby certify that a true and correct copy of the foregoing document was served, by U.S. Mail, postage prepaid, on this, 8th day of January, 2009, in an envelope addressed to:

Daniel M. Mayeda
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274

David S. Korzenik
MILLER KORZENIK SOMMERS LLP
488 Madison Avenue, Suite 1120
New York, New York 10022-5702

Samuel S. Lionel
Todd Kennedy
LIONEL, SAWYER & COLLINS
300 So. 4th Street #1700
Las Vegas, Nevada 89101

Attorneys for Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, Des McAnuff, DSHT, Inc., and Dodger Theatricals, Ltd.

Lawrence B. Hancock
Christopher B. Payne
Greenberg Traurig, LLP
1000 Louisiana
Suite 1800
Houston, TX 77002

Booker T. Evans, Jr.
Greenburg Traurig, LLP
2375 East Camelback Road
Suite 700
Phoenix, AZ 85016

Alma Chao
Greenburg Traurig, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169

Attorneys for Defendant, Thomas Gaetano DeVito

George L. Paul

-11-

Corbello Exhibit 3
Page 0011

1    Gregory H. Guillot
     ggmark@radix.net
2    *Admitted Pro Hac Vice*
     GREGORY H. GUILLOT, P.C.
3    13455 Noel Road, Suite 1000
     Dallas, TX 75240
4    Phone: (972) 774-4560
     Fax: (214) 515-0411
5

6    George L. Paul
     *Admitted Pro Hac Vice*
     GPaul@LRLaw.com
7    John L. Krieger, State Bar No. 6023
     JKrieger@LRLaw.com
8    Robert H. McKirgan
     *Admitted Pro Hac Vice*
9    RMckirgan@LRLaw.com

10   LEWIS AND ROCA LLP
     3993 Howard Hughes Parkway, Suite 600
11   Las Vegas, NV 89169
     Phone: (702) 949-8200
12   Fax: (702) 949-8389

13   40 North Central Avenue, Suite 1900
     Phoenix, AZ 85004
14   Phone: (602) 262-5326
     Fax: (602) 734-3857
15

16   Attorneys for Plaintiff,
     DONNA CORBELLO

17

18            UNITED STATES DISTRICT COURT

19               DISTRICT OF NEVADA

| | |
|---|---|
| 20   DONNA CORBELLO, an individual, | |
| 21                  Plaintiff, | Case No. 2:08-cv-00867-RCJ-PAL |
| 22   vs. | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND THINGS TO DEFENDANT ERIC S. ELICE** |
| 23   THOMAS GAETANO DEVITO, an individual, *et al.*, | |
| 24                  Defendants. | |
| 25 | |
| 26 | |

27       Plaintiff, Donna Corbello, by her attorneys, and pursuant to Fed. R. Civ. P. 34, herewith

28   requests that Defendant, Erice S. Elice, produce the documents and things described below for

Corbello Exhibit 3
Page 0012

inspection and copying, in accordance with the instructions and definitions hereinafter set forth, within thirty (30) days from the date of service hereof.

## INSTRUCTIONS FOR PRODUCTION

1.     Each request for production set forth herein shall be deemed continuing in nature, and Defendant shall update, revise, and otherwise keep current, any information provided in response to each request, as facts or circumstances become known or change, in accordance with Fed. R. Civ. P. 26(e)(1).

2.     In the event that any document requested is not readily available in a form suitable for copying and inspection (e.g., word-processor or computer-stored information), Defendant shall, in advance of the date specified for production, inform requesting counsel thereof, and arrange a suitable method of copying or providing same to requesting counsel for review.

3.     All documents in the possession, custody, or control of Defendant, or any of Defendant's representatives, which are responsive to, or relate to, the descriptions set forth herein, shall be produced.  Control, means that Defendant, or any of Defendant's representatives, either has the documents, has access to the documents, or has the right to obtain the documents from the person(s) or entity(ies) currently having possession thereof.

4.     In the event that any document responsive or related to any request herein is known to Defendant, or any of Defendant's representatives, to have existed, but no longer exists, or is known to have been in the possession or control of Defendant, or any of Defendant's representatives, but no longer is in their possession or control, Defendant shall identify such document(s), and:

      a.  State the last known date for the document(s)' existence, or Defendant's or any representative's possession or control;

      b.  Identify the person or entity having possession or custody of the document(s) on the last-known date of existence, or the last-known date of possession, custody or control by Defendant, or any representative thereof;

      c.  State the length of each such document;

      d.  State the reason(s) why each such document was destroyed, no longer exists, or no longer is in the possession, custody, or control of Defendant or Defendant's agent or attorney;

-2-

e.  Describe the contents of each such document;

f.  If the document still exists, identify the person(s) or entity(ies) which today have possession, custody, or control thereof.

5.  If any document responsive or related to the requests set forth hereinbelow, which would have been produced on the date set for production, had it existed or been in Defendant's (or Defendant's representatives') possession, custody, or control, later comes into existence, or into the possession, custody, or control of Defendant, or Defendant's representatives, Defendant shall notify requesting counsel immediately, and such document shall be produced to said counsel at the earlier possible time.

6.  With respect to any document specified for which a claim of privilege or work product immunity is made, Defendant shall indicate the nature of the document; identify by name, address, occupation, title and business affiliation, the writer, the addressee and all recipients thereof, the general subject matter to which the document relates, and the date thereof.  Where possible, the document shall be produced in redacted form, with the privileged or work-product protected matter blocked out.  In all cases, the specific grounds for the claim of privilege or work-product immunity must be specified, with sufficient particularity to permit Plaintiff to assess the applicability of the privilege or any claimed work product immunity.

7.  For each document produced, the request to which it is deemed responsive must be specified.

8.  Defendant's response to this request is required in writing, pursuant to Fed. R. Civ. P. 34.

## DEFINITIONS

1.  In reading and interpreting each request for production set forth hereinbelow, words generally are to accorded their normal and customary meanings, and it is to be assumed that the normal and customary breadth of interpretation and definition apply, rather than narrow, technical definitions.  In addition, for purposes of these requests, the following terms shall have the meaning given herein:

A.  "Document," or "documents," refers to the original, any copies of the

-3-

30029571
Corbello Exhibit 3
Page 0014

original, and any nonidentical copies thereof and/or amendments thereto, of any written, preprinted, typed, electronically-stored, or visually- or aurally-recorded material of any kind, including, but not limited to, letters, notes, and correspondence, whether handwritten, typed, or electronically produced; electronically stored information, memoranda; communications; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; books; notebooks; records (whether printed, written, or electronically, magnetically, or optically recorded); minutes; bills and invoices; purchase orders; check stubs; receipts; contracts; agreements; drawings; sketches; advertising and promotional matter recorded in any medium (whether or not published); literature; press releases; pamphlets; circulars; trade letters; newspaper clippings; operating manuals; instruction bulletins; cables; telegrams; electronic mail; tape or other recordings; test data; reports (including copyright research reports and opinions of counsel); studies; forecasts; working papers; charts; drafts; indices; diskettes; data sheets; data processing cards; marginal comments appearing on any paper; periodicals; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and, any other physical objects, including, without limitation, photographs or recordings on or in which any information is embodied.

B.      "Electronically stored information," shall have the meaning accorded thereto under FED. R. CIV. P. 34(a).

C.      "Persons," shall mean natural persons, corporations, partnerships, associations, and other legal entities, governments or governmental bodies, commissions, boards, agencies, or other entities.

D.      "Defendant," refers to the nominal defendant, Eric S. Elice, his representatives, and any affiliated business entity in which Defendant holds an ownership interest.

E.      "Representative," or "Representatives," includes, but is not limited to, Defendant's legal counsel, consultants, accountants, employees, and agents.

F.      "Defendant DeVito," as used herein, shall refer to the nominal defendant, Thomas Gaetano DeVito, and his attorneys, agents, and representatives.

Corbello Exhibit 3
Page 0015

G.    "The Work," as defined herein, shall refer to each and all of the following: (a) the biographical work concerning Defendant DeVito and the Four Seasons which forms the subject matter of U.S. Copyright Registration No. Txu 454 118; (b) the biographical work concerning Defendant DeVito which was identified in Defendant's Initial Disclosures, as served on or about December 17, 2008; and, (c) any version of the foregoing biographical work produced by Plaintiff in connection with Plaintiff's Initial Disclosures herein.

H.    "Copyright," or copyrights," as used herein, shall refer to any and all of the exclusive rights which together comprise a copyright, under 17 U.S.C. § 106.

I.    "Jersey Boys," shall refer to the Dodger Theatricals Ltd. musical production and work of the performing arts bearing that title, which debuted in La Jolla, California in 2004, debuted on Broadway, in New York, New York in 2005, began national and international tours thereafter, and is performed at "permanent" locations, such as Palazzo Hotel, Resort & Casino in Las Vegas, Nevada, regardless of whether particular tours, companies, locations or divisions of the show are organized or incorporated separately, for business reasons.

J.    "The Jersey Boys Production," shall refer to *Jersey Boys*; all persons involved in creating the play, including the writers and director thereof; and, all persons who have controlling ownership interests therein, veto power with respect to the content thereof, or control over the locations at which it is performed.

K.    "Jersey Boys Collateral Items," shall refer to all official or licensed goods made available for sale, or distributed to the public at any time, which are or were authorized by the *Jersey Boys Production*, and which reference, are bared on, are associated with, or are tied to, *Jersey Boys*.

L.    "The Four Seasons Partnership," shall refer to Defendants Robert J. Gaudio and Frankie Valli, as members of a formal or informal partnership, together with their attorney, Peter C. Bennett, and any corporations, proprietorships, partnerships, limited liability companies, or other business organizations in which they share ownership or control.

M.    "Relate to," "relating to," "relating thereto," "regarding," "in regard to," and "in connection with," shall mean constitutes, contains, embodies, reflects, evidences, identifies,

-5-

1    states, refers to, deals with, or is an any way pertinent to the specified request.

2               N.       "Or," shall mean "and/or."

3                    **DOCUMENTS AND THINGS TO BE PRODUCED**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20          6.       All documents, electronically stored information or things relating to Defendant

21    DeVito's provision of any copies of the Work to you.

22

23

24

25

26

27

28

30929571
Corbello Exhibit 3
Page 0017

11.    All documents and electronically stored information evidencing agreements you have with any of the defendants herein concerning *Jersey Boys*, including, but not limited to, financial agreements or understandings regarding *Jersey Boys* or the *Jersey Boys Production*, or which relate to the sharing, allocation, or distribution of revenues, profits, losses, or other accounting entries among the various persons who have a financial interest therein, including yourself.

2002957.1
Corbello Exhibit 3
Page 0018

1

2

3

4

5

6

7

8

9

10

11

12

13       18.     All documents, electronically stored information or things relating to the Work.

14

15

16

17

18

19

20

21

22

23       22.     All documents, electronically stored information or things relating to any dispute(s)

24 or disagreement(s) between or among any of the defendants in this action, concerning the manner

25 in which any treatment, script, or libretto for *Jersey Boys* was created, or their respective

26 contributions thereto.

27

28

20029571.1
Corbello Exhibit 3
Page 0019

1

2

3

4       24.    All documents, electronically stored information or things relating to the decision

5   to incorporate elements of Defendant DeVito's life story or history with the band into the script

6   for *Jersey Boys* or any predecessor script or treatment, and the reaction thereto by any of the

7   defendants herein.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24       29.    All documents, electronically stored information or things relating to any

25   conveyance, transfer, or license whatsoever of any right(s) in the Work which you contend

26   authorized you to use, reference, or adapt the Work or appropriate any content therein, for any

27   purpose.

28

2002957.1
Corbello Exhibit 3
Page 0020

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30.　　All documents, electronically stored information or things relating to or evidencing Defendant's profits, revenues, or other consideration obtained from *Jersey Boys, Jersey Boys Collateral Items*, and the *Jersey Boys* book authored by David Cote.

34.　　Defendant's federal income tax returns for the tax years 1999 to the present.

RESPECTFULLY SUBMITTED:

Dated:  January 8, 2009          By _____

Gregory H. Guillot
George L. Paul
John L. Krieger
Robert H. Mckirgan

Attorneys for Plaintiff,
DONNA CORBELLO

-10-

2002957.1
Corbello Exhibit 3
Page 0021

1

**CERTIFICATE OF SERVICE**

2
I, George L. Paul, do hereby certify that a true and correct copy of the foregoing

3
document was served, by U.S. Mail, postage prepaid, on this, 8th day of January, 2009, in

4
an envelope addressed to:

5
Daniel M. Mayeda
LEOPOLD, PETRICH & SMITH, P.C.

6
2049 Century Park East, Suite 3110

7
Los Angeles, California 90067-3274

8
David S. Korzenik
MILLER KORZENIK SOMMERS LLP

9
488 Madison Avenue, Suite 1120
New York, New York 10022-5702

10
Samuel S. Lionel

11
Todd Kennedy
LIONEL, SAWYER & COLLINS

12
300 So. 4th Street #1700

13
Las Vegas, Nevada 89101

14
Attorneys for Defendants Frankie Valli, Robert J. Gaudio,
Marshall Brickman, Eric S. Elice, Des McAnuff,

15
DSHT, Inc., and Dodger Theatricals, Ltd.

16
Lawrence B. Hancock
Christopher B. Payne

17
Greenberg Traurig, LLP
1000 Louisiana

18
Suite 1800

19
Houston, TX  77002

20
Booker T. Evans, Jr.
Greenburg Traurig, LLP

21
2375 East Camelback Road
Suite 700

22
Phoenix, AZ  85016

23
Alma Chao
Greenburg Traurig, LLP

24
3773 Howard Hughes Parkway
Suite 500 North

25
Las Vegas, Nevada  89169

26
Attorneys for Defendant, Thomas Gaetano DeVito

27

28
                    _____
                              George L. Paul

-11-