Gregory H. Guillot
ggmark@radix.net
*Admitted Pro Hac Vice*
GREGORY H. GUILLOT, P.C.
13455 Noel Road, Suite 1000
Dallas, TX 75240
Telephone: (972) 774-4560
Facsimile: (214) 515-0411

John L. Krieger, (Nevada Bar No. 6023)
JKrieger@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8389

George L. Paul
GPaul@LRLaw.com
*Admitted Pro Hac Vice*
Robert H. McKirgan,
RMckirgan@LRLaw.com
*Admitted Pro Hac Vice*
LEWIS AND ROCA LLP
40 North Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 262-5326
Facsimile: (602) 734-3857

Attorneys for Plaintiff,
DONNA CORBELLO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA CORBELLO, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>THOMAS GAETANO DEVITO, an individual, *et al.*,<br><br>        Defendants. | Case No. 2:08-cv-00867-RCJ-PAL<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE CERTAIN EXHIBITS TO *PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS BY DEFENDANTS, MARSHALL BRICKMAN AND ERIC S. ELICE* (DOC. 375) UNDER SEAL** |

Plaintiff Donna Corbello, by her attorneys, and pursuant to the *Stipulated Protective Order* (Doc. 94) entered into by the parties, and the Court's *Protective Order Governing Confidentiality of Documents* entered on January 5, 2009 ("Order Regarding Sealing Requirements") (Doc. 95), herewith requests leave to file certain documents under seal as

exhibits to *Plaintiff's Motion to Compel Answers to Interrogatories and the Production of Documents by Defendants, Marshall Brickman and Eric S. Elice* (Doc. 375) ("Motion to Compel").

### MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to her obligations under the *Stipulated Protective Order* and *Order Regarding Sealing Requirements*, Plaintiff seeks an order permitting her to file the following documents under seal, which were produced by Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, DSHT, Inc., Dodger Theatricals, Inc., and/or JB Viva Vegas, LP (the "New Defendants"), and/or by third party Charles Alexander ("Alexander"), and marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" thereby, which she intends to attach as exhibits to her *Motion to Compel*, as to Defendants Marshall Brickman and Eric S. Elice::

- J B-0032766, consisting of an e-mail from Ed Strong to Michael David and Nan Bases, regarding a conference with Plaintiff's counsel before this action was filed.
- *Marshall Brickman's Answer to Plaintiff's First Set of Interrogatories to Defendant Marshall Brickman*.
- *Answer to Plaintiff's First Set of Interrogatories to Defendant Eric S. Elice*.
- *Defendants Eric S. Elice's, Marshall Brickman's and Des McAnuff's Responses to Plaintiff's First Request for Production of Documents, Electronically Stored Information and Things*.
- JB-0027295 to JB-002796, JB-0027602, JB-0027335, JB-0062289, and JB-0022805 to JB-0022806, consisting of emails, notes, and memos from and to Defendants Brickman and Elice, which mention the Work at issue in this case.
- JB-0010213 to JB-0010255, consisting of an unsigned agreement to which Defendant Elice's corporation, Getting Home, Inc., is a signatory.
- JB-0002156, JB-0002225, and JB-0002282, consisting of excerpts from Michael David's trial testimony in Frankie Valli's divorce proceeding.
- JB-0069802, consisting of a letter from Rick Elice to Ed Strong of Dodger Theatricals, concerning an investment in the Las Vegas company of *Jersey Boys*.

2

- ALEX-00134, consisting of an e-mail regarding the authorship of The Work, produced by a third party.

I. **ARGUMENT**

There is an exception to the normal presumption of access to judicial records, for "sealed discovery document[s] [attached] to a non-dispositive motion," such that "the usual presumption of the public's right of access is rebutted." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006) (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The public has less of a need for access to court records attached only to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)). Moreover, "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.* (citing *Phillips*, 307 F.3d at 1213). Finally, when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* Accordingly, "good cause" exists for the filing of the foregoing documents under seal.

Pursuant to the *Stipulated Protective Order* herein, Plaintiff has an obligation to maintain the confidentiality of any document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by an opposing party, and the documents identified above were so marked by the New Defendants and Alexander. Accordingly, Plaintiff may not file the documents with the Court without obtaining an Order and/or filing them under seal. Whereas, Plaintiff's *Motion to Compel* is not a dispositive motion, the filing of these documents under seal falls within the exception to the general presumption of public access carved out by the courts of this Circuit for documents attached to non-dispositive motions. Accordingly, leave to file the subject documents under seal should be granted.

///

///

3

II. **CONCLUSION**

IN VIEW OF THE ABOVE, Plaintiff respectfully requests that her present motion be granted.

Dated: December 26, 2010

                          RESPECTFULLY SUBMITTED:

/s/Gregory H. Guillot
Gregory H. Guillot
George L. Paul
John L. Krieger
Robert H. McKirgan
Attorneys for Plaintiff, Donna Corbello

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE
DATED: January 3, 2011

4
Case 2:08-cv-00867-RCJ-PAL   Document 374   Filed 12/26/10   Page 4 of 5

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I, Gregory H. Guillot, hereby certify that on December 26, 2010, I electronically filed the foregoing document and this *Certificate of Service* with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following:

L. Bradley Hancock
Christopher B. Payne
Greenberg Traurig, LLP
1000 Louisiana
Suite 1800
Houston, TX  77002

Booker T. Evans, Jr.
Greenburg Traurig, LLP
2375 East Camelback Road
Suite 700
Phoenix, AZ  85016

Alma Chao
Greenburg Traurig, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada  89169

*Attorneys for Thomas Gaetano DeVito*

Daniel M. Mayeda
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274

David S. Korzenik
MILLER KORZENIK SOMMERS LLP
488 Madison Avenue, Suite 1120
New York, New York 10022-5702

Samuel S. Lionel
Todd Kennedy
LIONEL, SAWYER & COLLINS
300 So. 4th Street #1700
Las Vegas, Nevada 89101

*Attorneys for Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, Des McAnuff, DSHT, Inc., and Dodger Theatricals, Ltd.*

                                         /s/Gregory H. Guillot