Gregory H. Guillot, Admitted *pro hac vice*
ggmark@radix.net
GREGORY H. GUILLOT, P.C.
13455 Noel Road, Suite 1000
Dallas, TX 75240
Phone: (972) 774-4560
Fax: (214) 515-0411

John L. Krieger, Nevada Bar No. 6023
JKrieger@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Phone: (702) 949-8200
Fax: (702) 949-8389

George L. Paul, Admitted *pro hac vice*
GPaul@LRLaw.com
Robert H. McKirgan, Admitted *pro hac vice*
RMckirgan@LRLaw.com
LEWIS AND ROCA LLP
40 North Central Avenue, Suite 1900
Phoenix, AZ 85004
Phone: (602) 262-5326
Fax: (602) 734-3857

Attorneys for Plaintiff,
DONNA CORBELLO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA CORBELLO, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>THOMAS GAETANO DEVITO, an individual, *et al.*,<br><br>  Defendants. | Case No. 2:08-cv-00867-RCJ-PAL<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>(Eighth Request) |

Plaintiff Donna Corbello, by her attorneys, and pursuant to LR 6-1 and 7-2, herewith requests a further extension of time to file Plaintiff's *Reply to New Defendants' Memorandum in Opposition to Plaintiff's Motion for Reconsideration by the United States Magistrate Judge of Her Order Dated November 12, 2010*, and *New Defendants' Supplement to Memorandum in Opposition to Plaintiff's Motion for Reconsideration* ("*Reply*"), through Tuesday, February 1,

2011. Whereas, Plaintiff most recently requested that the deadline be extended through Monday, January 31, 2011, the requested extension would continue this deadline for one additional day. This is Plaintiff's eighth request for an extension of time, and hopefully, will be the last.

Plaintiff submits that good cause exists for grant of the requested extension, and that it is necessary. Plaintiff's *Reply* covers numerous issues, commensurate with the breadth and scope of Defendants' *Response*, and the many issues, numerous briefs, two hearings, and proposed findings consolidated and discussed in the Court's November 12, 2010 *Order*. Defendants' *Response* refers to numerous documents without attaching them as exhibits for the Court's review, and given that these "off-record" documents have been mischaracterized and do not show what Defendants allege, Plaintiff has been required to make a record of what they do show, and to discuss same in some detail. Defendants' *Response* also includes numerous assertions of fact that Plaintiff maintains are not true, but which cannot be controverted without explanations that include greater context for the Court.

Further, there are issues that implicate technology and which therefore necessitate explanations which are technical in nature. For example, Defendants maintain that they have produced files in "searchable format." Plaintiff asserts, and will prove in the *Reply* that this is not true. Thus, a discussion of search technology has been necessary, as well as a discussion of the types of files that are searchable, and not. So too, has the brief been complicated by the fact that Plaintiff must discuss the ramifications of the recent, 41,314 page "document dump," including what evidence was and was not in those pages, as Defendants have misrepresented their content, and, issues concerning when Plaintiff's counsel could have reasonably been expected to know what was in the new documents and be in a position to so apprise the Court, given their non-searchable format, the fact that attachments were separated from their parent emails, the fact that many of the documents are undated, and the fact that the files were "jumbled" randomly on Defendants' production disk in an order other than as maintained in the ordinary course of business. Given that Defendants also have alleged that the various emails were separated from their attachments in the course of preparing them for production, but a MacIntosh computer was involved, as to which such separation cannot inadvertently occur, discussion is also required

concerning how attachments and emails are handled on MacIntosh computers, as compared to Windows machines. There have also been misrepresentations concerning the file structure and native file types for *MovieMagic® Screenwriter*, and Plaintiff has been forced to explain how it works, and what capacities it actually has.

Finally, a thorough review of the record has been mandated by Defendants' responsive filing. At issue are not only a Motion to Compel, a Motion for Sanctions, Responses, and Replies, but also the *Order* for which reconsideration is requested, the Motion for Reconsideration itself, and the two responsive briefs to which the Reply is addressed. The point of the brief is that the record and evidence have been misrepresented, and for that reason, a meticulous discussion of the record, with citations, is imperative. And, though much of the brief has been completed; all Exhibits have been compiled and prepared; and, Plaintiff's counsel worked all weekend, including more than 24 consecutive hours in an attempt to complete and file the document today, this was simply insufficient, counsel is unable to work further without sleep, and accordingly, must resume the project tomorrow.

Defense counsel have indicated that they will accord Plaintiff with whatever time is necessary to complete Plaintiff's *Reply*, but of course, Defendants have not signed off on Plaintiff's assessment of the work required for her response, or her assessment of Defendants' arguments.

This request is not tendered for purposes of delay, or for any other improper purpose.

IN VIEW OF THE ABOVE, Plaintiff respectfully requests that her present Motion be granted, and that the Court enter the attached *Order*, indicating that she may file and serve her *Reply* on or by February 1, 2011.

///

///

///

///

///

///

Dated: January 31, 2011

Respectfully submitted:

/s/ Gregory H. Guillot
Gregory H. Guillot
George L. Paul
John L. Krieger
Robert H. McKirgan

Attorneys for Plaintiff, Donna Corbello


IT IS SO ORDERED:


_____
The Honorable Peggy A. Leen
UNITED STATES MAGISTRATE JUDGE


DATED: ___February 2, 2011_____

4

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on January 31, 2011, I electronically filed the foregoing motion and this certificate of service with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lawrence B. Hancock
Christopher B. Payne
Greenberg Traurig, LLP
1000 Louisiana
Suite 1800
Houston, TX  77002

Booker T. Evans, Jr.
Greenburg Traurig, LLP
2375 East Camelback Road
Suite 700
Phoenix, AZ  85016

Alma Chao
Greenburg Traurig, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada  89169

*Attorneys for Thomas Gaetano DeVito*

Daniel M. Mayeda
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274

David S. Korzenik
MILLER KORZENIK SOMMERS LLP
488 Madison Avenue, Suite 1120
New York, New York 10022-5702

Samuel S. Lionel
Todd Kennedy
LIONEL, SAWYER & COLLINS
300 So. 4th Street #1700
Las Vegas, Nevada 89101

*Attorneys for Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, Des McAnuff, DSHT, Inc., Dodger Theatricals, Ltd., and JB Viva Vegas, L.P.*

/s/ Gregory H. Guillot_____