# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONNA CORBELLO,

          Plaintiff,

vs.

THOMAS GAETANO DEVITO, *et al.,*

          Defendants.

Case No. 2:08-cv-00867-RCJ-PAL

**ORDER**

(Mot to Compel - Dkt. #362)

The court conducted a hearing on April 14, 2011, on the parties' numerous discovery motions. The court heard Plaintiff's Motion for Reconsideration (Dkt. #347) and eleven other substantive discovery motions and related requests for relief. Gregory Guillot, George Paul and Robert McKirgan appeared on behalf of the Plaintiffs, and Samuel Lionel, Daniel Mayeda, David Korzenik, Maximiliano Couvillier, III, and Eric Swanis appeared on behalf of the Defendants. This order disposes of the following moving and responsive papers:

- **#362** Plaintiff's Motion to Compel Answers to Interrogatories and the Production of Documents by Defendant, Des McAnuff;
- **#368** Sealed Exhibits to #362 Motion;
- #**423** New Defendants' Consolidated Opposition to Plaintiff's Five Motions to Compel (Docs., 356, 360, 362, 371, and 375); and
- **#490** Plaintiff's Consolidated Reply re: Motions to Compel Answers to Interrogatories and the Production of Documents by Defendants Brickman, Elice, and McAnuff, (Docs. 362 & 375), and Consolidated Memorandum in Support

This motion involves Plaintiff's First Set of Interrogatories and Request for Production of Documents served on the named Defendants January 9, 2009. The responding Defendants served their responses March 16, 2009. Having reviewed the voluminous moving and responsive papers, supporting declarations and exhibits, and arguments of counsel,

**IT IS ORDERED** that

1. Plaintiff's Motion to Compel Answers to Interrogatories and the Production of Documents by Defendant, Des McAnuff (Dkt. #362) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that:

    a. Defendant's general objection and refusal to produce responsive documents prior to the time this lawsuit was filed in December 2007, is **OVERRULED**. To the extent the Defendant has responsive, non-privileged documents prior to December 2007, the documents shall be produced. To the extent the Defendant claims documents generated subsequent to December 2007 are privileged, he shall serve a supplemental privileged document log. However, responding Defendant need not list documents consisting of communications to and from litigation counsel made on or after notice of this lawsuit on the supplemental privilege log.

    b. Defendants shall supplement Answer to Interrogatory No. 1 to identify any written agreements Defendant McAnuff has, and the entities with whom he has agreements, to perform any type of service in connection with *Jersey Boys*.

    c. Defendants shall supplement Answer to Interrogatory No. 4. The court finds the answer non-responsive. The interrogatory asks the date Defendant McAnuff first became aware of Rex Woodward, not when he first became aware of this lawsuit which the answer addresses. If he did not become aware of Mr Woodard until after the lawsuit was filed, he need only say so.

    d. Defendant shall supplement his Answer to Interrogatory No. 18 to confirm that he has conducted a diligent search for and produced all responsive documents in his care, custody and control.

    e. Defendant shall supplement his Answer to Interrogatory No. 22 to confirm that he has conducted a diligent search for the email described in his answer and has either located and produced it, or has been unable to locate and produce it despite the exercise of due diligence.

  f.  Defendant shall supplement Answer to Interrogatory No. 29 which the court finds non-responsive. The interrogatory requested information concerning his knowledge of any dispute concerning *authorship of Jersey Boys.* The answer referred to a dispute concerning "ownership".

  g.  Defendant shall supplement his Response to Request for Production No. 6 to verify that he has conducted a diligent search for responsive documents, ie, documents relating to Mr DeVito giving the Defendant a copy of the Work, and either has no responsive documents, or has located and produced them.

  h.  Defendant shall supplement his Response to Request for Production No. 7 to verify that he has conducted a diligent search for responsive documents, ie documents containing public statements the Defendant made about the Work, and either has no responsive documents, or has located and produced them.

  i.  Defendant shall supplement his Response to Request for Production No. 11 to verify that he has conducted a diligent search for responsive documents and has produced all agreements (contract documents) he has had concerning *Jersey Boys* or has been unable to locate them despite the exercise of due diligence.

  j.  Defendant shall supplement Response to Request for Production No. 15 to verify that he has conducted a diligent search for documents involving communications with Defendants Valli, Gaudio and the Four Seasons Partnership about the idea to produce a play or musical about the Four Seasons and either has no responsive documents, or has located and produced them.

2. Defendants shall have until April 29, 2011, to serve supplemental responses to these discovery requests.

///
////
///
////
///

3.  Any request for relief in the moving and responsive papers not specifically addressed in this order is **DENIED**.

Dated this 15th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge