UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONNA CORBELLO, | |
| Plaintiff, | Case No. 2:08-cv-00867-RCJ-PAL |
| vs. | **ORDER** |
| THOMAS GAETANO DEVITO, *et al.,* | (Mot to Compel - Dkt. #375) |
| Defendants. | |

The court conducted a hearing on April 14, 2011, on the parties' numerous discovery motions. The court heard Plaintiff's Motion for Reconsideration (Dkt. #375) and eleven other substantive discovery motions and related requests for relief. Gregory Guillot, George Paul and Robert McKirgan appeared on behalf of the Plaintiffs, and Samuel Lionel, Daniel Mayeda, David Korzenik, Maximiliano Couvillier, III, and Eric Swanis appeared on behalf of the Defendants. This order disposes of the following moving and responsive papers:

**#375**  Plaintiff's Motion to Compel Answers to Interrogatories and the Production of Documents by Defendants, Marshall Brickman and Eric S. Elice;

**#378**  Sealed Exhibits to #375 Motion;

#**423**  New Defendants' Consolidated Opposition to Plaintiff's Five Motions to Compel (Docs., 356, 360, 362, 371, and 375); and

**#490**  Plaintiff's Consolidated Reply re: Motions to Compel Answers to Interrogatories and the Production of Documents by Defendants Brickman, Elice, and McAnuff, (Docs. 362 & 375), and Consolidated Memorandum in Support.

This motion involves Plaintiff's First Set of Interrogatories to Defendant Brickman, First Set of Interrogatories to Defendant Elise, First Request for Production of Documents Served on Defendant Brickman, and First Set of Request for Production to Defendant Elise. All of the discovery requests were served January 8, 2009, and Defendants served responses to these discovery requests March 16,

2009. Having reviewed and considered the voluminous moving and responsive papers, and the arguments of counsel,

    **IT IS ORDERED** that:

    1.     The Motion to Compel is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent the Defendants shall supplement their responses as follows:

        a.     Both Defendants shall supplement their Responses to Interrogatory No. 4, which asks the date on which the Defendants first became aware of Rex Woodard. The Defendants responded by indicating when they first became aware of the lawsuit, which the court finds is non-responsive. If the Defendants first became aware of Mr. Woodard after the lawsuit was filed, they need only say so.

        b.     The Defendants shall supplement their Responses to Interrogatory No. 12 to indicated that after a diligent search, they have either located the e-mail referred to in the response and produced it, or have been unable to locate it.

        c.     Defendants shall supplement their Answer to Interrogatory No. 29, which the court finds is non-responsive. The interrogatory asks the Defendants to describe all disagreements concerning the *authorship* of *Jersey Boys*. The Defendants provided an answer concerning disagreements over "ownership of *Jersey Boys*."

        d.     Defendants shall supplement their Response to Request for Production No. 6 to verify that they have conducted a diligent search for responsive documents, *i.e.* documents relating to Mr. DeVito giving the Defendants a copy of the Work, and either have no responsive documents, or have located and produced them.

        e.     Defendants shall supplement their Response to Request for Production No. 11 to verify that they have conducted a diligent search for responsive documents and have produced all agreements (contract documents) they have had concerning *Jersey Boys* or have been unable to locate them despite the exercise of due diligence.

        f.     Defendants shall supplement their Response to Request for Production No. 18 to verify that they have conducted a diligent search for delivery document/receipt

                records for January 2004, as referred to in their initial response, and either have no responsive documents, or have located and produced them.

      g.    Defendants shall supplement their Request for Production No. 29 to verify that they have produced all non-privileged documents supporting their claims that Mr. DeVito gave permission to use his life story and the facts and events of his life in connection with the production of *Jersey Boys*.

2.    Defendants shall have until **April 29, 2011**, to serve supplemental responses to these discovery requests.

3.    Any request for relief in the moving and responsive papers not specifically addressed in this order is **DENIED**.

Dated this 15th day of April, 2011.

                                                      _____
Peggy A. Lee
United States Magistrate Judge