**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONNA CORBELLO, )
)
                          Plaintiff, )    Case No. 2:08-cv-00867-RCJ-PAL
)
vs. )    **ORDER**
)
THOMAS GAETANO DEVITO, *et al.,* )    (Mot to Compel - Dkt. #396)
)    (Cross-Mot for Prot Ord - Dkt. #467)
                         Defendants. )
)

        The court conducted a hearing on April 14, 2011, on the parties' numerous discovery motions. The court heard Plaintiff's Motion for Reconsideration (Dkt. #396), and Cross-Motion for Protective Order (Dkt. #467), and eleven other substantive discovery motions and related requests for relief. Gregory Guillot, George Paul and Robert McKirgan appeared on behalf of the Plaintiffs, and Samuel Lionel, Daniel Mayeda, David Korzenik, Maximiliano Couvillier, III, and Eric Swanis appeared on behalf of the Defendants. This order disposes of the following moving and responsive papers:

    **#396**    Motion by Defendant Marshall Brickman to Compel Further Responses by Plaintiff to Interrogatories; Memorandum of Points and Authorities in Support Thereof [Declaration of Daniel M. Mayeda in Support of Motion Filed Concurrently];

    **#465**    Plaintiff's Response to Motion by Defendant Marshall Brickman to Compel Further Responses by Plaintiff to Interrogatories (Doc. 396);

    **#466**    Sealed Exhibits to #465 Response;

    **#467**    Cross-Motion for Protective Order, and Consolidated Memorandum in Support;

    **#468**    Sealed Exhibits to #467 Motion;

    **#480**    Reply Brief I/S/O Motion by Defendant Brickman to Compel Further Responses by Plaintiff to Interrogatories; and

    **#492**    Plaintiff's Reply in Support of Cross-Motion for Protective Order (Doc. 467) re: Contention Interrogatories Served by Defendant Marshall Brickman, and Consolidated Memorandum in Support.

This motion involves a First Set of Interrogatories Defendant Brickman served on Plaintiff October 28, 2010.  Defendant's motion seeks to compel Plaintiff to respond to Interrogatories No.s 1-6, 9-11, and 14.  Plaintiff's cross-motion for protective order seeks an order that Plaintiff need not supplement her responses to these same discovery requests until after the close of fact discovery, and contemporaneously with her expert disclosures, and that "Plaintiff may incorporate such supplemental responses in her expert report(s) regarding extrinsic similarities between the Work at issue in this case, and *Jersey Boys*, the *Jersey Boys* Book, and the *Jersey Boys Cast Recording*."

Having reviewed and considered the matters,

**IT IS ORDERED** that:

1. Defendant Brickman's Motion to Compel (Dkt. #396) is **GRANTED in part** and **DENIED in part**.  The motion is **GRANTED** to the extent Plaintiff's objections to the interrogatories in dispute are **OVERRULED** with the exception of Plaintiff's objection that her expert(s) may opine regarding the subject matters of the interrogatories.  The court finds that the interrogatories are clearly relevant and discoverable within the meaning of Rule 26(b)(1), and that Nos 1-6, and 9-11 should be answered at this relatively late stage of the litigation.  The court will therefore **GRANT** the motion to compel to the extent that Plaintiff shall have until **June 3, 2011**, to fully and completely respond to these interrogatories without prejudice to supplementing them after her expert witness disclosure(s) if Plaintiff believes her responses to these interrogatories are materially incomplete or incorrect.  See Fed.R.Civ.P. 26(e)(1)(A).

2. The motion to compel is **DENIED** with respect to No 14 which Plaintiff may defer responding to until the time of her expert disclosure(s).

3. Plaintiff's Cross-Motion for Protective Order (Dkt. #467) is **GRANTED** to the limited extent Plaintiff shall respond to the interrogatories Nos 1-6 and 9-11 based on information currently available to her counsel (including work product) without prejudice to timely supplementing them contemporaneously with her expert disclosure(s) if Plaintiff believes her responses are materially incomplete or incorrect.  Plaintiff may, for example, repeat and incorporate by reference the material already disclosed  that are

discussed in Plaintiff's motion for protective order that are responsive to the interrogatories, including Plaintiff's twenty-page, six-column *Table* of *Similarities*. However, the answers shall be verified, and Plaintiff shall be bound by them subject to her ability to timely supplement them as required by Rule 26(e)(1)(A). The motion is also **GRANTED** to the extent Plaintiff may defer responding to No 14 until the time of her expert disclosure(s).

4. The motion for protective order is **DENIED** in all other respects.

Dated this 18th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge