1
2
3
4                        **UNITED STATES DISTRICT COURT**
5                             **DISTRICT OF NEVADA**
6
7    DONNA CORBELLO,                    )
                                        )
8                        Plaintiff,     )        Case No. 2:08-cv-00867-RCJ-PAL
                                        )
9    vs.                               )            **ORDER**
                                        )
10   THOMAS GAETANO DEVITO, *et al.,*   )        (Emg. Mot. Compel - Dkt. #545)
                                        )
11                       Defendants.    )
     _____)
12

13          Before the court is an Emergency Motion by Defendant Eric S. Elice to Compel Further

14   Responses by Plaintiff to Interrogatories; Memorandum of Points and Authorities in Support Thereof

15   [Declaration of Eva S. Neuberg in Support of Motion filed Concurrently] (Dkt. #545).  The court has

16   considered the Motion, Plaintiff's Opposition (Dkt. #552), and Defendant's Reply (Dkt. #561).

17          Elise seeks an order compelling Plaintiff to provide further responses to his First Set of

18   Interrogatories, No. 1 through 10.  It was filed as an emergency motion because discovery was set to

19   close within a matter of days, and Defendant alleges Plaintiff's failure to provide proper interrogatory

20   responses was preventing the New Defendants from preparing witnesses for deposition and severely

21   prejudicing the New Defendants' ability to properly prepare their experts.  Plaintiff served a

22   consolidated response to each of these interrogatories objecting that discovery was ongoing and that fur

23   responses were unduly burdensome because the New Defendants had only recently produced tens of

24   thousands of draft scripts, many of which were undated.  Additionally, Plaintiff objected that the New

25   Defendants had not preserved original metadata and information on the draft scripts which made

26   analysis unduly burdensome and oppressive.  Defendant Elice argues that this is the same objection the

27   court overruled in compelling Defendant Brickman to provide full and complete responses to

28   interrogatories, and that the court should therefore grant this motion.  Specifically, Defendant Elise

1  seeks an order requiring Plaintiff to withdraw all of her objections, except her objection as to expert

2  opinion testimony, and provide full and complete substantive responses to each interrogatory separately.

3       Counsel for Plaintiff indicates that she delivered amended answers to the interrogatories which

4  withdrew the objections that the contention interrogatories were premature, and an abuse of discovery

5  and unduly burdensome.  Plaintiff opposes the motion arguing it should be denied because Plaintiff has

6  complied with all court orders and has answered the interrogatories fully based on information available

7  at the time of the answers.  Plaintiff also argues that the motion to compel raises issues that were not

8  appropriately addressed at meet-and-confer sessions.  Plaintiff notes that the court reconsidered its

9  earlier order denying her request for native files, and ordered the Defendants to produce them by April

10  29, 2011.  Defendants applied for, and received, an eight-day extension over Plaintiff's objection to

11  produce native files.  Plaintiff answered the interrogatories to the best of her ability and as fully and

12  completely as possible given the information available to her at the time.  At the meet and confer

13  conference on May 28, 2011, Plaintiff's counsel pointed out that the Elice situation was "far different

14  than the Brickman situation because the Brickman questions related to a single script and the Elise

15  interrogatories related to tens of thousands of undated pages."  Plaintiff's counsel agreed to serve

16  amended answers and asserts that the parties agreed that there would be further discussion if the New

17  Defendants were dissatisfied with Plaintiff's amended answers.  However, this emergency motion was

18  filed without any further efforts to meet and confer. Plaintiff supplemented her answers to

19  interrogatories after Mr. Elice's deposition.  At the time this opposition was filed Plaintiff had not

20  finished analysis of the several hundred outlines, treatments and drafts of scripts produced just prior to

21  the motion to compel.  Plaintiff represents that she will update information about similarities in the

22  works after her expert report is prepared as allowed by the court's prior order.

23       Defendant replies that Plaintiff's opposition is largely non-responsive to the arguments raised in

24  the motion.  Defendant contends that the native files issue is a "classic red herring" which was not

25  raised in the parties' meet-and-confer session, and does not explain why Plaintiff is unable to perform

26  the literary analysis requested in the interrogatories.  Plaintiff does not need electronic metadata or

27  information in native files to respond to these requests.  Rather, the interrogatories ask for the factual

28  basis for claims of infringement based on drafts pled for the first time in Plaintiff's Third Amended

1  Complaint.  Elice believes Plaintiff deliberately failed to adequately respond to the interrogatories so

2  that she could conduct the deposition of Defendants Elise and Brickman before disclosing the substance

3  of her claims against them.  Her failure to provide full and complete responses prejudiced them in

4  preparation for these depositions and gave Plaintiff a tactical advantage.  Thus, Elise reiterates his

5  request that the court issue an order compelling further responses by Plaintiff to his First Set of

6  Interrogatories No. 1 through 10, and that Plaintiff withdraw all of her objections except her objection

7  as to expert opinion testimony.  Elice reiterates that Plaintiff should be required to provide full and

8  complete substantive responses separately to each interrogatory, and that he cannot determine, based on

9  Plaintiff's interrogatory responses, whether Plaintiff is making a copyright infringement claim as to

10 particular drafts or categories of drafts, or other script materials.  Thus, she should be ordered to provide

11 a response to Interrogatory No. 1 which clarifies if this is the case.

12       Having reviewed and considered the moving and responsive papers and attached discovery

13 responses disputed here, the court is satisfied that counsel for Plaintiff made a good-faith attempt to

14 answer the interrogatories based on the status of the litigation, the amount of ongoing and

15 contemporaneous discovery, and the supplemental discovery the court had ordered.  Counsel for

16 Plaintiff withdrew certain of her objections and amended and supplemented her answers and agreed to

17 timely supplement the answers after expert disclosures if her responses were materially incomplete or

18 incorrect.  Under these circumstances,

19       **IT IS ORDERED** Defendant Eric Elice's Emergency Motion to Compel (Dkt. #545) is

20 **DENIED.**

21       Dated this 12th day of October, 2011.

22

23                                        _____

24                                        Peggy A. Leen
                                         United States Magistrate Judge

25

26

27

28

                                              3