Gregory H. Guillot, Admitted *pro hac vice*
ggmark@radix.net
GREGORY H. GUILLOT, P.C.
13455 Noel Road, Suite 1000
Dallas, TX 75240
Phone: (972) 774-4560
Fax: (214) 515-0411

John L. Krieger, Nevada Bar No. 6023
JKrieger@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Phone: (702) 949-8200
Fax: (702) 949-8389

George L. Paul, Admitted *pro hac vice*
GPaul@LRLaw.com
Robert H. McKirgan, Admitted *pro hac vice*
RMckirgan@LRLaw.com
LEWIS AND ROCA LLP
40 North Central Avenue, Suite 1900
Phoenix, AZ 85004
Phone: (602) 262-5326
Fax: (602) 734-3857

Attorneys for Plaintiff,
DONNA CORBELLO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA CORBELLO, an individual,<br><br>                    Plaintiff,<br><br>       vs.<br><br>THOMAS GAETANO DEVITO, an individual, *et al.*,<br><br>                    Defendants. | Case No. 2:08-cv-00867-RCJ-PAL<br><br>ORDER **FOR AN EXTENSION OF TIME FOR OPPOSITION TO** *MOTION BY DEFENDANTS VALLI, GAUDIO, DSHT, INC., DODGER THEATRICALS, LTD., AND JERSEY BOYS BROADWAY LIMITED PARTNERSHIP FOR PARTIAL SUMMARY  JUDGMENT AS TO COUNTS 13 AND 14 OF THE THIRD AMENDED COMPLAINT*<br><br>**(Fourth Request)** |

Plaintiff Donna Corbello, by her attorneys, and pursuant to LR 6-1 and 7-2, herewith requests a further extension of time, through Friday, September 9, 2011, in which to file her opposition to the *Motion By Defendants Valli, Gaudio, DSHT, Inc., Dodger Theatricals, Ltd., and Jersey Boys Broadway Limited Partnership for Partial Summary Judgment As To Counts 13 And 14 of The Third Amended Complaint* (Doc. 548). Whereas Plaintiff has previously requested an extension of time through Tuesday, September 6, 2011, the additional requested extension would continue that deadline by three days. This is Plaintiff's fourth request for an extension of time.

Plaintiff submits that good cause exists for grant of the extension requested. Since the time her previous request for an extension was filed, Plaintiff's lead counsel has worked around the clock in an attempt to complete her response, particularly given defense counsel's lengthy, acrimonious opposition to Plaintiff's prior extension request. In fact, Plaintiff's counsel worked each day and night over the Labor Day weekend in an effort to ensure that her response could be completed by today. However, notwithstanding this diligence, the opposition brief is not yet complete; cannot be completed today, and will not be completed by tomorrow, due to the need, once principal drafting is completed, to cross-reference the citations to the record in her substantive brief, with the Exhibits attached to her Separate Statement of Facts .

As also previously reported, the matters raised in the New Defendants' Motion present a number of issues of first impression, and not all of these issues are adequately treated, or even addressed, in Defendants' Motion itself. For example, Defendant's Motion is completely silent regarding the Ninth Circuit's decision in *Gardner v. Nike*, 279 F.3d 774 (9th Cir. 2002), and the potential impact of its preservation of vestiges of the doctrine of indivisibility from the 1909 Copyright Act, on Plaintiff's current accounting claims. The Motion also ignores *Count 12* of the *Third Amended Complaint* (Doc. 457), which includes an alternate scenario for the disposition of these claims, which must be resolved in conjunction with the claims set forth in *Counts 13* and *14*, as the resolution of these claims will necessarily dispose of the alternate claim presented in *Count 12*. Defendant's Motion also fails to mention that the same vestiges of this

1  indivisibility doctrine which supply the underpinnings for the Ninth Circuit's decision in
2  *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137 (9th Cir. 2008), apply primarily to a
3  party's standing to sue for infringement, and are not controlling on matters involving whether a
4  substantive assignment of copyright ownership has occurred.[1]  No reported case has previously
5  applied the subject principles in *Gardner* or *Sybersound* to factual circumstances precisely
6  analogous to those presented in this case, and Plaintiff's opposition involves considerable effort
7  and scholarship in order to properly identify and discuss the principles that should control
8  Plaintiff's accounting claims, particularly given that the assignment agreements, and memoranda
9  of assignment relevant to *Counts 12*, *13*, and *14* of the *Third Amended Complaint*, are governed
10 primarily by New York law, rather than federal law, as represented in Defendants' brief.
11 Finally, whereas, Plaintiff submits that most of the relevant issues may be resolved as a matter of
12 law, and that Defendants' extrinsic, parol evidence, is impermissible, given the admitted lack of
13 ambiguity in the underlying agreements, Plaintiff is cross-moving for summary judgment on
14 *Counts 13*, *14*, and portions of *Count 12*, contemporaneously with her response to Defendants'
15 Motion.  Plaintiff submits this will expedite the final resolution of several claims in her *Third*
16 *Amended Complaint*, and narrow, substantially, the issues to be resolved at trial.  For all of these
17 reasons, Plaintiff submits that "good cause" exists for the relief requested.

18         Fed. R. Civ. P. 6(b)(1) provides: "(1) In General. When an act may or must be done
19 within a specified time, the court may, for good cause, extend the time: (A) with or without
20 motion or notice if the court acts, or if a request is made, before the original time or its extension
21 expires; or (B) on motion made after the time has expired if the party failed to act because of
22 excusable neglect." *Id.*  "Good cause" is a non-rigorous standard that has been construed broadly
23 across procedural and statutory contexts. *See, e.g., Venegas-Hernandez v. Sonolux Records*, 370
24 F.3d 183, 187 (1st Cir. 2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir. 1992); *Lolatchy v.*
25 *Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). It is well-established that the rule, "[is]

---

[1] In fact, on August 19, 2011, the Ninth Circuit released a new decision which clarifies *Sybersound,* and will be mentioned in Plaintiff's response. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, No. 2:10-cv-00557, 2011 U.S. App. LEXIS 17220, 10-13 (9th Cir. Aug. 19, 2011)

1  to be liberally construed to effectuate the general purpose of seeing that cases are tried on the
2  merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (*quoting Staren v. American Nat'l
3  Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)).  *See also* Fed. R. Civ. P. 1
4  ("[The Federal Rules] should be construed and administered to secure the just, speedy, and
5  inexpensive determination of every action and proceeding."). Consequently, requests for
6  extensions of time made before the applicable deadline has passed should "normally . . . be
7  granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon
8  Pictures, Inc.*, 624 F.3d 1253, 1258-1259 (9th Cir. Cal. 2010) (citing 4B Charles Alan Wright &
9  Arthur R. Miller, *Federal Practice and Procedure § 1165* (3d ed. 2004)).  In the absence of such
10 bad faith or prejudice, a Court's refusal to grant an extension request governed by the "good
11 cause" standard can constitute an abuse of discretion.  *E.g., Ahanchian,* 624 F.3d at 1258.

12       Critically, the record is devoid of any indication either that Plaintiff's counsel have acted
13 in bad faith or that an extension of time would prejudice defendants. To the contrary, the record
14 reflects that Plaintiff's counsel have acted conscientiously throughout this litigation, promptly
15 seeking extensions of time as soon as they are known to be necessary, without allowing
16 applicable deadlines to first pass, and stipulating to Defendants' various requests for extensions
17 of time without fail.  This is not a situation in which Plaintiff has simply disregarded, or missed,
18 a deadline to file a response, without first notifying the Court that additional time was needed.  In
19 such circumstances, Plaintiff's request would be governed by the more stringent "excusable
20 neglect" standard, rather than simply requiring a showing of "good cause," and even the
21 "excusable neglect" standard is less stringent than that which the New Defendants would prefer
22 to apply here, in an effort to place Plaintiff in a position of default, with respect to her accounting
23 claims.  *See, e.g.*, *Kelley v. Allen*, No. 2:10-cv-00557, 2011 U.S. Dist. LEXIS 84741 (E.D. Cal.
24 Aug. 1, 2011).  *See also, Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir.
25 2000) (stating a delay of "a little more than one month" is "not long enough to justify denying
26 relief[,]" under the "excusable neglect standard, even though Plaintiff's attorney "should have
27 responded more quickly," and his reason for the delay – "recovery from jet lag and the time it
28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

2449484.1

took to sort through the mail that had accumulated while he was away" was "admittedly [] weak"). Under that more stringent standard, the *Bateman* Court found no excusable neglect, because there was no evidence that Plaintiff's attorney acted with anything less than good faith. *Id*. Instead, "his errors resulted from negligence and carelessness, not from deviousness or willfulness." *Id*. But that standard does not govern the present circumstances, and Plaintiff's counsel have neither been negligent nor careless. Instead, notwithstanding a Herculean effort since the date the previous extension request was filed, they simply have not yet completed the brief.

Finally, any argument that Defendants would be prejudiced by having less time to reply than Plaintiff has had to draft her opposition, is an argument that has previously been found "unpersuasive," as it neglects the fact that, in the majority of districts, more time is given for drafting oppositions than replies. See *Ahanchian*, 624 F.3d at 1258 (citing N.D. Cal. Local R. 7-3(a), (c); S.D. Cal. Local R. 7.1(e)(1), (2)). *See also*, LR 7-2(b), (c). Moreover, as explained in her previous extension request, Plaintiff's counsel have not expended all of the time that has passed working on Plaintiff's response to Defendants' Motion, due to the other, major deadlines in this case throughout July and August, as well as lead counsel's significant obligations to other clients during the last week in August. Whereas, Plaintiff's opposition will include a cross-motion, New Defendants will likely also need additional time in which to reply/oppose, and Plaintiff, as always, will accommodate their requests. The fact is, that if defense counsel were cooperative with respect to Plaintiff's reasonable, recent extension requests, and willing to extend the customary professional courtesies, Plaintiff's counsel may have been able to complete her response by now – the needless, and needlessly contentious battles over whether a two-day extension should be granted consume considerable, valuable time that could best be expended by completing the brief. It is a litigation tactic, transparently intended to deprive Plaintiff of the opportunity to respond substantively to an important motion, rather than a sincere expression of concern regarding the impact of the scant additional time requested for that response.

In sum, the requested extension is sorely needed, and, as stated above, is not requested

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

2449484.1

1 | for any improper purpose.

2 | IN VIEW OF THE ABOVE, Plaintiff respectfully requests entry of the attached *Order*, indicating that she may file and serve her Opposition to (Doc 548) on or before September 9, 2011.

Dated: September 6, 2011          RESPECTFULLY SUBMITTED:

By: /s/ Gregory H. Guillot
Gregory H. Guillot
George L. Paul
John L. Krieger
Robert H. McKirgan

*Attorneys for Plaintiff, Donna Corbello*

IT IS SO ORDERED:

_____
The Honorable Robert C. Jones
UNITED STATES DISTRICT JUDGE

Dated: 10-27-2011