1  Gregory H. Guillot
   ggmark@radix.net
2  *Admitted Pro Hac Vice*
   GREGORY H. GUILLOT, P.C.
3  13455 Noel Road, Suite 1000
   Dallas, TX 75240
4  Telephone: (972) 774-4560
   Facsimile: (214) 515-0411
5
   John L. Krieger, (Nevada Bar No. 6023)
6  JKrieger@LRLaw.com
   LEWIS AND ROCA LLP
7  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV 89169
8  Telephone: (702) 949-8200
   Facsimile: (702) 949-8389
9
   George L. Paul
10 GPaul@LRLaw.com
   *Admitted Pro Hac Vice*
11 Robert H. McKirgan,
   RMckirgan@LRLaw.com
12 *Admitted Pro Hac Vice*
   LEWIS AND ROCA LLP
13 40 North Central Avenue, Suite 1900
   Phoenix, AZ 85004
14 Telephone: (602) 262-5326
   Facsimile: (602) 734-3857
15
   Attorneys for Plaintiff,
16 DONNA CORBELLO

17              **UNITED STATES DISTRICT COURT**

18                    **DISTRICT OF NEVADA**

19 DONNA CORBELLO, an individual,
                                          Case No. 2:08-cv-00867-RCJ-PAL
20          Plaintiff,
                                          ORDER **FOR LEAVE**
21     vs.                               **TO FILE UNDER SEAL CERTAIN**
                                          **EXHIBITS TO PLAINTIFF'S**
22 THOMAS GAETANO DEVITO, an             **EMERGENCY OBJECTION TO**
   individual, *et al*.,                 **MAGISTRATE JUDGE'S APRIL 15,**
23                                        **2011 ORDERS**
            Defendants.
24

25         Plaintiff Donna Corbello, by her attorneys, and pursuant to the *Stipulated Protective*

26 *Order* (Doc. 94) entered into by the parties, and the Court's *Protective Order Governing*

27 *Confidentiality of Documents* entered on January 5, 2009 ("Order Regarding Sealing

28

                                                                            2367322.1

Requirements") (Doc. 95), herewith requests leave to file certain documents under seal as exhibits to *Plaintiff's Emergency Objection To Magistrate Judge's April 15, 2011 Orders*.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to her obligations under the *Stipulated Protective Order* and *Order Regarding Sealing Requirements*, Plaintiff seeks an order permitting her to file the following documents under seal, which were produced by Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, DSHT, Inc., Dodger Theatricals, Inc., and/or JB Viva Vegas, LP (the "New Defendants"), and/or by third party Kevin Kinsella ("Kinsella"), and marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" thereby, which she intends to attach as exhibits to her *Emergency Objection To Magistrate Judge's April 15, 2011 Orders*:

- KINSELLA-007654 through -007655, consisting pages of a partnership agreement.
- Exhibit 5 is defendant Dodger Theatricals, Inc.'s relevant, written discovery responses.
- KINSELLA-000227 through -000238, consisting of an audited financial statement.
- JB-0086305 through JB-0086316, consisting pages of a Subscription Agreement for Jersey Boys Toronto.
- JB-0085624 through JB-0085628, consisting pages of an Operating Agreement for Jersey Boys Australia Investor, LLC.
- JB-0085523 through JB-0085526, consisting pages of a Limited Partnership Agreement for JB London Investor LP.
- JB-0087053 through JB-0087056, consisting pages of a licensing agreement from defendant Jersey Boys Broadway LP.
- JB-0027040 through JB-0027044, consisting pages of a financial statement for JB Viva Vegas, LP.
- Exhibit 13 consists of an e-mail attaching an expense summary for defendant Valli and Gaudio.

- Exhibit 14 consists of a spreadsheet summarizing information from financial statements.
- Exhibit 17 consists of a spreadsheet summarizing information from tax documents.
- JB-0079466 through JB-0079468, consisting of a QuickBooks account for royalty payments.
- JB-0087214 through JB-0087218, consisting of an agreement between various defendants.

## I.   ARGUMENT

There is an exception to the normal presumption of access to judicial records, for "sealed discovery document[s] [attached] to a non-dispositive motion," such that "the usual presumption of the public's right of access is rebutted." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006) (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).  The public has less of a need for access to court records attached only to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)).  Moreover, "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.* (citing *Phillips*, 307 F.3d at 1213).  Finally, when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.*  Accordingly, "good cause" exists for the filing of the foregoing documents under seal.

Pursuant to the *Stipulated Protective Order* herein, Plaintiff has an obligation to maintain the confidentiality of any document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by an opposing party, and the documents identified above were so marked by the New Defendants and Kinsella.  Accordingly, Plaintiff may not file the documents with the Court without obtaining an Order and/or filing them under seal.  Whereas, Plaintiff's *Emergency*

1   *Objection To Magistrate Judge's April 15, 2011 Orders* is not a dispositive motion, the filing of

2   these documents under seal falls within the exception to the general presumption of public access

3   carved out by the courts of this Circuit for documents attached to non-dispositive motions.

4   Accordingly, leave to file the subject documents under seal should be granted.

5   **II.      CONCLUSION**

6          IN VIEW OF THE ABOVE, Plaintiff respectfully requests that her present motion be

7   granted.

8          Dated: May 5, 2011

9                                          RESPECTFULLY SUBMITTED:

10

11                                         /s/Robert H. McKirgan
                                           Gregory H. Guillot
12                                         George L. Paul
                                           John L. Krieger
13                                         Robert H. McKirgan
                                           Attorneys for Plaintiff, Donna Corbello
14

15

16

17

18

19
                                           IT IS SO ORDERED:
20

21

22
                                           UNITED STATES DISTRICT JUDGE
23                                         DATED:_ 10-27-2011

24

25

26

27

28