1
2
3

SAMUEL S. LIONEL [Nevada Bar #1766]
MAXIMILIANO D. COUVILLIER III [Nevada Bar #7661]
LIONEL SAWYER & COLLINS
300 So. 4th Street #1700
Las Vegas, Nevada 89101
Telephone: (702) 383-8888

4
5
6
7

DANIEL M. MAYEDA *(Admitted Pro Hac Vice)*
ABIGAIL A. JONES *(Admitted Pro Hac Vice)*
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
Email: dmayeda@lpsla.com; ajones@lpsla.com

8
9
10
11

DAVID S. KORZENIK *(Admitted Pro Hac Vice)*
MILLER KORZENIK SOMMERS LLP
488 Madison Avenue
Suite 1120
New York, New York 10022-5702
Telephone: (212) 752-9200

12
13
14

Attorneys for Defendants
FRANKIE VALLI, ROBERT J. GAUDIO, MARSHALL
BRICKMAN, ERIC S. ELICE, DES McANUFF, DSHT, INC.,
DODGER THEATRICALS, LTD., JB VIVA VEGAS L.P.
AND GETTING HOME, INC.

15

UNITED STATES DISTRICT COURT

16

DISTRICT OF NEVADA

17
18
19
20
21
22
23
24

| | |
|---|---|
| DONNA CORBELLO, an individual<br><br>Plaintiff,<br><br>v.<br><br>THOMAS GAETANO DEVITO, individual, et al.<br><br>Defendants. | CASE NO.: 2:O8-cv-00867-RCJ-PAL<br><br>ORDER   TO SEAL CERTAIN EXHIBITS TO DECLARATION OF MICHAEL S. DAVID IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS 15-17 OF THE THIRD AMENDED COMPLAINT (NON-EXCLUSIVE LICENSE)<br><br>Courtroom:    The Honorable Robert C. Jones |

25
26
27
28

## POINTS & AUTHORITIES

### INTRODUCTION

Moving Defendants attached the following exhibits in support of their Motion for Summary Judgment on Counts 15-17 (Non-Exclusive License ("MSJ"):

Exhibit 1: Declaration of Michael David ("David Declaration"). Mr. David attached the following two documents to his declaration, which he identified as "Exhibits A, B and C," respectively:

A: May 2004 Production Agreement

B: Photocopy compilation of photos of Thomas DeVito and others at the Broadway, National Tour and Las Vegas openings of Jersey Boys

C: Copy of a sampling of checks that Dodger Theatricals has paid to Thomas DeVito as royalties from Jersey Boys

Exhibit 2: Declaration of Elliot Brown ("Brown Declaration").

Exhibit 3: Declaration of Eric S. Elice ("Elice Declaration").

Exhibit 4: Declaration of Marshall Brickrnan ("Brickman Declaration").

**Of the foregoing, Moving Defendants request leave to file under seal <u>only</u> the following two documents:**

1) Exhibit A to the David Declaration.

2) Exhibit C to the David Declaration.

LEOPOLD, PETRICH
& SMM-1
A Professional Corporation

25017

## II.   ARGUMENT

### A.   Governing Law

The Ninth Circuit recognizes that courts have the power to allow for certain documents and information to be filed under seal in connection with dispositive motions. *Kamakana v. City & County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). In which case, *Kamakana* requires a showing of "compelling reasons" sufficient to outweigh the public's interest in disclosures to justify sealing records. *Id.* at 1179. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

Other compelling reasons justifying sealing records exist where a party seeks to protect information concerning, among other things, "business operations, customer agreements, corporate structure, the details of... customer base and how the company works with and licenses products to its customers and measures it takes to protect its intellectual property." *Selling Source, LLC v. Red River Ventures,* LLC 2011 WL 1630338, *6 (D. Nev. 2011). When court records concern such information, "the public's interest in understanding the judicial process is outweighed by the possibility that disclosure of these materials could reasonably result in infringement of the trade secrets." *Id. (citing Dish Network L.L. C. v. Sonicview USA, Inc.,* 2009 WL 2224596, *7 (S.D. Cal. 2009)). Precisely the same compelling reasons are found here with respect to the documents which Moving Defendants request to seal.

### B.   There Are Compelling Reasons Justifying Sealing Records Because The Documents Which Moving Defendants Request To Seal Concern Business Operations and Sensitive Financial Information

Moving Defendants request to seal the May 2004 Production Agreement because it concerns Dodger Theatricals', the Four Seasons Partnership's, and Mr. Elice's and Mr. Brickman's business

LEOPOLD, PETRICII & SMITH
A Professional Corporation

25017

operations, detailing option payments; royalty payments and advances for musical compositions, life story rights and the book for Jersey Boys; profit participation; merchandising and motion picture rights, etc.; and because the May 2004 Production Agreement attaches the confidential 1999 Life Story Release. Moving Defendants request to seal the sample of checks to Mr. DeVito from Dodger Theatricals because these checks reflect Mr. DeVito's personal financial information and because they reflect royalties paid pursuant to the confidential 1999 Life Story Release between Messrs. DeVito, Massi, Valli and Gaudio.

IIL    CONCLUSION

The Court should grant Moving Defendants' motion. As the foregoing demonstrates, Moving Defendants have made a particularized showing of harm and there are compelling reasons justifying sealing the requested documents.


DATED: October 14, 2011


                                        Is/ Daniel M. Mayeda
                                        DANIEL M. MAYEDA
                                        LEOPOLD, PETRICH & SMITH, P.C.
                                        Attorneys for Defendants

                                        FRANKIE VALLI, ROBERT J.
                                        GAUDIO, MARSHALL BRICKMAN,
                                        ERIC S. ELICE, DES McANUFF,
                                        DSHT, INC., DODGER THEATRICALS,
                                        LTD., JB VIVA VEGAS L.P. AND
                                        GETTING HOME, INC.




        IT IS SO ORDERED.

DATED:_

                                        _____

LEOPOLD, PETRICH
84 SMITH
A Professional Corporation

25017