Gregory H. Guillot
ggmark@radix.net
*Admitted Pro Hac Vice*
GREGORY H. GUILLOT, P.C.
13455 Noel Road, Suite 1000
Dallas, TX 75240
Telephone: (972) 774-4560
Facsimile: (214) 515-0411

John L. Krieger, (Nevada Bar No. 6023)
JKrieger@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8389

George L. Paul
GPaul@LRLaw.com
*Admitted Pro Hac Vice*
Robert H. McKirgan,
RMckirgan@LRLaw.com
*Admitted Pro Hac Vice*
LEWIS AND ROCA LLP
40 North Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 262-5326
Facsimile: (602) 734-3857

Attorneys for Plaintiff,
DONNA CORBELLO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA CORBELLO, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THOMAS GAETANO DEVITO, an individual, *et al*.,<br><br>　　　　Defendants. | Case No. 2:08-cv-00867-RCJ-PAL<br><br>ORDER **FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO PLAINTIFF'S OPPOSITION TO** *MOTION BY DEFENDANTS VALLI, GAUDIO, DSHT, INC., DODGER THEATRICALS, LTD., AND JERSEY BOYS BROADWAY LIMITED PARTNERSHIP FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS 13 AND 14 OF THE THIRD AMENDED COMPLAINT* **(DOC. 548), AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS 12, 13, AND 14 OF THE THIRD AMENDED COMPLAINT** |

Plaintiff Donna Corbello, by her attorneys, and pursuant to the *Stipulated Protective Order* (Doc. 94) entered into by the parties, and the Court's *Protective Order Governing Confidentiality of Documents* entered on January 5, 2009 ("Order Regarding Sealing Requirements") (Doc. 95), herewith requests leave to file certain documents under seal as exhibits to Plaintiff's Opposition to the *Motion by Defendants Valli, Gaudio, DSHT, Inc., Dodger Theatricals, Ltd., and Jersey Boys Broadway Limited Partnership for Partial Summary Judgment as to Counts 13 and 14 of the Third Amended Complaint (Doc. 548), and Cross-Motion for Partial Summary Judgment on Counts 12, 13, and 14 of the Third Amended Complaint* ("*Opposition: Defendants' Partial MSJ*").

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to her obligations under the *Stipulated Protective Order* and *Order Regarding Sealing Requirements*, Plaintiff seeks an order permitting her to file the following documents under seal, which were produced by Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, DSHT, Inc., Dodger Theatricals, Inc., and/or JB Viva Vegas, LP (the "New Defendants"), and/or by third party BASE Las Vegas Jersey Boys, and marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" thereby, which she intends to attach as exhibits to her *Opposition: Defendants' Partial MSJ*:

- JB-0032771 through JB-0033049 consisting of an unpublished literary work entitled "Untitled Tommy DeVito/Four Season Biography."
- JB-0000104 through JB-0000107 consisting of the 1999 Agreement entered into between Defendants DeVito, Gaudio, and Valli.
- JB-0005239 through JB-0005261 consisting of the Metropolitan Group Agreement entered into between Defendants Gaudio and Valli and the Metropolitan Entertainment Group and Tony Adams.
- JB-0002479 through JB-0002483 consisting of the Writers' Agreement entered into between Defendants DeVito, Gaudio, Brickman and Elice.

2449311.1

- JB-0002489 through JB-0002522 consisting of the LaJolla Playhouse Agreement entered into between Defendants DeVito, Gaudio, Brickman, Elice, and the LaJolla Playhouse.
- JB-0000064 through JB-0000103 consisting of the 2004 Production Agreement entered into between Defendants DeVito, Gaudio, and Defendants DSHT and/or Dodger Theatricals.
- JB-0001024, JB-0001188, and JB-0001243 consisting of Defendant Gaudio's deposition taken on May 2, 2006, in Defendant Valli's divorce proceedings in Los Angeles, California.
- JB-0026696 through JB-0026703 consisting of the Four Season Partnership Timeline prepared by Jason Baruch.
- JB-0002608 through JB-0002612 consisting of the Limited Partnership Agreement of Jersey Boys Broadway Limited Partnership.
- JB-0027295 through JB-0027296 consisting of an e-mail string between Defendants Elice, Brickman, and Michael David, dated January 23, 2004.
- JB-0086317 through JB-0086329 consisting of a check and the Subscription Agreement for the Canadian production of *Jersey Boys.*
- JB-0091063, JB-0087028 and JB-0086958 consisting of selected partnership K-1s for Jersey Boys Broadway Limited Partnership.
- JB-0087299 through JB-0087303 consisting of the license agreement between Jersey Boys Broadway and JB First National Tour.
- JB-0087326 through JB-0087342 consisting of an unsigned agreement between JB Maple Leaf and JB Canada Licensing LP.
- JB-0087547 through JB-0087567 consisting of a Stock Purchase and Settlement and Separation Agreement between Chios Investments, Defendant David and Mr. Edward Strong.
- JB-0085460 through JB-0085473 consisting of the Jersey Boys Broadway Limited Partnership Subscription Agreement.

2449311.1

1
2
- JB-0085861 through JB-0085888 consisting of the Limited Partnership Agreement of JB First National Tour, LP.

3
4
- JB-0086041 through JB-0086068 consisting of the Limited Partnership Agreement of JB Chicago Zephyr.

5
6
- BASE 00001 through BASE 00030 consisting of the letter agreement between BASE Las Vegas Jersey Boys and Jersey Boys Broadway LP.

7
8
- JB-0085955 through JB-0085982 consisting of the Limited Partnership Agreement of JB Viva Vegas.

9
10
- JB-0085780 through JB-0085806 consisting of the Limited Partnership Agreement of JB London Investor.

11
12
- JB-0087053 through JB-0087056 consisting of the License Agreement between JB Broadway and JB Worldwide Licensing.

13
14
- JB-0087304 through JB-0087307 consisting of the License Agreement between JB Worldwide Licensing to Jersey Boys UK, Ltd.

15
16
17
- JB-0087253 through JB-0087298 consisting of the Principal Investor Agreement between JB Australia Management LLC, NewTheatricals Pty Ltd and Dainty Consolidated.

18
19
- JB-0085620 through JB-0085648 consisting of the Operating Agreement of Jersey Boys Australia Investor LLC.

20
21
- JB-0025627 through JB-0025639 consisting of monthly financial statements for Jersey Boys Broadway LP.

22
23
- JB-0006110 consisting of correspondence from Michael David to Bob Crewe, dated September 6, 2004.

24
25
- JB-0085474 through JB-0085497 consisting of the Limited Partnership Agreement of JB First National Tour LP.

I.  **ARGUMENT**

There is an exception to the normal presumption of access to judicial records, for "sealed discovery document[s] [attached] to a non-dispositive motion," such that "the usual presumption

4

2449311.1

1  of the public's right of access is rebutted." *Kamakana v. City & County of Honolulu*, 447 F.3d
2  1172, 1179-1180 (9th Cir. 2006) (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213
3  (9th Cir. 2002)).  The public has less of a need for access to court records attached only to non-
4  dispositive motions because those documents are often "'unrelated, or only tangentially related,
5  to the underlying cause of action.'" *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33,
6  104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)).  Moreover, "public policies that support the right of
7  access to dispositive motions, and related materials, do not apply with equal force to non-
8  dispositive materials." *Id.* (citing *Phillips*, 307 F.3d at 1213).  Finally, when a district court
9  grants a protective order to seal documents during discovery, "it already has determined that
10 'good cause' exists to protect this information from being disclosed to the public by balancing
11 the needs for discovery against the need for confidentiality." *Id.*  Accordingly, "good cause"
12 exists for the filing of the foregoing documents under seal.

13  Pursuant to the *Stipulated Protective Order* herein, Plaintiff has an obligation to maintain
14 the confidentiality of any document marked "CONFIDENTIAL" or "HIGHLY
15 CONFIDENTIAL" by an opposing party, and the documents identified above were so marked by
16 the New Defendants and by BASE Las Vegas Jersey Boys.  Accordingly, Plaintiff may not file
17 the documents with the Court without obtaining an Order and/or filing them under seal.
18 Whereas, Plaintiff's *Opposition: Defendants' Partial MSJ* is not a dispositive motion, the filing
19 of these documents under seal falls within the exception to the general presumption of public
20 access carved out by the courts of this Circuit for documents attached to non-dispositive motions.
21 Accordingly, leave to file the subject documents under seal should be granted.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

/ / /

/ / /

## II. CONCLUSION

IN VIEW OF THE ABOVE, Plaintiff respectfully requests that her present motion be granted.

Dated: September 9, 2011

RESPECTFULLY SUBMITTED:

*/s/ John L. Krieger*
Gregory H. Guillot
George L. Paul
John L. Krieger
Robert H. McKirgan
*Attorneys for Plaintiff, Donna Corbello*

IT IS SO ORDERED:

ROBERT C. JONES
DATED: This 27th day of October, 2011.

6

2449311.1