1  Gregory H. Guillot
   ggmark@radix.net
2  *Admitted Pro Hac Vice*
   GREGORY H. GUILLOT, P.C.
3  13455 Noel Road, Suite 1000
   Dallas, TX  75240
4  Telephone: (972) 774-4560
   Facsimile: (214) 515-0411
5
   John L. Krieger, (Nevada Bar No. 6023)
6  JKrieger@LRLaw.com
   LEWIS AND ROCA LLP
7  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV  89169
8  Telephone: (702) 949-8200
   Facsimile: (702) 949-8389
9
   George L. Paul
10 GPaul@LRLaw.com
   *Admitted Pro Hac Vice*
11 Robert H. McKirgan,
   RMckirgan@LRLaw.com
12 *Admitted Pro Hac Vice*
   LEWIS AND ROCA LLP
13 40 North Central Avenue, Suite 1900
   Phoenix, AZ  85004
14 Telephone: (602) 262-5326
   Facsimile: (602) 734-3857
15
   Attorneys for Plaintiff,
16 DONNA CORBELLO

17                        **UNITED STATES DISTRICT COURT**

18                              **DISTRICT OF NEVADA**

19  DONNA CORBELLO, an individual,

                                              Case No. 2:08-cv-00867-RCJ-PAL
20          Plaintiff,

                                                               **FOR LEAVE**
21      vs.                                   **TO FILE UNDER SEAL CERTAIN**
                                              **EXHIBITS TO HER RESPONSE TO**
22  THOMAS GAETANO DEVITO, an                 **DEFENDANT JERSEY BOYS**
    individual, *et al.*,                     **RECORDS LIMITED**
23                                            **PARTNERSHIP'S MOTION FOR**
            Defendants.                       **SUMMARY JUDGMENT AND CROSS-**
24                                            **MOTION TO COMPEL**
                                              **JURISDICTIONAL DISCOVERY**
25

26

27         Plaintiff Donna Corbello, by her attorneys, and pursuant to the *Stipulated Protective*

28  *Order* (Doc. 94) entered into by the parties, and the Court's *Protective Order Governing*

*Confidentiality of Documents* entered on January 5, 2009 ("Order Regarding Sealing Requirements") (Doc. 95), herewith requests leave to file certain documents under seal as exhibits to Plaintiff's Response to Jersey Boys Records Limited Partnership's Motion for Summary Judgment and Cross-Motion to Compel Responses to Jurisdictional Discovery ("*Response: Cross-Motion to Compel*").

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to her obligations under the *Stipulated Protective Order* and *Order Regarding Sealing Requirements*, Plaintiff seeks an order permitting her to file the following documents under seal, which were produced by Defendants Frankie Valli, Robert J. Gaudio, Marshall Brickman, Eric S. Elice, DSHT, Inc., Dodger Theatricals, Inc., and/or JB Viva Vegas, LP (the "New Defendants"), and/or by third party BASE Las Vegas Jersey Boys, and marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" thereby, which she intends to attach as exhibits to her *Response: Cross-Motion to Compel*:

- JB-0025278 through JB-0025282 consisting of financial information produced by New Defendants.
- BASE 00001 through BASE 00030 consisting of the letter agreement between BASE Las Vegas Jersey Boys (BASE Entertainment) and Jersey Boys Broadway LP.

Plaintiff further seeks an order permitting her to file the following court documents under seal which support her *Response: Cross-Motion to Compel* but contain, in part, information marked "Highly Confidential" by third party BASE Entertainment:

- Selected text on page 5 of *Plaintiff's Response to Jersey Boys Records Limited Partnership's Motion for Summary Judgment and Plaintiff's Cross-Motion to Compel Responses to Jurisdictional Discovery* which restates information contained in the letter agreement between BASE Entertainment and Jersey Boys Broadway LP.
- Selected text in Paragraph 11 of *Rule 56(D) Declaration of John L. Krieger in Support of Plaintiff's Response to Defendant Jersey Boys Records Limited*

2

2483327.1

*Partnership's Motion for Summary Judgment and Plaintiff's Cross-Motion to Compel Jurisdictional Discovery* which restates information contained in the letter agreement between BASE Entertainment and Jersey Boys Broadway LP.

## I.   ARGUMENT

There is an exception to the normal presumption of access to judicial records, for "sealed discovery document[s] [attached] to a non-dispositive motion," such that "the usual presumption of the public's right of access is rebutted." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006) (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The public has less of a need for access to court records attached only to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)). Moreover, "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.* (citing *Phillips*, 307 F.3d at 1213). Finally, when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* Accordingly, "good cause" exists for the filing of the foregoing documents under seal.

Pursuant to the *Stipulated Protective Order* herein, Plaintiff has an obligation to maintain the confidentiality of any document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by an opposing party, and the documents identified above were so marked by the New Defendants and by BASE Las Vegas Jersey Boys. Accordingly, Plaintiff may not file the documents with the Court without obtaining an Order and/or filing them under seal. Whereas, Plaintiff's *Response: Cross-Motion to Compel* is not a dispositive motion, the filing of these documents under seal falls within the exception to the general presumption of public access carved out by the courts of this Circuit for documents attached to non-dispositive motions. Accordingly, leave to file the subject documents under seal should be granted.

/ / /

2483327.1

## II. CONCLUSION

IN VIEW OF THE ABOVE, Plaintiff respectfully requests that her present motion be granted.

Dated: October 11, 2011

        RESPECTFULLY SUBMITTED:

        */s/ John L. Krieger*
        Gregory H. Guillot
        George L. Paul
        John L. Krieger
        Robert H. McKirgan
        *Attorneys for Plaintiff, Donna Corbello*

IT IS SO ORDERED:

_____
ROBERT C. JONES
Dated: This 27th day of October, 2011.

4

2483327.1

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on October 11, 2011, I electronically filed the foregoing motion and this certificate of service with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel M. Mayeda, Esq.
Leopold, Petrich & Smith, P.C.
2049 Century Park East, Suite 3110
Los Angeles, CA  90067-3274

David S. Korzenik, Esq.
Miller Korzenik Sommers LLP
488 Madison Avenue, Suite 1120
New York, NY  10022-5702

Samuel S. Lionel, Esq.
Todd Kennedy, Esq.
Lionel Sawyer & Collins
300 S. 4th Street, Suite 1700
Las Vegas, NV  89101

*Attorneys for the Non-DeVito Defendants*

L. Bradley Hancock, Esq.
Christopher B. Payne, Esq.
Greenberg Traurig LLP
1000 Louisiana, Suite 1700
Houston, TX  77002

Booker T. Evans, Jr., Esq.
Greenberg Traurig LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ  85016

Eric W. Swanis, Esq.
Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 500 North
Las Vegas, NV  89169

*Attorneys for Defendant Thomas Gaetano DeVito*

　　　　　　　　　　　　　　　　　　　　　Debbie Robbins

2483327.1