1  Gregory H. Guillot
   ggmark@radix.net
2  *Admitted Pro Hac Vice*
   GREGORY H. GUILLOT, P.C.
3  13455 Noel Road, Suite 1000
   Dallas, TX  75240
4  Telephone:     (972) 774-4560
   Facsimile:     (214) 515-0411
5
   John L. Krieger, (Nevada Bar No. 6023)
6  JKrieger@LRLaw.com
   LEWIS AND ROCA LLP
7  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV  89169
8  Telephone:     (702) 949-8200
   Facsimile:     (702) 949-8389
9
   George L. Paul
10 GPaul@LRLaw.com
   *Admitted Pro Hac Vice*
11 Robert H. McKirgan,
   RMckirgan@LRLaw.com
12 *Admitted Pro Hac Vice*
   LEWIS AND ROCA LLP
13 40 North Central Avenue, Suite 1900
   Phoenix, AZ  85004
14 Telephone:     (602) 262-5326
   Facsimile:     (602) 734-3857
15
   Attorneys for Plaintiff,
16 DONNA CORBELLO

17              **UNITED STATES DISTRICT COURT**

18                  **DISTRICT OF NEVADA**

19 DONNA CORBELLO, an individual,          Case No. 2:08-cv-00867-RCJ-PAL

20          Plaintiff,                                **FOR LEAVE
                                           TO FILE CERTAIN EXHIBITS
21      vs.                                ATTACHED TO PLAINTIFF'S
                                           MOTION FOR PARTIAL SUMMARY
22 THOMAS GAETANO DEVITO, an               JUDGMENT AGAINST DEFENDANT
   individual, *et al*.,                   THOMAS GAETANO DEVITO ON
23                                          COUNT I OF PLAINTIFF'S THIRD
          Defendants.                      AMENDED COMPLAINT UNDER
24                                          SEAL
25

26         Plaintiff Donna Corbello, by her attorneys, and pursuant to the *Stipulated Protective*

27 *Order* (Doc. 94) entered into by the parties, and the Court's *Protective Order Governing*

28 *Confidentiality of Documents* entered on January 5, 2009 ("Order Regarding Sealing

Requirements") (Doc. 95), herewith requests leave to file certain documents under seal as exhibits to her *Motion for Partial Summary Judgment Against Defendant Thomas Gaetano DeVito on Count I of Plaintiff's Third Amended Complaint* ("Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to her obligations under the *Stipulated Protective Order* and *Order Regarding Sealing Requirements*, Plaintiff seeks an order permitting her to file the following documents under seal:

- Selected excerpts from the deposition transcript of Defendant Robert J. Gaudio designated "Confidential"; and

- Documents obtained by Mr. Rex Woodard that include personal and private information regarding Defendant DeVito presumed to be "Confidential."

**I.    ARGUMENT**

Whereas, Defendant Plaintiff's Motion is a dispositive motion, any party seeking to preserve the secrecy of a document attached to a response thereto must articulate "compelling reasons" as to why the document should be protected against public disclosure, notwithstanding the general presumption of public access.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006).  The relevant authorities on public access to material attached to dispositive motions and responses are generally set forth in the Court's *Order Regarding Sealing Requirements*.  (Doc. 95.)  In *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978), the Supreme Court held that "the right to inspect and copy judicial records is not absolute," noting that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.  In *Kamakana*, the Ninth Circuit reiterated this principle, while indicating that "compelling reasons" must be articulated to maintain the secrecy of material attached to dispositive motions, rather than the "good cause" showing required to seal documents filed in a non-dispositive motion context.  447 F.3d at 1179.

The documents identified above were either marked or designated "Confidential" by the Defendants in discovery, and, as a result of these designations and the protective order entered

1   by this Court on December 31, 2008 (Doc. 94 at 11), Plaintiff may not file them without first

2   obtaining an order from the Court and/or filing them under seal. However, under *Kamakana*,

3   Plaintiff is not the party who seeks to maintain the secrecy of these documents and is therefore

4   not the party that must make a showing of "compelling reasons" why the documents should be

5   protected against public access. Accordingly, Plaintiff hereby places Defendants on notice that

6   she is attaching these documents to her Motion so as to provide Defendants with an opportunity

7   to make a "compelling reasons" showing.

8   **II.    CONCLUSION**

9        IN VIEW OF THE ABOVE, Plaintiff respectfully requests that her *Motion for Leave to*

10  *File Certain Exhibits Attached to Plaintiff's Motion for Partial Summary Judgment Against*

11  *Defendant Thomas Gaetano DeVito on Count I of Plaintiff's Third Amended Complaint Under*

12  *Seal* be granted.

13       Dated: October 14, 2011

14                           RESPECTFULLY SUBMITTED:

15

16                           /s/John L. Krieger

17                           Gregory H. Guillot
                             George L. Paul

18                           John L. Krieger
                             Robert H. McKirgan

19                           Attorneys for Plaintiff, Donna Corbello

20                           IT IS SO ORDERED:

21

22

23                           ROBERT C. JONES
                             DATED:  This 27th day of October, 2011.

24

25

26

27

28