# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DONNA CORBELLO, | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cv-00867-RCJ-PAL |
| vs. | ) | |
| | ) | |
| THOMAS GAETANO DEVITO et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of alleged copyright infringement. Pending before the Court are two motions for reconsideration, four motions to strike, a motion for attorney's fees, a motion to seal, and a motion for leave to file excess pages. For the reasons given herein, the Court denies the motions to strike and the motion for leave to file excess pages as moot, grants the motion to seal, grants Michael David's motion for reconsideration as a motion for summary judgment, grants Defendants' motion for reconsideration, and denies the motion for fees and costs.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Donna Corbello is the widow and heir of Rex Woodard, who assisted Defendant Thomas Gaetano "Tommy" DeVito in writing his unpublished autobiography (the "Work"). Plaintiff alleges that DeVito and others wrongfully appropriated the Work to develop the screenplay for *Jersey Boys*, a hit musical based on the band *The Four Seasons* that has played in the United States, Canada, England, and Australia.

In December 2007, Plaintiff sued DeVito in the U.S. District Court for the Eastern District of Texas on three causes of action: (1) declaratory judgment; (2) equitable accounting; and (3) breach of contract. That court transferred the case to this District in 2008 pursuant to 28 U.S.C. § 1404(a), without deciding whether it had personal jurisdiction over DeVito, and it denied Plaintiff's motion to reconsider. The Third Amended Complaint, filed in March 2011, lists fourteen Defendants and twenty causes of action. The Court has issued two summary judgment orders, and the facts of the case are recounted more closely therein. During the first round of summary judgment motions, the Court ruled that DeVito and Plaintiff were 50% joint owners of the Work, that DeVito had granted Defendants Frankie Valli and Robert "Bob" Gaudio a selectively exclusive license to exploit and further license the Work, i.e., a license that was exclusive as against DeVito but nonexclusive as against Plaintiff, and that Valli and Gaudio had in turn granted a nonexclusive sublicense to Defendant DSHT, Inc. The Court also ruled that only DeVito was potentially liable for a direct accounting to Plaintiff. During the second round of summary judgment motions, the Court granted summary judgment to all Defendants except DeVito, who remains potentially liable on the second through eleventh claims, and Michael David, who had moved against the sixteenth and seventeenth claims against him based only upon an alleged lack of personal jurisdiction.

**II.     MOTIONS TO STRIKE, TO SEAL, AND TO FILE EXCESS PAGES**

Plaintiff's request for leave to file an oversized response to a motion the Court has adjudicated, as well as her motions to strike certain exhibits adduced by Defendants in support of their now-adjudicated motions, will be denied as moot. The Court did not rely on these exhibits, in any case. The Court also grants Plaintiff's motion to seal.

**III.    MOTIONS TO RECONSIDER**

First, David asks the Court to amend the January 31, 2012 judgment to note that he is also entitled to summary judgment on the vicarious and contributory infringement claims.

1  Plaintiff did not timely respond. David previously requested summary judgment based purely
2  upon personal jurisdiction, and the Court denied his motion. (*See* Order 23:18–24-14, Jan. 31,
3  2012, ECF No. 780). He now in substance moves for summary judgment for the same reasons as
4  the other Defendants who have obtained summary judgment, and, by implication, for leave to
5  file such a motion beyond the time specified in the scheduling order. Although styled as a
6  motion to alter or amend the judgment under Rule 59(e), there is no cause under that rule to
7  amend the judgment. But David is correct that he cannot be liable for contributory or vicarious
8  infringement via his work with *Jersey Boys* if the play itself, as the Court has ruled, did not
9  infringe the Work due to valid licensing. The Court will therefore grant the motion as a motion
10 for summary judgment.

   Second, several Defendants ask the Court to amend the January 31, 2012 order to include an express certification under Rule 54(b). Plaintiff objects. There are two vehicles to obtain interlocutory appeal: Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b). Rule 54(b) permits a Court to enter judgment after making a ruling partially disposing of a case, or to await its rulings on remaining causes of action in the case before entering judgment, at its discretion:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Section 1292(b) allows for interlocutory review of non-dispositive rulings in a case under a narrow set of circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon,

>in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). If a district court includes the required language in the order, this gives the Court of Appeals jurisdiction to accept the interlocutory appeal at its discretion. Although the jurisdictional statute does not use the terminology, inclusion of the jurisdictionally required language by the district court is commonly referred to as "certification." The Ninth Circuit has carefully explained the difference between these two routes to interlocutory review:

>Some of our cases use the phrase "Rule 54(b) certification." This is a misnomer born of confusion between Rule 54(b) and 28 U.S.C. § 1292(b), only the latter of which requires a certification. The two procedures apply to different situations. Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay. A court of appeals may, of course, review such judgments for compliance with the requirements of finality, but accords a great deference to the district court.
>
>By contrast, section 1292(b) addresses the situation where a party wishes to appeal an interlocutory order, such as pertaining to discovery, denying summary judgment, denying a motion to remand, or decertifying a class. Normally, such interlocutory orders are not immediately appealable. In rare circumstances, the district court may approve an immediate appeal of such an order by certifying that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently.
>
>Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly. This explains the reasons for the specific form of the certification required of the district court and de novo review thereof by the court of appeals. By contrast, a Rule 54(b) severance is consistent with the final judgment rule because the judgment being severed is a final one, whose appeal is authorized by 28 U.S.C. § 1291. Referring to a Rule 54(b) severance order as a "certification" misleadingly brings to mind the kind of rigorous judgment embodied in the section 1292(b) certification process. In reality, issuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances.

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (citations omitted).

The Court will "certify" the January 31, 2012 Judgment (ECF No. 781) for immediate review and will certify the judgment resulting from the grant of David's motion, as well. There is no just reason to delay review of the licensing issues, which are separate from the accounting and fiduciary issues remaining for trial as against DeVito.

**IV.    MOTION FOR ATTORNEY'S FEES**

Defendants request attorney's fees and costs under § 505 of the Copyright Act, and fees under 28 U.S.C. § 1927. First, the Court denies fees under § 1927. That statute permits fees against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Plaintiff did not vexatiously or unreasonably multiply the proceedings. There were complex issues of copyright to be determined in this case, and absent a finding that they had licenses, any of the Defendants apart from DeVito may have been liable for infringement.

Second, the Court has discretion to award reasonable attorney's fees "as part of the costs" under 17 U.S.C. § 505. A copyright defendant need not show bad faith or frivolity in order to receive fees under § 505; rather, plaintiffs and defendants are to be treated equally under the fee-shifting provision, with fees to be awarded when an award will further the purposes of the Copyright Act, which includes first and foremost "encourag[ing] the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522–27 (1994). The Court will not award fees under § 505 in this case. Plaintiff had a good-faith basis for believing the Work had been infringed. Defendants ask for fees primarily related to Plaintiff's claims against JB Records. Defendants are correct that the Jersey Boys Cast Album produced by JB Records only contained a few minutes of dialogue similar to that in the play and consisted mainly of separately copyrighted works consisting of Four Seasons songs. Defendants ask for fees in the amount of $243,821. The Court will not approve fees.

Third, the Court will not award costs. Costs under § 505 are awarded under the same

1  standard as fees.  Defendants request costs of $48,830.26 under § 505 because of Plaintiff's
2  demand for "native file" electronic documents.  The demands for native file documents were
3  reasonable, however, as these files may contain evidence of the evolution of the scripts, and such
4  evidence could have been critical in proving infringement of the Work.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Excess Pages (ECF No. 758) and the Motions to Strike (ECF Nos. 747, 752, 754, 755) are DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Seal (ECF No. 751) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Reconsideration (ECF Nos. 782) is GRANTED as a motion for summary judgment and the Motion for Reconsideration (ECF Nos. 789) is GRANTED.  The Court hereby finds that there is no just reason to delay immediate review of Order No. 781 or the ruling in the present Order that David is entitled to summary judgment, as well.

IT IS FURTHER ORDERED that the Motion for Attorney's Fees (ECF No. 784) is DENIED.

IT IS SO ORDERED.

Dated This 9th July, 2012.

_____
ROBERT C. JONES
United States District Judge