1

2

3

4

5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DONNA CORBELLO, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 2:08-cv-00867-RCJ-PAL |
| THOMAS GAETANO DEVITO et al., | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This case arises out of alleged copyright infringement.  Pending before the Court is a motion for re-taxation of costs.  For the reasons given herein, the Court grants the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Donna Corbello is the widow and heir of Rex Woodard, who assisted Defendant Thomas Gaetano "Tommy" DeVito in writing his unpublished autobiography (the "Work"). Plaintiff alleges that DeVito and others wrongfully appropriated the Work to develop the screenplay for *Jersey Boys*, a hit musical based on the band *The Four Seasons* that has played in the United States, Canada, England, and Australia.

In December 2007, Plaintiff sued DeVito in the U.S. District Court for the Eastern District of Texas on three causes of action: (1) declaratory judgment; (2) equitable accounting; and (3) breach of contract.  That court transferred the case to this District in 2008 pursuant to 28 U.S.C. § 1404(a), without deciding whether it had personal jurisdiction over DeVito, and it

1    denied Plaintiff's motion to reconsider.  The Third Amended Complaint, filed in March 2011,

2    lists fourteen Defendants and twenty causes of action.  The Court has issued two summary

3    judgment orders, and the facts of the case are recounted more closely therein.  During the first

4    round of summary judgment motions, the Court ruled that DeVito and Plaintiff were 50% joint

5    owners of the Work, that DeVito had granted Defendants Frankie Valli and Robert "Bob"

6    Gaudio a selectively exclusive license to exploit and further license the Work, i.e., a license that

7    was exclusive as against DeVito but nonexclusive as against Plaintiff, and that Valli and Gaudio

8    had in turn granted a nonexclusive sublicense to Defendant DSHT, Inc.  The Court also ruled that

9    only DeVito was potentially liable for a direct accounting to Plaintiff.  During the second round

10   of summary judgment motions, the Court granted summary judgment to all Defendants except

11   DeVito, who remains potentially liable on the second through eleventh claims, and Michael

12   David, who had moved against the sixteenth and seventeenth claims against him based only upon

13   an alleged lack of personal jurisdiction.  The Court later granted summary judgment to David and

14   denied a motion for fees and costs under § 505 of the Copyright Act, as well as for fees under 28

15   U.S.C. § 1927.  Based upon this ruling, the Clerk taxed costs in the amount of $0.  Defendants

16   have asked the Court to re-tax costs.

17   **II.    DISCUSSION**

18          Defendants correctly note that the Court did not address costs under Rule 54(d)(1).

19   Under that rule, Defendants are presumptively entitled to routine costs.  They claim costs in the

20   amount of $69,896.08, almost entirely related to written and video transcripts of depositions

21   demanded by Plaintiff.  The Court did not mean in its previous order to deny routine costs under

22   Rule 54(d)(1).  This is not an extraordinary case in which the denial of costs to the prevailing

23   party would be justified. *See Ass'n of Mexican-American Educators v. California*, 231 F.3d 572,

24   593 (9th Cir. 2000).  Plaintiff's financial condition is not a sufficient reason to overcome the

25   presumption in favor of costs.  Plaintiff chose to bring this lawsuit and burden Defendants with

1    the costs of defending it, which burden will only be partially ameliorated by the award of routine

2    costs under Rule 54(d)(1), because non-routine costs and attorney's fees have been denied.  The

3    Court need not support an award of routine costs with reasons. *See Save Our Valley v. Sound*

4    *Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

5                           **CONCLUSION**

6         IT IS HEREBY ORDERED that the Motion for Re-Taxation of Costs (ECF No. 819) is

7    GRANTED.  The Clerk shall re-tax costs accordingly.

8         IT IS SO ORDERED.

9    Dated this 11th day of March, 2013.

10

11                         ROBERT C. JONES

                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25