1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7              DISTRICT OF NEVADA
8
9    DONNA CORBELLO,                    )
                                        )
            Plaintiff,                  )
10                                      )        2:08-cv-00867-RCJ-PAL
      vs.                               )
11                                      )
     THOMAS GAETANO DEVITO et al.,      )              ORDER
12                                      )
            Defendants.                 )
13   _____  )

14          This case arises out of alleged copyright infringement.  Pending before the Court is a

15   Motion for Re-Taxation of Costs (ECF No. 825).  For the reasons given herein, the Court denies

16   the motion.

17   I.     FACTS AND PROCEDURAL HISTORY

18          Plaintiff Donna Corbello is the widow and heir of Rex Woodard, who assisted Defendant

19   Thomas Gaetano "Tommy" DeVito in writing his unpublished autobiography (the "Work").

20   Plaintiff alleges that DeVito and others wrongfully appropriated the Work to develop the

21   screenplay for *Jersey Boys*, a hit musical based on the band *The Four Seasons* that has played in

22   the United States, Canada, England, and Australia.

23          In December 2007, Plaintiff sued DeVito in the U.S. District Court for the Eastern

24   District of Texas on three causes of action: (1) declaratory judgment; (2) equitable accounting;

25   and (3) breach of contract.  That court transferred the case to this District in 2008 pursuant to 28

1  U.S.C. § 1404(a), without deciding whether it had personal jurisdiction over DeVito, and it

2  denied Plaintiff's motion to reconsider.  The Third Amended Complaint, filed in March 2011,

3  lists fourteen Defendants and twenty causes of action.  The Court has issued two summary

4  judgment orders, and the facts of the case are recounted more closely therein.  During the first

5  round of summary judgment motions, the Court ruled that DeVito and Plaintiff were 50% joint

6  owners of the Work, that DeVito had granted Defendants Frankie Valli and Robert "Bob"

7  Gaudio a selectively exclusive license to exploit and further license the Work, i.e., a license that

8  was exclusive as against DeVito but nonexclusive as against Plaintiff, and that Valli and Gaudio

9  had in turn granted a nonexclusive sublicense to Defendant DSHT, Inc.  The Court also ruled that

10  only DeVito was potentially liable for a direct accounting to Plaintiff.  During the second round

11  of summary judgment motions, the Court granted summary judgment to all Defendants except

12  DeVito, who remains potentially liable on the second through eleventh claims, and Michael

13  David, who had moved against the sixteenth and seventeenth claims against him based only upon

14  an alleged lack of personal jurisdiction.  The Court later granted summary judgment to David and

15  denied a motion for fees and costs under § 505 of the Copyright Act, as well as for fees under 28

16  U.S.C. § 1927.

17      Based upon this ruling, the Clerk taxed costs in the amount of $0.  Defendants asked the

18  Court to re-tax costs, which motion the Court granted.  Plaintiff has now asked the Court to retax

19  costs again.

20  **II.    DISCUSSION**

21      Plaintiff asks the Court to subtract $47,019.08 in costs related to the production of native

22  files.  The Court will not retax costs again.  The Court previously considered and rejected

23  Plaintiff's arguments that costs should be taxed at $0 in response to Defendants' previous motion

24  to retax costs.

25  ///

1

**CONCLUSION**

2          IT IS HEREBY ORDERED that the Motion for Re-Taxation of Costs (ECF No. 825) is

3 DENIED.

4          IT IS SO ORDERED.

5 Dated this 25th day of April, 2013.

6

7                                              _____
                                                           ROBERT C. JONES
8                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25