**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DONNA CORBELLO, | ) ) ) | |
| Plaintiff, | ) ) | 2:08-cv-00867-RCJ-PAL |
| vs. | ) ) | |
| THOMAS GAETANO DEVITO et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) | |

Plaintiff Donna Corbello is the widow and heir of Rex Woodard, who assisted Defendant Thomas Gaetano "Tommy" DeVito in writing his unpublished autobiography (the "Work"). Plaintiff alleges that DeVito and others wrongfully appropriated the Work to develop the screenplay for *Jersey Boys*, a hit musical based on the band The Four Seasons that has played in the United States, Canada, England, and Australia. Corbello has sued several companies and individuals for copyright infringement, and she has sued DeVito for an accounting and under several state law causes of action.

Defendants have asked the Court to hold the trial in Las Vegas rather than Reno. The Court denies the motion. Plaintiff resides in Texas, and most of the Defendants and witnesses reside in New York. Travel from Texas or New York to Reno is not meaningfully more inconvenient than travel from those places to Las Vegas. Either trip is essentially a coast to coast

flight. Although there are more non-stop flights to Las Vegas than to Reno, ground transportation between airport and hotel is much quicker in Reno than in Las Vegas, especially during peak travel hours. Time spent at check-in, security, baggage claim, and ground transportation is also significantly lower at Reno-Tahoe than at McCarran. Considering the totality of the circumstances, the Court does not find that a trial in Las Vegas would be more convenient for parties and witnesses.

Witness Thomas DeVito resides in Las Vegas and is in poor health. The Court will permit him to testify by video teleconference from Las Vegas if necessary, but the Court will not move the entire trial to Las Vegas. The Court also notes that DeVito is not beyond the subpoena power of the Court even as to testimony in Reno (as suggested by Defendants), so long as he would not incur "substantial expense" to travel to Reno from Las Vegas. *See* Fed. R. Civ. P. 45(c)(1)(B)(ii). The Court finds that travel to Reno from Las Vegas would not result in "substantial expense" for DeVito under the meaning of the rule, and even if it would the Court (or any party demanding his testimony) could pay his expenses (which would be miniscule compared to the overall cost of this litigation) to require travel beyond 100 miles because DeVito resides in this state. *See* Fed. R. Civ. P. 45 advisory committee notes.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Transfer Venue (ECF No. 988) is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of October, 2016.

_____
ROBERT C. JONES
United States District Judge