**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA CORBELLO,<br><br>   Plaintiff,<br><br>vs.<br><br>THOMAS GAETANO DEVITO et al.,<br><br>   Defendants. | 2:08-cv-00867-RCJ-PAL<br><br>**ORDER** |

Plaintiff Donna Corbello is the widow and heir of Rex Woodard, who assisted Defendant Thomas Gaetano "Tommy" DeVito in writing his unpublished autobiography (the "Work"). Plaintiff alleges that DeVito and others wrongfully appropriated the Work to develop the screenplay for *Jersey Boys*, a hit musical based on the band The Four Seasons that has played in the United States, Canada, England, and Australia. Corbello has sued several companies and individuals for copyright infringement, and she has sued DeVito for an accounting and under several state law causes of action. Pending before the Court are twelve motions in limine and three stipulations. The Court addressed the motions and stipulations initially at an October 6, 2016 hearing and has now read the responses thereto. Except as otherwise stated herein, the Court's reasons for its rulings herein are those stated on the record at the hearing.

## I. LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial

to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## II.     ANALYSIS

### A.     Plaintiff's Motions in Limine

#### 1.     Motion No. 987

Plaintiff asks the Court to exclude the deposition testimony of Cindy Ceen, Myrtle Locke, Allen Peacock, and Elliot Brown (except potentially for the purpose of impeachment) because these witnesses are not unavailable. The Court denies the motion, because the witnesses are in fact "unavailable" under the definition given by Rule 32. *See* Fed. R. Civ. P. 32(a)(4)(B) (providing that a party may use the deposition of a party or non-party for any purpose if the deponent is more than 100 miles from the place of trial unless the deponent's absence was procured by the party offering the deposition). It appears undisputed that the deponents identified reside more than 100 miles from Reno. The Court will, however, not permit the deposition testimony if Plaintiff can show at trial that Defendants procured their absence.

### 2.     Motion No. 995

Plaintiff asks the Court to admit a "marked-up" copy of the Work, certain emails by Defendants regarding the Work, and two news articles quoting Defendant McAnuff. The Court grants the motion in part. The ruling is preliminary and subject to appropriate objection at trial, but the Court rejects Defendants arguments that the "marked-up" copy of the Work is irrelevant or unfairly prejudicial. The emails concerning access to the Work and Woodard's authorship are also relevant to direct copying and willful infringement at a minimum. Finally, newspaper and magazine quotations of McAnuff are admissible against McAnuff if the respective authors are available for cross-examination by McAnuff, but the articles otherwise constitute inadmissible hearsay.

### B.     Defendants' Motions in Limine

### 1.     Motion No. 996

Defendants ask the Court to exclude the testimony of Plaintiff's expert Richard Krevolin. The Court grants the motion in part. Mr. Krevolin may not testify as to his legal conclusions as to substantial similarity or infringement or the law of copyright generally. Not only are legal conclusions the province of the jury and legal instructions the province of the Court, but Mr. Krevolin does not appear to be an expert on copyright law in any case. Subject to expert qualification at trial, however, he may testify as to point-by-point comparisons of the Work to scripts, notes, etc.

///

///

### 2. Motion No. 1002

Defendants ask the Court to exclude evidence of the terms of DeVito's settlement with Plaintiff. The Court denies the motion as moot in light of the stipulation on this topic.

### 3. Motion No. 990

Defendants ask the Court to exclude evidence of Rex Woodard's health and the circumstances of his death. The Court grants the motion.

### 4. Motion No. 991

Defendants ask the Court to exclude evidence of Rex Woodard's will, obituary, or desires regarding the Work. The Court grants the motion in part but denies it as to evidence of how Plaintiff obtained rights to the Work, i.e., via inheritance.

### 5. Motion No. 997

Defendants ask the Court to exclude evidence of similarities between the Work and *Jersey Boys* not previously identified by Plaintiff and which did not pass the extrinsic test at summary judgment. The Court denies the motion. Plaintiff cannot avoid rulings on summary judgment as to thin versus thick protection by adducing evidence at trial that she did not adduce when necessary to avoid summary adjudication of certain issues, but that does not mean that any evidence that would have aided Plaintiff at summary judgment is inadmissible at trial for any purpose. Plaintiff may be able to identify similarities at trial that she did not identify at summary judgment and thereby prevail under thin protection. Alternatively, Plaintiff can prevail by showing evidence of direct copying, regardless of whether the elements copied were identified at

summary judgment. The Court denied summary judgment to Defendants on a direct copying theory.

### 6. Motion No. 992

Defendants ask the Court to exclude evidence that the Work is fictionalized or that it contains incorrect facts or mistakes. The Court denies the motion. Plaintiffs may argue to the jury that certain portions of the Work are fictionalized accounts. The Court found no evidence of this at summary judgment in the face of the evidence that the Work was intended to be a historical account. For that reason, and others, the Court ultimately determined that the Work was entitled to "thin" copyright protection under the access-plus-substantial-similarity test (in the alternative to a finding of direct copying). In summary, Plaintiff is correct that she is not precluded from attempting to show that certain similarities between the Work and *Jersey Boys* concern fictionalizations created by the authors of the Work, but Defendants are correct that no matter how much of the Work Plaintiff manages to convince the jury is fiction as opposed to fact, the Court's summary judgment ruling permits the jury to apply only "thin" protection. The Court denies the motion as to the evidence or argumentation sought to be excluded but notes that it will instruct the jury only as to "thin" protection no matter how much evidence of purported fictionalization Plaintiff puts forth at trial.

### 7. Motion No. 993

Defendants ask the Court to exclude evidence of drafts of the *Jersey Boys* script or other pre-script material such as outlines, notes, or annotations. The Court denies the motion.

///

**8.     Motion No. 994**

Defendants ask the Court to exclude evidence of Defendants' state of mind, intent, or willfulness. The Court denies the motion.

**9.     Motion No. 998**

Defendants ask the Court to exclude evidence concerning Plaintiff's "selection and arrangement" theory of infringement. The Court denies the motion.

**10.    Motion No. 999**

Defendants ask the Court to exclude deposition testimony of Charles Alexander concerning Brickman's state of mind as hearsay and irrelevant, or to permit certain rebuttal evidence. The Court denies the motion.

**C.     Stipulations**

The parties have asked the Court to approve stipulations to exclude from the first phase of trial: (1) evidence that DeVito "covered up" his use of the Work (but not evidence of the cover page of the Work that DeVito gave to Brickman); (2) evidence of the amount of revenue, earnings, or profits made via *Jersey Boys* (but not evidence that the play has generally been successful, etc.); (3) evidence of amounts of earnings or payments to employees and contractors relating to *Jersey Boys* (but not evidence of payments to DeVito relating to *Jersey Boys* or whether DeVito or Defendants shared any *Jersey Boys*-related income with Plaintiff); and (4) evidence of DeVito's settlement with Plaintiff. The parties have also stipulated to the following jury instruction:

> In addition to the defendants I have previously mentioned, the plaintiff also brought suit against her copyright co-owner, Thomas DeVito. The plaintiff

resolved her disputes with Mr. DeVito before this trial commenced. A plaintiff can properly settle her disputes with one defendant while electing to pursue her claims against other defendants. You should not concern yourself with, or speculate as to, the reasons why Mr. DeVito is no longer a defendant in this case, nor should you consider the plaintiff's settlement with Mr. DeVito in any manner when reaching a verdict.

The Court approves the stipulations.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions in Limine (ECF No. 990) and the Stipulations (ECF Nos. 989, 1000, 1001) are GRANTED.

IT IS FURTHER ORDERED that the Motions in Limine (ECF Nos. 991, 995, 996) are GRANTED IN PART and DENIED IN PART, as explained herein.

IT IS FURTHER ORDERED that the Motions in Limine (ECF Nos. 987, 992, 993, 994, 997, 998, 999) are DENIED.

IT IS FURTHER ORDERED that the Motion in Limine (ECF No. 1002) is DENIED as moot.

IT IS SO ORDERED.

Dated this 18th day of October, 2016.

_____
ROBERT C. JONES
United States District Judge