UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONNA CORBELLO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THOMAS GAETANO DEVITO et al.,<br><br>　　　　Defendants. | 2:08-cv-00867-RCJ-PAL<br><br>**ORDER** |

　　　　Plaintiff Donna Corbello is the widow and heir of Rex Woodard, who assisted Defendant Thomas Gaetano "Tommy" DeVito in writing his unpublished autobiography (the "Work"). Plaintiff alleges that DeVito and others wrongfully appropriated the Work to develop the screenplay for *Jersey Boys*, a hit musical based on the band The Four Seasons that has played in the United States, Canada, England, and Australia. Corbello has sued several companies and individuals for copyright infringement, and she has sued DeVito for an accounting and under several state law causes of action. The Court granted summary judgment to certain Defendants and certified the order for immediate appeal. The Court of Appeals reversed and remanded for further proceedings. At the close of Plaintiff's evidence, Defendants orally moved for judgment as a matter of law under Rule 50(a) on all issues, and the Court orally granted the motion in part and denied it in part. This written order follows.

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . resolve the issue against the party . . . and . . . grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1)(A)–(B). The Court finds that sufficient evidence has been presented at trial of infringement for the jury to determine the question of infringement generally. The Court also finds that the defenses of implied license and fair use must be determined by the jury. The Court finds, however, that sufficient evidence has not been presented at trial for a reasonable jury to find infringement by Defendants Valli or Gaudio or willful infringement by any Defendant.

As to Valli and Gaudio, the evidence at trial was unrebutted that neither of them ever even saw the copyrighted Work until their depositions in this case. Plaintiff argued that Charles Alexander had testified (by deposition) that he had discussed the Work with Gaudio in a July 2005 interview before the Broadway premier of *Jersey Boys* in November 2005. The transcript of the interview was admitted as Exhibit 183A. The Court reviewed the transcript with counsel on the record. It indicated that Gaudio was aware that DeVito had employed a "ghostwriter" to help him write a "[b]ook or something" and that he had sent it to Defendants Brickman and Elice. But there was no evidence from Alexander (or any other witness) that Gaudio (much less Valli) was ever aware that Brickman or Elice copied from that "book or something" to create the script for *Jersey Boys*, nor that Valli or Gaudio had the ability to exercise any control over that activity. As discussed on the record the following morning, although infringement does not require a willful intent to violate a copyright as required for enhanced damages, it still requires an intent to copy even if the copier does not realize that the copying violates a copyright. There was no evidence adduced at trial indicating that Valli or Gaudio knew that the writers had copied from the Work in creating *Jersey Boys*.

As to willful infringement, there was no evidence adduced at trial that any Defendant knew of or recklessly disregarded the possibility that any copying from the Work infringed a copyright. Tommy DeVito's failure to object to any portion of the *Jersey Boys* script that may have been copied from the Work either before or after public performances began, after having given access to the Work for the purpose of helping write the script, not only strongly implies a license (a separate issue) but also obviates any claim that Brickman, Elice, or McAnuff (the Defendants who allegedly actually copied from the Work) had reason to believe that any copying was wrongful.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants Frankie Valli and Robert Gaudio are entitled to judgment as a matter of law against the claims of copyright infringement, and all Defendants are entitled to judgment as a matter of law against enhanced damages for willful copyright infringement.

IT IS SO ORDERED.

Dated this 17th day of November, 2016.

_____
ROBERT C. JONES
United States District Judge