Gregory H. Guillot
gregory@guillot-law.com
Admitted *Pro Hac Vice*
GREGORY H. GUILLOT, P.C.
13727 Noel Road, Tower II, Suite 200
Dallas, Texas  75240
Telephone: (972) 774-4560
Facsimile: (214) 515-0411

J. Christopher Jorgensen (Nevada Bar No. 005382)
CJorgensen@LRRC.com
Todd D. Erb (Nevada Bar No. 12203)
TErb@LRRC.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone: (702) 474-2642
Facsimile: (702) 216-6178

Robert H. McKirgan
RMcKirgan@LRRC.com
Randy Papetti
RPapetti@LRRC.com
Lawrence A. Kasten
LKasten@LRRC.com
Admitted *Pro Hac Vice*
Telephone: (602) 262-5396
Facsimile: (602) 734-3874
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, Arizona  85004-2595

*Attorneys for Plaintiff, Donna Corbello*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA CORBELLO,<br><br>         Plaintiff,<br><br>    vs.<br><br>THOMAS GAETANO DEVITO, *et al*.,<br><br>         Defendants. | Case No. 2:08-cv-00867-RCJ-PAL<br><br>**STIPULATION RE: TESTIMONY OF EDWARD STRONG** |

The parties hereby stipulate that Edward Strong, an officer of Dodger Theatricals Ltd. who resides in New York City, New York, would give the following testimony if called to testify

2011598502_1

at trial, and the jury should consider the following statements as having been made under oath by Mr. Strong:

    1. Edward Strong is the Secretary, Treasurer, and Co-Owner of Dodger Theatricals, Ltd. ("Dodger").

    2. Edward Strong reaffirms the following facts from the "business structure" stipulation previously read to the jury:

        a. Defendants Fankie Valli, Robert J. Gaudio, Marshall Brickman, and Eric S. Elice (collectively, "the Authors") jointly own all relevant rights in the play *Jersey Boys*.

        b. The Authors conveyed to Defendant Dodger Theatricals Ltd. ("Dodger") the exclusive right to develop, produce and present the live stage production of *Jersey Boys*, as reflected in a production agreement dated May 1, 2004 and fully executed on or around October 12, 2005 (hereafter the "Production Agreement").  This transfer of rights included rights Dodger obtained from third parties, including rights obtained under the agreement that Frankie Valli, Robert Gaudio, Nicholas Macioci, and Thomas DeVito executed some time in 1999 (hereafter the "1999 Agreement").

        c. Attached as an exhibit to the Production Agreement was the 1999 Agreement. (Plaintiff's Trial Exhibit No. 163.)  The 1999 Agreement lapsed on December 10, 2004.

    3. Among other things, the 1999 Agreement conveyed certain life rights, including the right to use name, likeness and biographies (from whatever sources) of Messrs. Massi and DeVito to Messrs. Valli and Gaudio, in connection with the creation of *Jersey Boys*.  The rights transferred by Mr. DeVito pursuant to the 1999 Agreement reverted back to Mr. DeVito on December 10, 2004, when the 1999 Agreement lapsed.

    4. Sometime after the paid public performances of *Jersey Boys* began on Broadway in October 2005, Dodger (or its licensee) has paid, and continues to make payments to Mr. DeVito derived from the amount or percentage stated in the 1999 Agreement.

1

2      IT IS SO STIPULATED:

3

4  By:/s/Robert H. McKirgan                By: /sDavid S. Korzenik
   Gregory H. Guillot                          David S. Korzenik
   Robert H. McKirgan                          MILLER KORZENIK SOMMERS LLP
5  Randall S. Papetti
   Lawrence Kasten                             Daniel M. Mayeda
6  Todd D. Erb                                 LEOPOLD, PETRICH & SMITH
   J. Christopher Jorgensen
7                                              *Attorneys for New Defendants, Frankie Valli,
                                               Valli, Robert J. Gaudio, Marshall Brickman,*
8  *Attorneys for Plaintiff, Donna Corbello*   *Eric S. Elice, Des Mcanuff, DSHT, Inc.,*
                                               *Dodger Theatricals, Ltd., Jb Viva Vegas, L.P.,*
9                                              *Michael S. David, Jersey Boys Broadway L.P.,*
                                               *Jersey Boys Records L.P., Skunk, Inc. And*
10                                             *Getting Home, Inc.*

11

12

13      IT IS SO ORDERED.

14                                             _____
                                               UNITED STATES DISTRICT JUDGE
15
                                               DATED: Nunc Pro Tunc November 21, 2016
16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE/NOTICE OF ELECTRONIC FILING**

Pursuant to Local Rule 5-4, I certify that on November 21, 2016, I electronically filed and served the foregoing document using the Court's CM/ECF electronic filing system on all counsel of record in this matter.

/s/*June Yourgulez*